UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2010 MAY -6  PM 4: 39

BY
DEPUTY CLERK

| | |
|---|---|
| ALICE H. ALLEN and LAURENCE E. ALLEN, d/b/a Al-lens Farm, and GARRET SITTS and RALPH SITTS, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>DAIRY FARMERS OF AMERICA, INC., DAIRY MARKETING SERVICES, LLC, DEAN FOODS COMPANY, and HP HOOD LLC,<br><br>　　　　　　Defendants. | Case No. 5:09-cv-00230 |

### DISCOVERY SCHEDULE ORDER

This matter comes before the court on the parties' cross motions for a discovery schedule. The parties have been able to reach agreement on certain issues, but not on others. The court further recognizes that although this is a complex case, it has been pending for some time. At a March 22, 2010 hearing, the court placed the parties on notice that it would accelerate the discovery schedule upon the resolution of the Defendants' motions to dismiss.

It is hereby ORDERED:

1. The parties have agreed that outside counsel of record for Plaintiffs and Defendant H.P. Hood LLC ("Hood") may have access to certain discovery materials from *In re Southeastern Milk Antitrust Litigation,* MDL 2:08-MD-1000 (E.D. Tenn.) ("*Southeastern Milk*"). Subject to the specific terms and conditions of the parties' agreement, outside counsel of record and retained experts for Plaintiffs and Hood shall be given access to certain *Southeastern Milk* discovery materials upon their

agreement that, until such time as a Protective Order is entered in this case, such discovery materials shall be used by outside counsel of record or retained experts for Plaintiffs and Hood solely for the purposes of their own internal review and preparation for this case.

2. All parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within twenty (20) days of the court's resolution of the Defendants' motions to dismiss.

3. All written discovery, except for requests to admit pertaining to the authenticity or admissibility of documents at trial, shall be served within sixty (60) days of the court's ruling on Defendants' motions to dismiss. Any party may serve written discovery in advance of the court's ruling on Defendants' motions to dismiss, however, the time period for a response shall be deemed to commence upon such ruling.

4. Depositions of all non-expert witnesses shall be completed within 120 days of the courts' ruling on Defendants' motions to dismiss (the "Close of Fact Witness Discovery").

5. Plaintiffs shall make their expert witness disclosures pursuant to Rule 26(a)(2) on or before thirty (30) days after the Close of Fact Witness Discovery. All depositions of Plaintiffs' expert witnesses shall be completed within ninety (90) days thereafter.

6. Defendants shall make their expert witness disclosures pursuant to Rule 26(a)(2) on or before thirty (30) days after the completion of depositions of Plaintiffs' expert witnesses. Depositions of Defendants' experts shall be completed within ninety (90) days thereafter ("The Close of Expert Discovery").

7. The Early Neutral Evaluation session shall be conducted on or before seventy-five (75) days after resolution of Defendants' motions to dismiss. The Neutral Evaluator Selection shall take place in accordance with Local Rule 16.1(e) within 10 days of this order.

8.  Plaintiffs' motion for class action certification shall be filed within ninety (90) days of the court's resolution of Defendants' motions to dismiss. Plaintiffs' failure to file a timely class certification motion pursuant to Local Rule 23 is hereby excused until said deadline.

9.  All summary judgment and *Daubert* motions shall be filed no later than forty-five (45) days after the Close of Expert Witness Discovery.

10. A status conference will be held on or about the Close of Fact Witness Discovery as defined herein. A trial ready date shall be determined at that time.

SO ORDERED.

5/6/10
Date

Christina Reiss
U.S. District Court Judge