U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2010 DEC -7  PM 4: 10

BY _____
                                              DEPUTY CLERK

ALICE H. ALLEN and LAURANCE E. ALLEN,)
d/b/a Al-lens Farm, and GARRET SITTS and  )
RALPH SITTS, on behalf of themselves and all  )
others similarly situated,                                    )
                                                                       )
                        Plaintiffs,                                )
                                                                       )
            v.                                                         )        Case No. 5:09-cv-230
                                                                       )
DAIRY FARMERS OF AMERICA, INC.,      )
DAIRY MARKETING SERVICES, LLC,        )
DEAN FOODS COMPANY, and                   )
HP HOOD LLC,                                             )
                                                                       )
                        Defendants.                            )

## FIRST AMENDED DISCOVERY SCHEDULE ORDER

Although this is a complex case, it has been pending for some time. At a March
22, 2010 hearing, the court placed the parties on notice that it would accelerate the
discovery schedule upon the resolution of the Defendants' motions to dismiss. On
October 28, 2010, Plaintiffs filed a motion to amend the Discovery Schedule Order to
extend the deadline for fact discovery and for filing the class certification motion in this
case. Plaintiffs propose a deadline for their class action certification motion of January
15, 2011 and a deadline of April 15, 2011 for the completion of fact discovery.
Defendants Dairy Farmers of America, Inc. ("DFA") and Dairy Marketing Services, LLC
("DMS") propose only a six week extension of the deadlines. For the reasons stated on
the record, the court hereby amends the Discovery Schedule Order as follows:

It is hereby ORDERED:

1.        The parties have agreed that outside counsel of record for Plaintiffs and Defendant

1

H.P. Hood LLC ("Hood") may have access to certain discovery materials from *In re Southeastern Milk Antitrust Litigation,* MDL 2:08-MD-1000 (E.D. Tenn.) ("*Southeastern Milk*").  Subject to the specific terms and conditions of the parties' agreement, outside counsel of record and retained experts for Plaintiffs and Hood shall be given access to certain *Southeastern Milk* discovery materials upon their agreement that, until such time as a Protective Order is entered in this case, such discovery materials shall be used by outside counsel of record or retained experts for Plaintiffs and Hood solely for the purposes of their own internal review and preparation for this case.

2.   All parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within twenty (20) days of the court's resolution of the Defendants' motions to dismiss.

3.   All written discovery, except for requests to admit pertaining to the authenticity or admissibility of documents at trial, shall be served within sixty (60) days of the court's ruling on Defendants' motions to dismiss.  Any party may serve written discovery in advance of the court's ruling on Defendants' motions to dismiss, however, the time period for a response shall be deemed to commence upon such ruling.

4.   Defendants DFA and DMS shall complete their pending document production by January 7, 2011.

5.   Depositions of all non-expert witnesses shall be completed by April 15, 2011, (the "Close of Fact Witness Discovery").

6.   Plaintiffs shall make their expert witness disclosures pursuant to Rule 26(a)(2) on or before thirty (30) days after the Close of Fact Witness Discovery.  All depositions of Plaintiffs' expert witnesses shall be completed within ninety (90) days thereafter.

7.   Defendants shall make their expert witness disclosures pursuant to Rule 26(a)(2) on or before thirty (30) days after the completion of depositions of Plaintiffs'

expert witnesses. Depositions of Defendants' experts shall be completed within ninety (90) days thereafter ("The Close of Expert Discovery").

8.    The Early Neutral Evaluation session shall be conducted on or before seventy-five (75) days after resolution of Defendants' motions to dismiss. The Neutral Evaluator Selection shall take place in accordance with Local Rule 16.1(e) within 10 days of this order.

9.    Plaintiffs' motion for class action certification shall be filed by January 15, 2011.

10.   All summary judgment and *Daubert* motions shall be filed no later than forty-five (45) days after the Close of Expert Witness Discovery.

11.   A status conference will be held on or about the Close of Fact Witness Discovery as defined herein. A trial ready date shall be determined at that time.

12.   For each deposition that involves oral testimony, each party may be represented by no more than two attorneys and a paralegal, who are incurring potentially compensable attorney's or professional fees as a result of their participation.

13.   All motions hearings in this case may be attended by not more than three (3) attorneys for each party. Additional attorneys may attend the hearing by video conference or telephone but shall not make arguments on behalf of the party, and shall not incur compensable fees.

14.   Each party shall designate a lead counsel with whom the court will primarily communicate regarding scheduling and other issues. Plaintiffs have designated Andrew Manitsky, Esq. as their lead counsel. DFA and DMS have designated Elizabeth Miller, Esq. as their lead counsel.

15.   No additional attorneys shall be admitted pro hac vice for any party in this case except as a replacement for an attorney who has already been so admitted.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this ___7th___ day of December, 2010.

Christina Reiss
United States District Court Judge

4