# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

ALICE H. ALLEN AND LAURENCE E.      )
ALLEN, d/b/a Al-lens Farm,           )
VINCE NEVILLE, GARRET SITTS      )
and RALPH SITTS, JONATHAN AND   )
CLAUDIA HAAR, and DONNA HALL on )
behalf of themselves and all others similarly  )
situated,                                  )
                                        )
           Plaintiffs,                )
                                        )
    v.                               )   Docket No. 5:09-cv-00230-cr
                                        )
DAIRY FARMERS OF AMERICA, INC.,   )   Judge Christina Reiss
DAIRY MARKETING SERVICES, LLC, and )
DEAN FOODS COMPANY.          )
                                        )
         Defendants.               )

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of this 7th

day of December, 2010 by and between Defendant Dean Foods Company (the "Settling

Defendant") and Plaintiffs Alice H. Allen and Laurence E. Allen doing business as Al-lens

Farm, Garret Sitts and Ralph Sitts, Vince Neville, Jonathan and Claudia Haar, and Donna

Hall, on behalf of themselves and all members of the Settlement Class (defined below).

WHEREAS, Plaintiffs are prosecuting the above-captioned action on their own

behalf and on behalf of the Settlement Class against the Settling Defendant;

WHEREAS, Plaintiffs have alleged in their complaints and amended complaints

(collectively, and with any other pleading filed in this matter or any consolidated matter,

the "Complaint") that the Settling Defendant during the Class Period (defined below)

engaged in certain conduct in violation of the Sherman Act, 15 U.S.C. §§ 1 and 2, which

*PHf*

caused the Plaintiffs and members of the Settlement Class to incur damages as a result of such conduct, for which Plaintiffs and the Settlement Class seek an award of money damages and injunctive relief;

WHEREAS, the Settling Defendant denies each and every one of Plaintiffs' allegations of unlawful conduct, has not conceded or admitted any liability, and has asserted a number of defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Complaint and have concluded, after carefully considering the facts and circumstances of the Complaint and the applicable law, that a settlement with the Settling Defendant according to the terms and conditions set forth below is in the best interest of Plaintiffs and the Settlement Class;

WHEREAS, the Settling Defendant, despite its belief that it is not liable for the claims asserted and that it has meritorious defenses to the claims alleged, has nevertheless concluded that it will enter into this Agreement solely to avoid the further expense, inconvenience and burden of protracted litigation, and the distraction and diversion of its personnel and resources, and thereby to put to rest this controversy, and to avoid the risks inherent in uncertain, complex litigation;

WHEREAS, Plaintiffs and the Settling Defendant agree that this Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendant or of the truth of any of the claims or allegations in the Complaint;

*PHZ*

WHEREAS, arms-length settlement negotiations have taken place between counsel for the Plaintiffs, on behalf of Plaintiffs and the Settlement Class, and the Settling Defendant;

WHEREAS, Settling Defendant and the Plaintiffs have each had the full opportunity to examine the facts and circumstances surrounding their respective decisions to accept the terms of the Agreement and have not relied upon any representations (or the lack thereof) not set forth in the Agreement itself concerning the circumstances leading to this Agreement; and

WHEREAS, this Agreement, which is subject to the preliminary and final approval of the Court, sets forth all of the terms and conditions of the agreement between the Settling Defendant and the Plaintiffs, on behalf of themselves and the Settlement Class;

NOW, THEREFORE, in consideration of the covenants, agreements and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned, on behalf of the Settling Defendant and on behalf of the Plaintiffs and the Settlement Class, that the Actions (defined below) and all claims of the Plaintiffs and the Settlement Class against the Settling Defendant be settled, compromised and dismissed on the merits and with prejudice, without costs as to Plaintiffs, the Settlement Class, or the Settling Defendant, subject to the approval of the Court, on the following terms and conditions.

1.      **Definitions**

   1.1.    "Actions" means the putative class actions captioned ALICE H. ALLEN AND LAURENCE E. ALLEN, d/b/a Al-lens Farm,

*PHר*

GARRET SITTS and RALPH SITTS v. DAIRY FARMERS OF
AMERICA, INC., DAIRY MARKETING SERVICES, LLC, and DEAN
FOODS COMPANY, Docket No. 5:09-cv-00230 (D. Vt.), and VINCE
NEVILLE v. DAIRY FARMERS OF AMERICA, INC., DAIRY
MARKETING SERVICES, LLC, and DEAN FOODS COMPANY,
Docket No. 5:10-cv-00009 (D. Vt) (including the Consolidated Amended
Complaint subsequently filed in those matters).

