# EXHIBIT B

EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ALICE H. ALLEN AND LAURENCE E. ALLEN, d/b/a Al-lens Farm, VINCE NEVILLE, GARRET SITTS and RALPH SITTS, JONATHAN AND CLAUDIA HAAR, and DONNA HALL on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>  v.<br><br>DAIRY FARMERS OF AMERICA, INC., DAIRY MARKETING SERVICES, LLC, and DEAN FOODS COMPANY.<br><br>          Defendants. | Docket No. 5:09-cv-00230-cr<br><br>Judge Christina Reiss |

## PROPOSED ORDER

Upon consideration of plaintiffs' motion for preliminary approval of their proposed settlement with defendant Dean Foods Company ("Dean"), it is hereby **ORDERED** as follows:

1.    The motion is hereby **GRANTED**.

2.    The Court finds that the proposed settlement with Dean, as set forth in the Settlement Agreement between plaintiffs and Dean, and subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the following Settlement Class, which the Court hereby certifies solely for the purpose of the proposed settlement with Dean:

> All dairy farmers, whether individuals, entities or members of cooperatives, who produced raw Grade A milk in Order 1 and pooled raw Grade A milk on Order 1 during any time from January 1, 2002 to **[Notice Date]**.

3. Defendants' current officers and directors, and Defendants' alleged co-conspirators are excluded from the Settlement Class.

4. For purposes of the proposed settlement with Dean, the Court finds that the Settlement Class fully complies with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds (1) that the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Settlement Class; and (4) the representative parties will fairly and adequately protect the interests of the Settlement Class. Additionally, the Court finds that questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court makes no determination concerning the manageability of this action as a class action if the matter were to go to trial.

5. The Court appoints the following law firms as Settlement Class Counsel: Cohen Milstein Sellers & Toll PLLC and Howrey LLP.

6. The Court approves the form and content of the: (a) Notice of Proposed Settlement ("Notice"), attached hereto as Exhibit 1; and (b) Summary Notice of Proposed Settlement ("Summary Notice"), attached hereto as Exhibit 2.

7. The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitute the best notice

practicable under the circumstances, is due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

8.	Within thirty (30) days after the date of this Order ("Notice Date"), the Notice shall be mailed by first class mail, postage prepaid, to all members of the Settlement Class whose identities and locations are reasonably ascertainable.  The Notice also shall be provided to all persons who request it in response to the publication of the Summary Notice provided for in Paragraph 9 herein.

9.	Settlement Class Counsel are hereby directed to cause the Summary Notice to be published on one occasion, as soon as feasible after the Notice Date, in the following four publications: *American Agriculturalist*; *Country Folks* (Eastern Edition); *Farming: The Journal of Northeast Agriculture*; and *Progressive Dairyman* (Northeast Edition).

10.	All requests for exclusion from the Settlement Class must be **postmarked** no later than twenty-one (21) days prior to the Fairness Hearing and must otherwise comply with the requirements set forth in the Notice.

11.	Any member of the Settlement Class who objects to the settlement must do so in writing.  The objection must include the caption of this case, be signed, and be **filed with** the Court no later than twenty-one (21) days prior to the Fairness Hearing and shall otherwise comply with the requirements set forth in the Notice.  The objection must also be mailed to Settlement Class Counsel and counsel for defendants, **postmarked** no later than twenty-one (21) days prior to the Fairness Hearing.  Any response to timely, completed objections must be filed with the Court and served no later than fourteen (14)

days prior to the Fairness Hearing.

12. No later than fourteen (14) days prior to the Fairness Hearing, Settlement Class Counsel shall file with the Court and serve on the parties their motion for final approval of the Settlement Agreement.

13. No later than seven (7) business days prior to the Fairness Hearing, Settlement Class Counsel shall file with the Court, and serve upon counsel for Defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice were made, showing that mailing and publication were made in accordance with this Order.

14. The Court will convene a hearing (the "Hearing") on **[date]** at **[time]**, at **[location]**, to consider (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate to the Settlement Class, and whether Judgment should be entered dismissing the Released Claims on the merits and with prejudice; and (b) whether to approve any application by Settlement Class Counsel for an award of attorneys' fees and payment of costs and expenses.  Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at the Hearing. The Hearing may be continued without further notice to the Settlement Class.

15. Any member of the Settlement Class who seeks to appear and be heard at the Hearing shall, no later than twenty-one (21) business days prior to the Fairness Hearing, send a letter with that request to the Clerk of the Court, Settlement Class Counsel, and counsel for the defendants.

16. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg.

§ 1.468B-1.  The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account.  Settlement Class Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses and notice and administration Costs, as set forth in the Settlement Agreement, with prior notice to defendants.

17. Rust Consulting, Inc is approved to serve as Claims Administrator for purposes of notice and administration of the monetary portion of the settlement with Dean.

18. Plaintiffs and members of the Settlement Class who do not timely and validly submit a request for exclusion in accordance with the Notice are preliminarily enjoined from the initiation, commencement or prosecution of all claims that were asserted or that could have been asserted against Dean in this action.

19. This litigation is hereby STAYED against Dean.

This_____ day of _____, 2011

_____
HONORABLE CHRISTINA REISS
DISTRICT COURT, DISTRICT
OF VERMONT