U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2011 JUN 30 PM 2: 17

CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| ALICE H. ALLEN, LAURANCE E. ALLEN, d/b/a Al-lens Farm, GARRET SITTS, RALPH SITTS, JONATHAN HAAR and CLAUDIA HAAR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRY FARMERS OF AMERICA, INC., DAIRY MARKETING SERVICES, LLC, and DEAN FOODS COMPANY,<br><br>Defendants. | Case No. 5:09-cv-230 |

## ENTRY ORDER GRANTING DEFENDANTS' MOTION TO SET A DEADLINE FOR PLAINTIFFS TO SERVE SECOND AMENDED RESPONSES TO CONTENTION INTERROGATORIES
(Doc. 317)

On June 21, 2011, Defendants, Dairy Farmers of America, Inc., ("DFA") and Dairy Marketing Services, LLC ("DMS") (collectively, "Defendants") asked the court to set a deadline for Plaintiffs' amended responses to certain contention interrogatories served on Plaintiffs on October 29, 2010. Defendants further requested that the court grant this matter expedited treatment and require Plaintiffs' response to Defendants' motion by June 24, 2011. The court granted Defendants' request for expedited treatment, however, it set June 30, 2011 at noon as the deadline for Plaintiffs' response to Defendants' motion. Plaintiffs complied with the court's deadline by a matter of minutes.

At issue are nineteen remaining contention interrogatories[1] to which Plaintiffs have either failed to fully respond or have incorporated by reference their responses served in the *Southeastern Milk Antitrust Litigation*, reserving the right to supplement these responses with information specific to this litigation. Although Plaintiffs have asserted a number of objections to Defendants' contention interrogatories, they have agreed to respond to them after the close of discovery.[2] Plaintiffs now assert that they will answer them on July 19, 2011, one day after the court's hearing on Plaintiffs' Motion for Class Certification.

Plaintiffs oppose Defendants' motion for a number of reasons. First, they assert that Defendants do not actually *need* Plaintiffs' responses and have refused to narrow their requests to responses they "*really* need." (Doc. 322 at 14.) Second, Plaintiffs assert that they are occupied with other case-related activities and, because of those activities and a family emergency for one of Plaintiffs' attorneys, the contention interrogatories, which they claim are overly broad and unduly burdensome, "would impose extraordinary and impractical burdens on the Plaintiffs." (Doc. 233 at 2.) However, none of these factors will apparently preclude a full response on July 19th. *See* Doc. 322 at 3 ("[P]laintiffs will prepare extensive supplemental responses to these interrogatories and serve those responses by July 19[.]"). Third, they point out that Defendants have not been diligent themselves in meeting all discovery deadlines. Finally, they accuse

---

[1] Contention interrogatories are permitted under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time"). Contention interrogatories generally require the responding party to commit to certain factual and legal positions relevant to the litigation, "and can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." Fed. R. Civ. P. 33 advisory committee's note.

[2] Plaintiffs have asserted that their "position is (and has always been) that [they] will provide more fulsome responses to defendants' contention interrogatories once we have completed discovery." *See* Doc. 317-6 (Brown-Metz correspondence dated 4/25/01).

Defendants of not proceeding in good faith by failing to narrow the scope of their discovery requests, and by failing to agree to Plaintiffs' deadline for a response.

Written and fact discovery in this matter is closed, substantial discovery has taken place, and Plaintiffs' responses to the remaining nineteen contention interrogatories are long overdue. *See Auto Meter Products, Inc. v. Maxima Technologies & Systems, LLC*, 2006 WL 3253636, at *2 (N.D. Ill. Nov. 6, 2006) ("When one party poses contention interrogatories after considerable discovery, and the opposing party refuses to answer the interrogatories, courts routinely compel the resisting party to answer the interrogatories.") (citations omitted).

Plaintiffs have waived any objections to the remaining contention interrogatories by at least twice promising Defendants that they would answer them, thereby forestalling a motion to compel by Defendants which may have brought about a more expeditious resolution to this discovery dispute. Contrary to Plaintiffs' suggestion, Defendants did not demand a response to its outstanding discovery requests at the final hour. Instead, the parties have been discussing the outstanding discovery since at least April of 2011.

Finding no good cause for any further delay, and further finding Plaintiffs have had ample time to respond to the remaining contention interrogatories, the court hereby ORDERS Plaintiffs to provide a full and complete response to the nineteen remaining contention interrogatories no later than July 11, 2011 at 4:00 p.m.

For the reasons set forth above, Defendants' motion is hereby GRANTED.
SO ORDERED.

Dated at Rutland, in the District of Vermont, this 30th day of June, 2011.

Christina Reiss, Chief Judge
United States District Court