# Exhibit 1

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| ALICE H. ALLEN AND LAURENCE E. ALLEN, )<br>d/b/a Al-lens Farm, )<br>GARRET SITTS and RALPH SITTS, and )<br>JONATHAN and CLAUDIA HAAR )<br>on behalf of themselves )<br>and all others similarly situated, )<br>   )<br>             Plaintiffs.     )<br>   )<br>    v.                          )<br>   )<br>DAIRY FARMERS OF AMERICA, INC., )<br>DAIRY MARKETING SERVICES, LLC, and )<br>DEAN FOODS COMPANY, )<br>   )<br>             Defendants.    ) | Docket No. 5:09-cv-00230-cr |

### [PROPOSED] JUDGMENT AND FINAL ORDER APPROVING
### SETTLEMENT WITH DEAN FOODS COMPANY

Plaintiff class representatives Alice H. Allen and Laurence E. Allen, Garret Sitts and Ralph Sitts, and Jonathan Haar and Claudia Haar, on behalf of themselves and the certified Dean Settlement Class, (collectively, "Plaintiffs"), entered into a settlement agreement with Defendant Dean Foods Company ("Dean") on December 7, 2010, which was revised on April 29, 2011 (hereinafter the "Dean Settlement Agreement"), to fully and finally resolve Plaintiffs' claims against Dean. The Court entered an Order preliminarily approving the Dean Settlement Agreement and approving the form and method of class notice on May 4, 2011. After the approved notice program was implemented, the Court held a fairness hearing on July 18, 2011. This matter is now before the Court on Plaintiffs' Motion for Final Approval of Settlement with Dean Foods Company. Having

considered the motion, the memorandum in support, the oral argument presented at the fairness hearing, and the complete record and files in this matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Terms used in this Judgment and Final Order which are defined in the Dean Settlement Agreement, unless otherwise defined herein, shall have the same meaning as used in the Dean Settlement Agreement.

3. The settlement was attained following an extensive investigation of the facts and the law. The settlement resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust claims and class actions.

4. Due and adequate notice was provided, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to members of the certified Dean Settlement Class, notifying class members of, *inter alia*, the pendency of the above-captioned actions and the proposed settlement with Dean. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to 9,067 members of the Dean Settlement Class identified by the Administrator of Federal Milk Marketing Order 1 as well as notice published in four agricultural publications widely circulated in the Northeast – *Country Folks*, *Farming: The Journal of Northeast Agriculture*, *Progressive Dairymen* (Northeast Edition), *Farmshine* – and on the Internet at www.NEDairySettlement.com. This notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

5. The settlement embodied in the Dean Settlement Agreement is fair, reasonable and adequate to the Dean Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil

Procedure. The Dean Settlement Agreement is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

6. There have been four requests for exclusion from the Dean Settlement Class.

7. Except as provided in the Dean Settlement Agreement, Dean shall have no obligation for attorneys' fees, costs or expenses, including, but not limited to, expenses of administering and distributing the proceeds of this settlement.

8. The Court grants Plaintiffs' Counsel the right to make withdrawals from the Escrow Fund for payment of bills for costs and expenses reasonably incurred by the Settlement Administrator in connection with the administration of the Settlement Agreement (the "Administrative Costs"), so long as the Administrative Costs incurred or contracted for are reasonable and necessary to carrying out the transactions contemplated by the Settlement Agreement.

9. The Plan of Allocation set forth in Plaintiffs' Memorandum in Support of their Motion for Final Approval of the Settlement with Dean Foods Company is approved as fair and reasonable. As set forth in the Plan of Allocation, Net Settlement Funds will be distributed on a *pro rata* basis to approved Claimants.

10. Net Settlement Funds shall be distributed as soon as practicable after all of the following have occurred: a) the Court has granted final approval to the proposed settlement; b) the Court has ruled on Class Counsel's requests for an award of attorneys' fees, for reimbursement of litigation expenses, and for incentive awards to class representatives; c) the Claims Administrator has reviewed all Claim Forms and determined the amounts recommended to be paid to Claimants; and d) the time for appeal of the final approval has passed or the approval is affirmed on appeal.

11.     Without affecting the finality of this Judgment and Final Order in any way, this Court hereby retains continuing jurisdiction for the purposes of, *inter alia*, implementing and enforcing the Dean Settlement Agreement, entering orders regarding the disbursement of the settlement proceeds to the Dean Settlement Class and to others as appropriate, and adjudicating the Action with respect to Plaintiffs' claims asserted against the non-settling defendants in this case.

12.     Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason for delay and hereby directs that the claims against Dean be dismissed, with prejudice as to the Dean Settlement Class Members.

**IT IS SO ORDERED** this _____ day of _____, 2011

                                                        HONORABLE CHRISTINA REISS
                                                        DISTRICT COURT, DISTRICT
                                                        OF VERMONT