 1.2. "Claims Administrator" means the entity selected by Class
Counsel to administer the Settlement and, in particular, the claims process
in this matter.

 1.3. "Class Period" means the period from January 1, 2002
through the Notice Date.

 1.4. "Court" means the United States District Court for the
District of Vermont.

 1.5. "Effective Date" means the earliest date on which all of the
events and conditions specified in paragraph 7.1 herein have occurred or
have been met.

 1.6. "Execution Date" means the date this agreement is
executed by all Parties.

 1.7. "Judgment" means a final order of judgment, dismissal, and
approval of the Settlement.

*PH2*

1.8.    "Notice Date" means the first date on which notice of the
Agreement is published in accordance with the plan of notice approved by
the Court.

1.9.    "Parties" means Plaintiffs, the Settlement Class, and
Settling Defendant.

1.10.   "Person" means an individual or an entity.

1.11.   "Plaintiffs" means Alice H. Allen and Laurence E. Allen
doing business as Al-lens Farm, Garret Sitts and Ralph Sitts, Vince Neville,
Jonathan and Claudia Haar, Donna Hall and any other plaintiffs
designated by the Court as class representatives, individually and on
behalf of the Settlement Class.

1.12.   "Preliminary Approval Order" means an order to be entered
by the Court preliminarily approving the Settlement .

1.13.   "Released Claims" means all claims from January 1, 1995
through the Effective Date that were asserted or that could have been
asserted in Complaint as to Settling Defendant but not as to any other
Defendant in any of the Actions or any third party or alleged co-
conspirator named in any of the Actions.  Released Claims includes all
claims from January 1, 1995 through and including the Effective Date
arising out of or related to the facts or circumstances alleged in the
Complaint, including, but not limited to Settling Defendant's purchase of,
or failure or refusal to purchase, raw Grade A milk that was produced in
and pooled on Federal Milk Marketing Order 1 ("Order 1"), and the

purchase of, or failure or refusal to purchase, raw Grade A milk that was produced in and pooled on Order 1 by any other person. Released Claims includes both claims that were asserted and claims that could have been asserted in the Actions. Released Claims does not include any claim based on contract law relating to the purchase of raw grade A milk other than (i) any claim arising out of or relating in any way to any conduct alleged in the Complaints, including, without limitation, those claims that have been asserted or could have been asserted in the Complaints, or (ii) any claim involving any federal, state or other antitrust or unfair competition law, rule or regulation. ( "Released Claims" does not include any claim that has been asserted in *In re Southeastern Milk Antitrust Litigation*, Master File No. 2:08-MD-1000 or *Sweetwater Valley Farm, Inc., et al. v. Dean Foods Co. et al.*, No. 2:07-CV-208 (*Southeastern Milk Antitrust Litigation*).

1.14.    "Released Party" means the Settling Defendant, its predecessors, successors, parents, subsidiaries or affiliates, and past and present officers, directors, employees and controlling persons.

1.15.    "Releasing Parties" means, individually and collectively, Plaintiffs and all Settlement Class Members (defined below) who do not timely and validly submit a Request for Exclusion (defined below) in accordance with the terms herein, on behalf of themselves and any Person claiming by or through them as an heir, administrator, devisee, predecessor, successor, parent, subsidiary, representative of any kind,

*PHT*

shareholder, partner, director, owner of any kind, affiliate, assignee, agent, employee, contractor, attorney, or insurer.

1.16. "Settlement Class" shall have the meaning set forth in paragraph 2.2 hereto.

1.17. "Settlement Class Counsel" means the law firms of Cohen, Milstein, Sellers & Toll, P.L.L.C., 1100 New York Avenue, NW, Suite 500, West Tower, Washington, DC and Howrey LLP, 1299 Pennsylvania Avenue, NW, Washington, DC 20004.

1.18. "Settlement Class Member" means a Person who produced raw Grade A milk in Order 1 and pooled raw Grade A milk on Order 1 during any time from January 1, 2002 to the Notice Date, excluding Defendants' current officers and directors, and Defendants' alleged co-conspirators.

1.19. "Settlement Fund" shall have the meaning set forth in paragraph 9.1 hereto.

2.    **Class Certification**

2.1. In connection with Plaintiffs' motion for preliminary approval of the Settlement, pursuant to paragraph 3.1 herein, Plaintiffs shall seek, and Settling Defendant shall not oppose, certification of the following Settlement Class:

2.2. <u>Settlement Class:</u> All dairy farmers, whether individuals, entities or members of cooperatives, who produced raw Grade A milk in Order 1 and pooled raw Grade A milk on Order 1 during any time from

January 1, 2002 to the Notice Date.  Defendants' current officers and directors, and Defendants' alleged co-conspirators are excluded from the Settlement Class.

3.     **Motion for Preliminary Approval**

    3.1.    Within a reasonable time after execution of this Agreement, Plaintiffs shall file with the Court a motion, which shall not be opposed by the Settling Defendant, requesting entry of a Preliminary Approval Order, providing for, *inter alia*:

    (a)    certification of the Settlement Class, and finding that each element for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure is met;

    (b)    preliminary approval of the Agreement as fair, reasonable and adequate and in the best interests of the Settlement Class, considering all relevant risks and factors of litigation;

    (c)    approval of the form and manner of notice;

    (d)    approval of an escrow agreement regarding the Settlement Consideration described in paragraph 9.1 hereto;

    (e)    appointment of a Claims Administrator;

    (f)    the scheduling of a hearing (the "Fairness Hearing") to consider (i) whether the Agreement should be approved as fair, reasonable, and adequate to, and in the best interests of, the Settlement Class, and whether Judgment should be entered dismissing the Released Claims on the merits and with prejudice; and (ii) whether to approve any

- 8 -

*PHO*

application by Settlement Class Counsel for an award of attorneys' fees and payment of costs and expenses;

(g)        the date by which any Settlement Class Member who affirmatively seeks exclusion from the Settlement Class must send, by first-class mail, postage prepaid (and have postmarked by that date), a Request for Exclusion (defined below), which date shall, subject to the Court's approval, be a date forty five (45) days after the Notice Date, and no later than twenty-one (21) days prior to the Fairness Hearing;

(h)        the date by which any Settlement Class Member may serve written objections to the Agreement or to any application by Settlement Class Counsel for attorneys' fees and expenses, which date shall, subject to the Court's approval, be twenty-one (21) days prior to the Fairness Hearing; and

(i)        an injunction against the initiation, commencement, or prosecution of any Released Claim by any of the Releasing Parties.

3.2.    Plaintiffs shall seek, and the Settling Defendant shall not object to, certification solely for purposes of this Settlement of the Settlement Class as defined herein, and appointment of Settlement Class Counsel as lead counsel for the Settlement Class for purposes of this Agreement.

4.    **Notice to Settlement Class Members**

4.1.    Plaintiffs shall develop, after consultation with the Settling Defendant and the Claims Administrator, a proposed plan by

which to notify class members of the Settlement. The proposed notice program shall include a proposed form of notice, which shall be agreed upon by the Parties, and which shall be subject to Court approval.

4.2. In accordance with the requirements of Federal Rule of Civil Procedure 23 and Due Process, the notice program shall identify and individually notify, to the extent practicable, each member of the Settlement Class reasonably ascertainable from records produced by the Settling Defendant or otherwise reasonably available.

4.3. In order to provide notice of the Settlement to those individuals who may not be capable of being identified for purposes of providing individual notice, publication notice to the extent recommended by the Claims Administrator and ordered by the Court shall also be provided.

5.    **Requests for Exclusion**

5.1. Any Person who wishes to seek exclusion from the Settlement Class must timely submit a written request for exclusion as provided in this paragraph (a "Request for Exclusion"). Any Person who timely submits a Request for Exclusion shall be excluded from the Settlement Class, shall have no rights with respect to this Agreement, and shall receive no payments as provided in this Agreement. A Request for Exclusion must be in writing and state the name, address, and telephone number of the Person(s) seeking exclusion. The parties shall request that the Court order that the Request for Exclusion must be mailed to the

142

Claims Administrator at the address provided in the notices to Settlement Class Members and postmarked (or mailed by overnight delivery) no later than twenty-one (21) days prior to the date set for the Fairness Hearing or any other date set by the Court.

     5.2.    The Claims Administrator shall forward each Request for Exclusion to Settlement Class Counsel and counsel for the Settling Defendant simultaneously within ten (10) business days of receipt.

**6.**    **Fairness Hearing**

     6.1.    At the Fairness Hearing, Plaintiffs and the Settling Defendant shall jointly seek entry of a Judgment, *inter alia*:

(a)    finally approving the Agreement and its terms as being fair, reasonable, and adequate, and in the best interest of the Settlement Class, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation according to its terms;

(b)    determining that the notices to the Settlement Class constituted, under the circumstances, the most effective and practicable notice of this Agreement and the Fairness Hearing, and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice;

(c)    ordering dismissal of the Actions with prejudice and without costs;

(d)    permanently barring and enjoining the institution, commencement, or prosecution, by any of the Releasing Parties, of any

action asserting any Released Claim against the Released Parties, in any local, state, federal, or other court of any nation, or in any agency or other authority or arbitral or other forum wherever located;

(e)        providing that any Settlement Class Member who fails to object in the manner prescribed in the Agreement shall be deemed to have waived any objections to the Agreement and will forever be barred from making any such objections to the Agreement;

(f)        retaining exclusive jurisdiction over the Agreement, including the administration and consummation of the Agreement;

(g)        determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal shall be final and appealable and entered forthwith.

6.2.    Any Settlement Class Member who has not requested exclusion from the Settlement Class and who objects to the Settlement may appear at the Fairness Hearing in person or through counsel, at its own expense, to present any evidence or argument with respect to the Settlement, to the extent permitted by the Court.  However, no such Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents shall be received and considered by the Court, unless such Settlement Class Member properly submits a written objection that includes (a) notice of intention to appear, (b) proof of membership in the Settlement Class, and (c) the specific grounds for the objection.  The parties will request that the Court order that any written objection must be

*PNY*

filed with the Court no later than twenty-one (21) days prior to the date set for the Fairness Hearing, and mailed to Settlement Class Counsel and counsel for the Settling Defendant, postmarked no later than twenty-one (21) days prior to the date of the Fairness Hearing. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived any objections to the Settlement and this Settlement Agreement and will forever be barred from making any such objections to the Settlement or this Settlement Agreement.

6.3.    If this Agreement is finally approved by the Court in its current form, or in a form not materially different therefrom, the Parties agree not to take any appeal from entry of judgment. Final Approval of the Agreement shall not be contingent upon the Court's making any particular award of attorneys' fees, costs or expenses, and any order of the Court making or relating to such award shall not affect the approval or finality of this Agreement or the validity, effectiveness or enforceability of the releases set forth herein.

7.    **Effective Date of Agreement**

7.1.    This Settlement Agreement shall become final and effective on the earliest date on which all of the following events and conditions have occurred or have been met:

(a)        no party has timely availed itself of any right to terminate the Agreement pursuant to paragraph 13 herein;

- 13 -

(b)          the Court has entered the Judgment, following notice to the Settlement Class and the Fairness Hearing, approving this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Actions with prejudice as to all Settlement Class Members, and without costs; and

(c)          the time for appeal or to seek permission to appeal from the Judgment has expired or, if appealed, approval of this Settlement Agreement and the Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.  It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

8.          **Release and Covenant Not to Sue**

8.1.          Upon the Effective Date, and in consideration of the Settlement Consideration specified in paragraph 9 herein and for other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each of the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, shall have covenanted not to sue any of the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or

asserting any such Released Claim against any of the Released Parties. Nothing in this Agreement is intended to release or shall release any claim that has been asserted in *In re: Southeastern Milk Antitrust Litigation*, Master File No. 2:08-MD-1000 or *Sweetwater Valley Farm, Inc. et al. v. Dean Foods Co., et al.*, No. 2:07-CV-208 ("*Southeastern Milk Antitrust Litigation*"). For the avoidance of doubt, the Parties and all counsel agree that they shall not plead, offer, use and/or assert this Agreement in any way in the *Southeastern Milk Antitrust Litigation*.

      8.2.    Upon the Effective Date, each Plaintiff shall have expressly waived, and each of the Releasing Parties shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any principle of common law or foreign law, that is similar, comparable, or equivalent in effect to California Civil Code Section 1542 and Section 20-7-11 of the South Dakota Codified Laws or that would otherwise act to limit the effectiveness or scope of the releases. Plaintiffs and the Releasing Parties expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or otherwise, but upon the Effective Date each Plaintiff shall expressly have, and, upon the Effective Date, each Releasing Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any

*PN2*

and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, that could have been asserted with respect to the subject matter of the Released Claims. Plaintiffs acknowledge, and the Releasing Parties shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

9.     **Settlement Consideration**

9.1.    Within fifteen calendar days after the entry of the Preliminary Approval Order, the Settling Defendant will deposit a sum of thirty million United States dollars ($30,000,000) into an escrow account (the "Settlement Fund"), held and administered by Eagle Bancorp, Inc. Eagle Bancorp shall serve as the escrow agent (unless the parties agree upon another escrow agent). The escrow account shall be established and administered in accordance with paragraph 10.1 hereto.

9.2.    Not later than six months following the Effective Date, Settling Defendant will offer to purchase, at a price that, in Settling Defendant's sole discretion, reflects a competitive market price, from

marketers other than Dairy Farmers of America ("DFA") or Dairy Marketing Services ("DMS"), raw grade A milk that meets or exceeds Settling Defendant's quality specifications, including producer's certification that milk is rBST-free, in an aggregate quantity of at least 10% and up to 20% of Settling Defendant's monthly raw grade A milk purchases for its plants in Order 1, such quantity not to exceed 60,000,000 pounds (600,000 cwt) per month, for delivery at Settling Defendant's processing plants in East Greenbush, NY; Franklin, MA; and West Lynn, MA. Settling Defendant shall have independent discretion to continue or discontinue making such offers to purchase at such levels as it determines at the end of 30 months from the first purchase pursuant to this program.

9.3.    The terms in Section 9.2 of this agreement regarding Settling Defendant's procurement of milk are severable from the other consideration provided in this agreement.  If those terms are modified or abrogated in any manner by agreement of the Parties, or order of any Court, including being held to be invalid, illegal or unenforceable in any respect the Parties have agreed that the settlement can otherwise go forward and all other terms of this settlement shall remain in effect, and such modification, abrogation, invalidity, illegality or unenforceability shall not affect any other provisions of this agreement.

9.4.    Settling Defendant will respond to reasonable discovery requests in accordance with the Federal Rules of Civil Procedure consistent with its role as a non-party.  In considering what constitutes

PH2

"reasonable discovery," the parties acknowledge that a material

inducement to Settling Defendant to settle was avoidance of the time,

expense and disruption associated with discovery.  By way of defining

"reasonable discovery," Plaintiffs may take the deposition of up to four

current or former officers and/or employees of Settling Defendant.

Settling Defendant reserves the right to seek a protective order pursuant to

Rule 26(c) with respect to the discovery contemplated herein.  Plaintiffs

shall issue deposition subpoenas with respect to such deponents, and

Settling Defendant will use its reasonable best efforts to produce any such

current or former employees on mutually agreeable dates, consistent with

the fact discovery schedule established by the Court.  In addition to the

data that Settling Defendant has agreed to produce and shall produce,

Plaintiffs may obtain documents from up to four custodians identified by

Plaintiffs in accordance with the scope of the search already agreed to by

Settling Defendant as memorialized in Settling Defendant's September 29,

2010 Responses and Objections to Plaintiffs' First Amended Document

Requests and in the subsequent letter from Settling Defendant's Counsel

dated October 8, 2010.  Settling Defendant shall also provide a written

declaration of its custodian pursuant to Federal Rule of Evidence 902(11)

sufficient to satisfy the requirements for authenticity and business records.

10.    **The Settlement Fund**

   10.1.    The parties to this Agreement, their counsel, and the Court

shall treat the Settlement Fund as being at all times a "qualified settlement

fund" within the meaning of Treas. Reg. § 1.468B-1 for all periods after the date of initial funding of the Settlement Fund. The parties, their counsel, and the Court agree to take no action inconsistent with the treatment of the Settlement Fund in such manner. As required, the parties shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

10.2.    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrators" of the Settlement Fund shall be the Claims Administrator designated by Settlement Class Counsel and approved by the Court. The Settlement Class Counsel's designee shall timely and properly file or cause to be filed on a timely basis all tax returns necessary or advisable with respect to the Settlement Fund (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. §1.468B-2(1)).

10.3.    The Settlement Fund shall be invested, at the sole discretion of Settlement Class Counsel, in the RidgeWorth US Treasury

Money Market Fund or United States Government Treasury Bills or Notes of no more than six (6) months' duration provided, however, that when disbursement of some or all of the Settlement Fund is approved by the Court, the necessary funds may be transferred into and paid out of a federally insured bank account. All interest earned on the Settlement Fund shall become and remain part of the Settlement Fund.

10.4.  After the Effective Date, the Settlement Fund shall be distributed in accordance with a plan that Settlement Class Counsel shall submit at the appropriate time for approval by the Court ("Distribution Plan"). In no event shall the Settling Defendant have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration.

10.5.  Plaintiffs and Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees, costs and expenses. The Settling Defendant shall not be liable for any costs, fees, or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents, or representatives, and all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund. In no event shall Settling Defendant be obligated to pay anything in addition to the Settlement Fund described in paragraph 9.1 hereto, including without limitation class notice costs, attorneys' fees, payments to named Plaintiffs for their efforts on behalf of the Settlement

Class, settlement administration costs, escrow costs, taxes, or any other cost or expense arising from or to be paid as part of this Agreement. The Plaintiffs and Settlement Class Counsel will be reimbursed and indemnified solely out of the Settlement Fund. Except as provided in paragraph 10.6 hereto, no payment shall be made out of the Settlement Fund prior to the Effective Date, and then, only as approved by the Court.

10.6.   Prior to the Effective Date, a portion of the Settlement Fund described in Section 9.1 of this Agreement may be used (i) in any amount up to $50,000 to give notice of the Settlement to potential Settlement Class members and for settlement administration costs, (ii) in any amount up to $10,000 for escrow agent costs, and (iii) in any amount necessary to pay taxes on income earned on the Settlement Fund. Except as otherwise provided in this paragraph, any disbursement from the Settlement Fund, including disbursements for attorneys' fees, costs and expenses, and incentive fees to named Plaintiffs, shall be made only upon approval and order of the Court, and only after the Effective Date.

11.   **Opt Outs**

11.1.   The Settlement Fund shall be reduced pro rata if any Settlement Class Member timely and validly requests exclusion from the Settlement Class. The reduction with respect to each opt out will be based on the percentage of that opt out's raw grade A milk sales in Order 1 relative to total raw grade A milk sales by the Settlement Class in Order 1.

Any reduction in the Settlement Fund shall be reimbursed to the Settling

Defendant, including interest thereon, if any.

12.    **Attorneys Fees**

12.1.    Settling Defendant will have no responsibility to pay

Plaintiffs' attorneys' fees and expenses.  Plaintiffs' Counsel may apply to

the Court for payment of attorneys' fees and expenses from the Settlement

Fund.  Under no condition will Plaintiffs' seek an amount of attorneys'

fees in excess of 33 1/3 % of the Settlement Fund plus reimbursement for

reasonable litigation and administrative expenses.  Settling Defendant will

not oppose an application for attorneys' fees or expenses submitted by

Settlement Class Counsel consistent with this limitation.  In the event the

Court disapproves of, or reduces the amount sought in, any such

application, such disapproval or reduction shall have no effect on the

terms of the Agreement.  Settling Defendant also will not oppose a request

for a reasonable incentive award from the Settlement Fund to named class

representatives.

13.    **Withdrawal From or Modification of the Settlement**

13.1.    If the Court declines to approve this Agreement or any

material part hereof, or if such approval is materially modified or set aside

on appeal, or if the Court does not enter the Judgment, or if the Court

enters the Judgment and appellate review is sought and, on such review,

such Judgment is not affirmed or is materially modified, then the Settling

Defendant and Plaintiffs shall each, in their respective sole discretion,

have the option to rescind this Agreement in its entirety (except that the modification or abrogation of Section 9.2, as described in Section 9.3 hereof, shall not give rise to an option to rescind this Agreement).  Any Party wishing to rescind pursuant to this Section 13.1 must provide written notice of rescission within thirty calendar days of the event giving rise to the option to rescind.  If the Agreement is not approved by the Court in all material parts or is otherwise rescinded, the Settling Defendant shall be reimbursed the Settlement Fund, including interest thereon, if any, less any funds actually disbursed pursuant to Paragraph 10.6 hereto.

13.2.    A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund or any Distribution Plan shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

13.3.    In the event that the Agreement is rescinded pursuant to paragraph 13.1, or for any reason the Effective Date does not occur in accordance with the terms of paragraph 7.1 herein, then:

(a)            the terms and provisions of this Agreement, with the exception of this paragraph 13.3 (which shall continue in full force and effect), shall be null and void and shall have no force or effect;

(b)            neither the existence nor the terms of this Agreement, nor any negotiations preceding this Agreement, nor any acts performed pursuant to, or in furtherance of, this Agreement, shall be used or offered

in evidence in the Actions or in any other action or proceeding for any purpose (other than to enforce the terms remaining in effect); and

(c)         certification of the Settlement Class, if it has been certified, shall be vacated, *nunc pro tunc*.  In such case, neither the terms of this Agreement with respect to certification of the Settlement Class, nor any order of the Court certifying the Settlement Class, will be binding on the Parties, the Actions shall proceed as though the Settlement Class had never been certified, and the Settling Defendant may oppose and assert all objections to certification of any class or subclass sought by any party to any of the Actions, except for expiration of the statutory limitations period during any tolled period, regardless of whether such class or subclass is the same as, or different from, the Settlement Class.

14.     **Taxes**

14.1.   Settlement Class Counsel shall be solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund.  All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid, when due, from the Settlement Fund; Settlement Class Counsel shall direct the escrow

agent to do so in writing. The Settling Defendant shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or pay any taxes on the Settlement Fund, unless the settlement is not consummated and the Settlement Fund is returned to the Settling Defendant. In the event the settlement is not consummated, the Settling Defendant shall be responsible for the payment of any taxes (including any interest or penalties) on said income.

**15.    Miscellaneous**

15.1.    Plaintiffs and the Settling Defendant shall use their best efforts to effectuate this Agreement, including cooperating in promptly seeking the Court's approval of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(e)) to secure the prompt, complete, and final dismissal with prejudice of the Actions as to the Settling Defendant.

15.2.    The United States District Court for the District of Vermont shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and the Settling Defendant.

15.3.    This Agreement constitutes the entire agreement among Plaintiffs and the Settling Defendant pertaining to the settlement of the

Actions against the Settling Defendant only and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and the Settling Defendant in connection therewith. This Agreement may be modified or amended only by a writing executed by Plaintiffs and the Settling Defendant.

15.4. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties. Without limiting the generality of the foregoing and subject to the Effective Date occurring: (a) each and every covenant and agreement made herein by Plaintiffs or Settlement Class Counsel shall be binding upon all Class Members and Releasing Parties, and (b) each and every covenant and agreement made herein by the Settling Defendant shall be binding upon all Released Parties.

15.5. This Agreement may be executed in counterparts by Plaintiffs and the Settling Defendant, and an emailed signature shall be deemed an original signature for purposes of executing this Agreement.

15.6. Neither the Settling Defendant nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

15.7. Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other

than Settlement Class Members, Releasing Parties, and Released Parties any right or remedy under or by reason of this Agreement.

15.8.   Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by electronic mail, or letter by overnight delivery to counsel for that party, and in the case of notice to members of the Settlement Class, notice to Settlement Class Counsel shall be sufficient.

15.9.   Each of the undersigned attorneys represents that he or she is fully authorized by their respective clients to enter into the terms and conditions of, and to execute, this Agreement on behalf of their respective clients, subject to Court approval.

Dated: December 7, 2010

Respectfully submitted,

*Paul H. Friedman*

PAUL T. DENIS
PAUL H. FRIEDMAN
PAUL D. FRANGIE
DECHERT LLP
1775 I Street, NW
Washington, DC  20006
Tel: (202) 261-3300
paul.denis@dechert.com
paul.friedman@dechert.com
paul.frangie@dechert.com

CAROLYN H. FEENEY
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000
carolyn.feeney@dechert.com

*Counsel for Defendant Dean Foods Company*

*Benjamin D. Brown*

KIT A. PIERSON
DANIEL A. SMALL
BENJAMIN D. BROWN
BRENT W. JOHNSON
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC  20005
Telephone:    (202) 408-4600
bbrown@cohenmilstein.com
dsmall@cohenmilstein.com
kpierson@cohenmilstein.com
bjohnson@cohenmilstein.com

ROBERT G. ABRAMS
GREGORY J. COMMINS, JR.
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:    (202) 783-0800
abramsr@howrey.com
comminsg@howrey.com

J. DOUGLAS RICHARDS
GEORGE F. FARAH
COHEN MILSTEIN SELLERS
   & TOLL PLLC
88 Pine Street
Fourteenth Floor
New York, NY  10005
Telephone:    (212) 838-7797
drichards@cohenmilstein.com
gfarah@cohenmilstein.com

*Counsel for Plaintiffs and the Settlement Class*

915015.1 1