# Exhibit 2

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

| | |
|---|---|
| ALICE H. ALLEN AND LAURANCE E. ALLEN, d/b/a Al-lens Farm, GARRET SITTS and RALPH SITTS, JONATHAN HAAR AND CLAUDIA HAAR, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DAIRY FARMERS OF AMERICA, INC., DAIRY MARKETING SERVICES, LLC, and DEAN FOODS COMPANY. <br><br> Defendants. | Case No. 5:09-cv-230 |

## AFFIDAVIT OF CHARLENE YOUNG
## RE: DISSEMINATION OF NOTICE OF CLASS SETTLEMENT

STATE OF FLORIDA   )
           ) SS:
COUNTY OF PALM BEACH )

CHARLENE YOUNG, being duly sworn, deposes and states as follows:

1.  I am a Senior Project Administrator for Rust Consulting, Inc. ("Rust").  Pursuant to ¶ 3.1.(e) of the Settlement Agreement filed on December 23, 2010 and revised on April 29, 2011 (the "Settlement Agreement"), class counsel retained Rust Consulting, Inc. ("Rust") as Claims Administrator.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to the facts set forth in this Affidavit.

2.      I submit this Affidavit in order to provide the Court and the parties to the above-
captioned action with information regarding: (a) establishing a post office box, toll-free
telephone number, and email address for purposes of communicating with Class Members; (b)
mailing of the Notice Packets when requested or returned by the United States Postal Service
("USPS"); (c) developing a website enabling Class Members to access documents and answers
to Frequently Asked Questions related to the Settlement; and (d) accepting and maintaining
documents sent from Class Members which relate to settlement administration.

3.      Pursuant to ¶ I of the Opinion and Order Granting Preliminary Approval of Revised Dean
Settlement and Denying Motions to Intervene ("Preliminary Approval Order"), Rust caused the
Summary Notice to be published in the following four publications: *Country Folks*, *Farming:
The Journal of Northeast Agriculture*, *Farmshine*, and *Progressive Dairymen* (Northeast
edition).  A copy of the Summary Notice is attached hereto as Exhibit 1.

4.      On May 17, 2011, Rust forwarded the Notice, Claim Form, Cover Letter, and Envelope
("Notice Packet") for printing and mailing to Plaintiffs' Counsel.  A copy of the Notice Packet is
attached hereto as Exhibit 2.  Plaintiffs' Counsel forwarded these documents to an independent
printer that has been granted exclusive permission to access the farmer records maintained by the
Administrator of Federal Milk Marketing Order 1.  It is our understanding that 9,067 Notice
Packets were mailed by the independent printer in the initial mailing to prospective Dean
Settlement Class members.

5.      As of July 8, 2011, the USPS returned 201 Notice Packets as undeliverable without
forwarding addresses.  Of these 201 undeliverable Notice Packets, Rust located 149 new
addresses through a trace processing service to which Rust subscribes.  Rust promptly mailed the

Notice Packets to those 149 potential Class Members at these updated addresses.  Additionally, the USPS returned ten (10) Notice Packets with forwarding addresses, and Rust promptly re-mailed the Notice Packets to these potential Class Members at their forwarding addresses.

6.      Pursuant to ¶ I of the Preliminary Approval Order, Rust established a case-dedicated settlement website, www.NEDairySettlement.com, which went 'live' on May 14, 2011.  The website includes links to documents such as the Notice, Claim Form, Settlement Agreement, and other Court documents.  As of July 8, 2011, the website has been viewed approximately 1,456 times by visitors.  A screen shot of the website homepage is attached hereto as Exhibit 3.

7.      Pursuant to ¶ I of the Preliminary Approval Order, Rust established a toll-free telephone number (1-888-356-0258) which went 'live' on May 13, 2011.  When calling the toll-free telephone number, the caller hears a recorded message and is prompted to press a telephone keypad number to contact a live representative to answer any additional questions.  As of July 8, 2011, approximately 354 calls have been received and 85 callers requested a Notice Packet to be mailed to them.

8.      Pursuant to the Notice, the Claim Form must be postmarked no later than August 23, 2011.

9.      Rust has acted as a repository for Class Member inquiries and communications received.  To this extent, Rust leases and maintains a case-dedicated Post Office Box (P.O. Box 24750, West Palm Beach, FL 33416) for the receipt of all written communications necessary to the administration of the settlement.  The Notice Packet, Summary Notice, and website designate this Post Office Box for receipt of all correspondence about the Settlement.

10.    Pursuant to the Notice, Objections must be mailed and postmarked no later than June 27, 2011.  Per Plaintiffs' Counsel, as of July 8, 2011, two (2) Objections were filed with the Court.

11.    Pursuant to the Notice, Requests for Exclusion must be postmarked no later than June 27, 2011.  As of July 8, 2011, Rust has received four (4) Requests for Exclusion from potential Class Members.  Copies of the Requests for Exclusion are attached as Exhibit 4.

I declare and state under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

_____

Charlene Young

Sworn to before me this
11th day of July, 2011



Notary Public

ERIC P. LACHANCE
MY COMMISSION # DD 911248
EXPIRES: November 25, 2013
Bonded Thru Notary Public Underwriters

# EXHIBIT 1

# If Your Farm Produced Grade A Milk In the Northeast Since 2002

## You Could Get Money from a Class Action Settlement

A $30 million Settlement with Dean Foods Company ("Dean") has been reached in a class action involving the price of raw Grade A milk that was produced and sold in the Northeast. The litigation is continuing against the other Defendants, Dairy Farmers of America, Inc. ("DFA") and Dairy Marketing Services, LLC ("DMS"). If approved by the Court, the Settlement will provide payments to dairy farmers who submit valid claim forms and you may be eligible.

### What is the Case About?

The lawsuit claims that Dean, DFA and DMS violated federal antitrust law and that as a result the prices paid to dairy farmers in Order 1 for raw Grade A milk were lower than they otherwise would have been. Order 1 includes Connecticut, New Hampshire, Vermont, Massachusetts, Rhode Island, New Jersey, Delaware, and parts of New York, Pennsylvania, Maryland, and Virginia. The Defendants deny that they did anything wrong.

### Who is Included in the Class?

In general, all dairy farmers, whether individuals, entities, or members of cooperatives, who produced raw Grade A milk in Order 1 **and** pooled raw Grade A milk on Order 1 during any time from January 1, 2002 to May 23, 2011 are members of the Dean Settlement Class.

### What Does the Settlement Provide?

Dean has agreed to pay $30 million into a Settlement Fund. After deducting attorneys' fees, costs, and other fees and expenses, the net Settlement Fund will be distributed to Class Members who file valid claims.

### How to Get a Payment?

You must submit a Claim Form to get a payment. You can get a Claim Form at www.NEDairySettlement.com or by calling 1-888-356-0258. The deadline to submit a Claim Form is **August 23, 2011**.

The amount of money you may receive cannot be calculated at this time. The average payment is estimated to be in the range of $2,500 - $5,700. You may receive a greater or lesser amount, either within or outside of this range, depending on a number of factors. These factors include, but may not be limited to: (a) the amount of raw Grade A milk you produced in and pooled on Order 1 from January 1, 2002 to May 23, 2011; (b) the number of valid claims that are received; and (c) the fees, costs and expenses approved by the Court.

### Your Other Rights.

If you do nothing, you will be legally bound by the Settlement, your rights will be affected and you will not be able to sue Dean for any claim relating to the lawsuit. If you do not want to be legally bound by the Settlement, you may exclude yourself from it by **June 27, 2011**. If you stay in the Settlement, you may object to it by **June 27, 2011**. The Court will hold a hearing on **July 18, 2011** to consider whether to approve the Settlement and a request by the Class lawyers for up to one-third of the settlement amount ($10 million) in attorneys' fees, plus costs, expenses, and incentive fees for the dairy farmers who brought the lawsuit. You do not need to attend the hearing. If you wish, you or your own lawyer may ask to appear and speak at the hearing at your own cost.

---

## For More Information and a Claim Form:
## Call: 1-888-356-0258     Visit: www.NEDairySettlement.com

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

**If Your Farm Produced Grade A Milk
in the Northeast Since 2002,**

**You Could Get Money from a Class Action Settlement.**

*A federal Court authorized this notice.  This is not a solicitation from a lawyer.*

- A $30 million Settlement with Dean Foods Company ("Dean") has been reached in a class action involving the price of Grade A milk that was produced in the Northeast.  The Settlement provides a financial payment to certain dairy farmers in the Northeast.

- The Settlement resolves all claims against Dean in a lawsuit over whether Dean, Dairy Farmers of America, Inc. ("DFA"), and Dairy Marketing Services, LLC ("DMS") engaged in anticompetitive conduct in the purchase and sale of raw Grade A milk in Order 1.  The Settlement does *not* resolve claims against DFA and DMS and the litigation is continuing against them.

- The Settlement will pay dairy farmers who produced and pooled raw Grade A milk within Federal Milk Order 1 ("Northeast").  This includes Connecticut, Massachusetts, New Hampshire, Vermont, Rhode Island, New Jersey, Delaware, and parts of New York, Pennsylvania, Maryland and Virginia.

- **The average payment is estimated to be in the range of $2500 - $5700.  The exact amount will depend on a number of factors which are explained in this notice.  You may receive a greater or lesser amount, either within or outside of this range, depending on how much milk you produced and pooled in Order 1 and other factors.**  You must file a claim to get a payment from the Dean Settlement.

- Your legal rights are affected whether you act, or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| EXCLUDE YOURSELF FROM THE SETTLEMENT | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against Dean about the legal claims in this case. |
| OBJECT | Write to the Court about what you don't like about the Settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Get no payment.  Give up rights to ever sue Dean about the legal claims in this case. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ................................................................................................**PAGE 3**

    1.   Why is there a notice?
    2.   Who are the Defendants?
    3.   What is this lawsuit about?
    4.   Why is this a class action?
    5.   Why is there a Settlement with Dean?
    6.   Will the lawsuit continue against DFA and DMS?
    7.   What happens if the Plaintiffs later reach a settlement with DFA and/or DMS?

**WHO IS IN THE DEAN SETTLEMENT CLASS**......................................................**PAGE 4**

    8.   How do I know if I'm part of the Settlement?
    9.   Are there any exceptions to being included?
    10.  I'm still not sure if I'm included.

**THE DEAN SETTLEMENT BENEFITS**..............................................................**PAGE 4**

    11.  What does the Settlement provide?
    12.  How much money can I get from the Settlement?
    13.  What am I giving up to stay in the Class?

**HOW TO GET A PAYMENT**..........................................................................**PAGE 5**

    14.  How can I get a payment?
    15.  When will I get my payment?

**EXCLUDING YOURSELF FROM THE DEAN SETTLEMENT**.................................**PAGE 6**

    16.  How do I get out of the Settlement?
    17.  If I don't exclude myself, can I sue Dean for the same thing later?
    18.  If I exclude myself from the Settlement, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**.............................................................**PAGE 6**

    19.  Do I have a lawyer in the case?
    20.  How will the lawyers be paid?

**OBJECTING TO THE DEAN SETTLEMENT**......................................................**PAGE 7**

    21.  How do I tell the Court that I don't like the Settlement?
    22.  What's the difference between objecting to the Settlement
        and excluding myself from the Settlement?

**THE COURT'S FAIRNESS HEARING**..............................................................**PAGE 7**

    23.  When and where will the Court decide whether to approve the Settlement?
    24.  Do I have to come to the hearing?
    25.  May I speak at the hearing?

**IF YOU DO NOTHING**................................................................................**PAGE 8**

    26.  What happens if I do nothing at all?

**GETTING MORE INFORMATION**..................................................................**PAGE 8**

    27.  How do I get more information?

## BASIC INFORMATION

| 1. | Why is there a notice? |
|---|---|

You have a right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement.

The Court in charge of the case is the United States District Court for the District of Vermont, and the case is known as *Allen v. Dairy Farmers of America, Inc.*, No. 5:09-CV-00230-CR.  The people who sued are called Plaintiffs, and the companies they sued are called Defendants.

| 2. | Who are the Defendants? |
|---|---|

The Plaintiffs brought this lawsuit against three Defendants involved in the marketing, sale or purchase of raw Grade A milk produced by dairy farmers in the Northeast.

**Current Defendants**: Dean Foods Co. ("Dean"), Dairy Farmers of America, Inc. ("DFA"), Dairy Marketing Services, LLC ("DMS").

| 3. | What is the lawsuit about? |
|---|---|

The lawsuit claims that Defendants violated federal antitrust law and that as a result the prices paid to dairy farmers in Order 1 for raw Grade A milk were lower than they would otherwise have been.  Dean denies that it did anything wrong. The other Defendants have also denied that they did anything wrong.  The Court has not yet heard or resolved the merits of the Plaintiffs' claims, or determined whether the Plaintiffs' or Defendants' claims are true.

| 4. | Why is this a class action? |
|---|---|

In a class action, one or more people called Class Representatives (in this case Alice H. Allen, Laurence E. Allen, Garret Sitts, Ralph Sitts, Jonathan Haar, and Claudia Haar) sue on behalf of persons who have similar claims.  All these people are a Class or Class Members.  One court resolves the issues common to all Class Members, except for those Class Members who exclude themselves from the Class.

| 5. | Why is there a Settlement with Dean? |
|---|---|

The Court has not decided in favor of Plaintiffs or Dean.  The Plaintiffs think they would win against Dean at a trial.  Dean thinks the Plaintiffs would not win.  But there will be no trial against Dean.  Instead, Plaintiffs and Dean agreed to a settlement.  That way, they avoid the cost of a trial, and Class Members will get the benefits of this Settlement.  The Class Representatives and their attorneys, who conducted an extensive investigation of the facts and the law relevant to the lawsuit, think the Settlement is best for all Class Members.

| 6. | Will the lawsuit continue against DFA and DMS? |
|---|---|

Yes.  The lawsuit will continue against DFA and DMS.  The Court has not yet decided whether the Plaintiffs' claims against DFA and DMS will proceed as a class action.

| 7. | What happens if the Plaintiffs later reach a settlement with DFA and/or DMS? |
|---|---|

If Plaintiffs later reach a settlement agreement with DFA and/or DMS, you will receive a separate notice of that settlement, which will describe the terms of that settlement and your rights and options with respect to that settlement. If you are a member of the Dean Settlement Class described in this Notice, this does not necessarily mean you will be a member of any future settlement class.  Whether you will be able to participate in any future settlements will depend on the specific terms of those settlements, which may be different than the terms of the Dean Settlement.  If you exclude yourself from the Dean Settlement Class (see Question 16 below), this does not affect your ability to participate in any future settlements with DFA or DMS.

## WHO IS IN THE DEAN SETTLEMENT CLASS

**8.    How do I know if I am part of the Settlement?**

In general, all dairy farmers, whether individuals, entities, or members of cooperatives, who produced raw Grade A milk in Order 1 **and** pooled raw Grade A milk on Order 1 during any time from January 1, 2002 to May 23, 2011 are members of the Dean Settlement Class.

If you produced raw milk in Order 1, that alone does not make you a Class Member.  If you pooled raw milk on Order 1, that alone does not make you a Class Member.  You are a Class Member only if you produced raw Grade A milk in Order 1 *and* some of that milk was pooled in Order 1 during the time period specified above.

**9.    Are there any exceptions to being included?**

You are **not** a Class Member if you are currently an officer or director of Dean, DFA or DMS.

You are **not** a Class Member if the complaint alleges you participated in the conspiracy that is the subject of the lawsuit. The complaint can be viewed at www.NEDairySettlement.com.

**10.   I'm still not sure if I'm included.**

If you are still not sure whether you are included in the Dean Settlement Class, you can ask for free help.  For more information, visit www.NEDairySettlement.com, or call 1-888-356-0258, or write to NE Dairy Settlement, c/o Rust Consulting, Inc., P.O. Box 24750, West Palm Beach, FL 33416.

## THE DEAN SETTLEMENT BENEFITS

**11.   What does the Settlement provide?**

Dean has agreed to pay $30,000,000 into a Settlement Fund. After deducting attorneys' fees, costs, and other fees and expenses (*see* Question 20), the net Settlement Fund will be distributed to Class Members who file valid claims.

If a Class Member wants to get out of the Dean Settlement (*see* section called "Excluding Yourself from the Dean Settlement" below), the Settlement Fund will be reduced by the amount of money that Class Member would have received had it filed a valid claim.

The Settlement Agreement, available at the website, contains more details about the Dean Settlement.

**12.   How much money can I get from the Settlement?**

The amount of money you may receive cannot be calculated at this time. Your share will depend on several factors. These factors include, but may not be limited to:  (a) the amount of raw Grade A milk you produced in and pooled on Order 1 from January 1, 2002 to May 23, 2011; (b) the number of valid claims that are received; and (c) the fees, costs and expenses approved by the Court.  Factors (a) and (b) above will be the primary factors that will determine how much money you will receive.

We don't know how many people will file claims.  Plaintiffs believe there are between eight and ten thousand dairy farmers in the Dean Settlement Class.  Although all of these dairy farmers will be eligible to file a claim, based on historical experience in other cases, a claims rate of approximately 45% of eligible Class Members would be a significant claims rate.

We provide an estimate below of the possible recoveries for dairy farmers submitting claims, based on the Class consisting of 10,000 dairy farmers.  You should be aware that this is the estimated recovery based on average sales during the period January 1, 2002 to May 23, 2011 (i.e., the total amount sold during that time period divided by the total number of claimants).  Your recovery could be lower or higher than the range of $2500 - $5700 described below based on the amount of your actual sales during this time period.

If 4,500 valid claims are filed, the average amount recovered by dairy farmers will depend in part on the attorneys' fees and expenses that are awarded by the Court.  This is a matter within the Court's discretion, and it will be the Court's responsibility to determine what reasonable attorneys' fees and expenses in this matter are.  Here are three illustrations (each assuming that 4,500 valid claims are submitted) of possible recoveries for Class Members:

If the Court determines that the reasonable expenses incurred by the attorneys (in connection with work by economic experts, travel and other "out of pocket" expenses) are in the amount of $1,500,000 and awards 29.8% of the remaining settlement as reasonable attorneys' fees ($8,493,000), then the 4,500 claimants would receive an average payment of approximately $4446.

If the Court determines that the reasonable expenses incurred by the attorneys are in the amount of $1,500,000 and awards 20% of the remaining settlement as reasonable attorneys' fees ($5,700,000), then the 4,500 claimants would receive an average payment of approximately $5067.

If the Court determines that the reasonable expenses incurred by the attorneys are in the amount of $1,500,000 and awards 10% of the remaining settlement as reasonable attorneys' fees ($2,850,000), then the 4,500 claimants would receive an average payment of approximately $5700.

If a larger number of valid claims are filed, the average amount paid per claim would be smaller (relative to the estimates above based on 4,500 claims).  For example, if there were 8,000 valid claims filed and the Court determines that the reasonable expenses incurred by the attorneys are in the amount of $1,500,000 and awards 29.8% of the remaining settlement as reasonable attorneys' fees ($8,493,000), then the 8,000 claimants would receive an average payment of approximately $2500.

In other words, if 45% of eligible Class Members submit claims, the average payment to a Class Member will be approximately in the range of $4400 - $5700.  If a higher percentage of Class Members submit claims, the amount will be reduced.  If a lower percentage of Class Members submit claims, the amount will be increased.

Please bear in mind that the amounts discussed above are based on the average payment to farmers as described above. The amount you receive may be greater or lesser depending on how much milk you produced and pooled in Order 1.

## 13.   What am I giving up to stay in the Class?

If you remain in the Settlement Class, you can't sue Dean, continue to sue, or be part of any other lawsuit against Dean regarding the legal claims in this case.  It also means that all of the decisions by the Court will bind you.  The "Release of Claims" is described more fully in the Settlement Agreement and describes exactly the legal claims that you give up if you remain in the Settlement Class.  The Settlement Agreement is available at www.NEDairySettlement.com.

## HOW TO GET A PAYMENT

## 14.   How can I get a payment?

To ask for a payment, complete and submit a Claim Form. A Claim Form is enclosed with this Notice.  Claim Forms are also available at www.NEDairySettlement.com or by calling 1-888-356-0258.  Please read the instructions carefully, fill out the Claim Form, provide the required documentation and mail it postmarked no later than **August 23, 2011**, to:

NE Dairy Settlement
c/o Rust Consulting, Inc.
P.O. Box 24750
West Palm Beach, FL 33416

## 15.   When will I get my payment?

Payments will be mailed to Class Members who send in valid Claim Forms on time, after the Court grants "final approval" to the Settlement and after any appeals are resolved.  If the Court approves the Settlement after a hearing on July 18, 2011, there may be appeals.  It's always uncertain when any appeals will be resolved, and resolving them can take time.

## EXCLUDING YOURSELF FROM THE DEAN SETTLEMENT

You have the right to exclude yourself from the Dean Settlement Class.  If you do not want to be a member of the Settlement Class, or if you want to keep the right to sue or continue to sue Dean, on your own, about the legal issues in this case, then you must take steps to remove yourself from the Dean Settlement Class.  This is called "excluding yourself" or "opting out" of the Class.

---

### 16.    How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter saying that you want to be excluded from the Dean Settlement Class.  The letter should also state the approximate annual or total volume of raw Grade A milk you produced in and pooled on Order 1 from January 1, 2002 until May 23, 2011.  Be sure to include your name, address, telephone number, and signature.  You must mail your exclusion request letter, postmarked no later than **June 27, 2011**, to:

NE Dairy Settlement Exclusions
c/o Rust Consulting, Inc.
P.O. Box 24750
West Palm Beach, FL 33416

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit with respect to Dean.  You may be able to sue (or continue to sue) Dean in the future.

---

### 17.    If I don't exclude myself, can I sue Dean for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue Dean for the claims that this Settlement resolves.  If you have a pending lawsuit against Dean, speak to your lawyer in that case immediately.  You must exclude yourself from this Dean Settlement Class to continue your own lawsuit against Dean.  Remember, the exclusion deadline is **June 27, 2011**.

---

### 18.    If I exclude myself from the Settlement, can I still get a payment?

No.  If you exclude yourself, you will not get any money from this Settlement.  If you exclude yourself from the Settlement, do not send in a Claim Form asking for benefits.  But you may sue, continue to sue, or be part of a different lawsuit against Dean.

## THE LAWYERS REPRESENTING YOU

---

### 19.    Do I have a lawyer in the case?

The Court has appointed the following two law firms to represent the Dean Settlement Class:

COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, D.C.  20005
(202) 408-4600

BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 861-1500

You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

---

### 20.    How will the lawyers be paid?

The Court will decide how much Class Counsel will be paid.  Class Counsel has not yet received any payment for its work on this case (and has not been reimbursed for their expenses).  Class Counsel may ask the Court for up to one-third of the Settlement ($10 million) in attorneys' fees, plus reimbursement of the costs and expenses for investigating the facts,

litigating the case, and negotiating and administering the Settlement. It is within the Court's discretion, however, to determine whether the amount requested, or a smaller amount, is reasonable and should be awarded.  Class Counsel may also request a payment from the Settlement Fund for the Class Representatives who sued on behalf of the whole Class. All of these fees, costs and expenses will be deducted from the Settlement Fund, and will reduce the amounts available for Class Members.

## OBJECTING TO THE DEAN SETTLEMENT

### 21.    How do I tell the Court that I don't like the Settlement?

If you are a Class Member, you can object to the Dean Settlement or to Class Counsel's requests for fees and expenses. To object, you must send a letter saying that you object.  Your letter must also include the following:

- Your name, address, and telephone number;
- The name of the case (*Allen v. Dairy Farmers of America, Inc.,* No. 5:09-CV-230-CR);
- The specific reasons you object to the Settlement; and
- Your signature.

Your objection, along with any supporting material you wish to submit, must be mailed and postmarked no later than **June 27, 2011**, to the following three addresses:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| United States District Court District of Vermont 11 Elmwood Avenue Room 506 Burlington, VT 05401 | Benjamin D. Brown COHEN MILSTEIN SELLERS & TOLL PLLC 1100 New York Avenue, NW Suite 500, West Tower Washington, D.C.  20005 | Paul H. Friedman DECHERT LLP 1775 I Street, NW Washington, D.C.  20006 |

### 22.    What's the difference between objecting to the Settlement and excluding myself from the Settlement?

Objecting is telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Dean Settlement Class or Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for attorneys' fees and expenses.  You may attend and you may ask to speak, but you don't have to.

### 23.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing beginning at 9:30 a.m. on **July 18, 2011** at the United States District Court for the District of Vermont, 11 Elmwood Avenue, Burlington, VT.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.NEDairySettlement.com.  At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court may listen to people who asked to speak at the hearing.  The Court may also decide how much to pay the lawyers for Plaintiffs and the Class.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

### 24.    Do I have to come to the hearing?

No.  Plaintiffs' lawyers will answer any questions Judge Reiss may have.  But you are welcome to attend the hearing at your own expense.  If you send a written objection, you do not have to come to the Court to discuss it.  As long as you

mailed your written objection on time, following the instructions in this Notice, the Court will consider it.  You may also pay your own lawyer to attend, if you wish, but it's not necessary.

| **25.** | **May I speak at the hearing?** |
|---|---|

Yes. You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear at the Dean Settlement Fairness Hearing."  Be sure to include your name, address, telephone number, and your signature. You cannot speak at the hearing if you exclude yourself.

You must mail your Notice of Intention to Appear, postmarked no later than **June 27, 2011**, to the three addresses in Question 21.

## IF YOU DO NOTHING

| **26.** | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will not get a payment from the Dean Settlement.  In addition, your rights will be affected.  Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Dean about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| **27.** | **How do I get more information?** |
|---|---|

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.NEDairySettlement.com.  You may also write with questions to NE Dairy Settlement, c/o Rust Consulting, Inc., P.O. Box 24750, West Palm Beach, FL 33416.  You can also get a Claim Form at the website, or by calling the toll free number, 1-888-356-0258.

# Claim Form

## Dean Foods Company Settlement

*Allen v. Dairy Farmers of America, Inc.*
No. 5:09-CV-230

You may be eligible to receive a payment from a $30 million Settlement reached with Dean Foods Company if you produced and pooled raw Grade A milk in the Northeast.

## 1. GENERAL INSTRUCTIONS

A. If you wish to receive a payment from the Settlement, you must complete and return this Claim Form postmarked no later than **August 23, 2011** to the following address :

> NE Dairy Settlement
> c/o Rust Consulting, Inc.
> P.O. Box 24750
> West Palm Beach, FL  33416

B. You must provide the total amount of raw Grade A milk produced and pooled in the Northeast any time from January 1, 2002 to May 23, 2011.  The Northeast includes Connecticut, Massachusetts, New Hampshire, Vermont, Rhode Island, New Jersey, Delaware, and parts of New York, Pennsylvania, Maryland and Virginia.

C. You must sign your completed Claim Form.

D. Claim Forms not postmarked by **August 23, 2011** and sent to the address above may be rejected and you will not be able to get any money from the Settlement.

E. Submission of a Claim Form does not guarantee that you will receive a payment from the Settlement.

## 2. CLASS MEMBER INFORMATION

Please type or neatly print all information.

Last Name

First Name

Entity Name

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ Cooperative   ☐ Other:

Number and Street or P.O. Box

City

State

Zip Code

Telephone Number (Day)

Email Address

* 8 2 6 9 *     * C F *     * 1 - 2 *

**3.   TOTAL AMOUNT OF RAW GRADE A MILK**

In the table below, indicate the total amount of raw Grade A milk you produced and pooled any time from January 1, 2002 to May 23, 2011.  Note: The amount you indicate in the table below may be cross-checked against a database to confirm its accuracy.

| TOTAL AMOUNT OF RAW GRADE A<br>MILK PRODUCED AND POOLED | |
|---|---|

**4.   CERTIFICATION**

I certify under penalty of perjury that the information above is true and correct and that the submission of false information may subject me to civil and/or criminal penalties.

| | |
|---|---|
| | |
| Signature of Class Member | Print Name/ Capacity of person signing |
| | |
| Company's Name | Date |

---

| **Reminder:** |
|---|
| Please make sure that you: |

Please make sure that you:

1. Sign the Certification;

2. Keep a copy of your completed Claim Form for your records;

3. Send your Claim Form by Certified Mail (return receipt requested) if you want proof that your claim was received; and

4. Submit your Claim Form **postmarked no later than August 23, 2011.**

5. If you change your mailing address, please notify the Claims Administrator in writing at the address listed above or contact the Claims Administrator at 1-888-356-0258.



NE Dairy Settlement
c/o Rust Consulting, Inc.
P.O. Box 24750
West Palm Beach, FL 33416

May 20, 2011

Dear Dairy Farmer:

A $30 million Settlement has been reached with Dean Foods Company involving the price of Grade A milk that was produced and sold in the Northeast.  The Settlement will pay cash to dairy farmers who qualify.  **The average payment is estimated to be in the range of $2500 - $5700.**  The amount you receive may be greater or lesser depending on how much milk you produced or pooled in Order 1.

In order to get a payment you will need to complete a Claim Form postmarked no later than **August 23, 2011**.  Enclosed you will find a Claim Form and a Notice, which provides additional information about the Settlement and your rights.  You can also obtain further information and materials by visiting www.NEDairySettlement.com or calling 1-888-356-0258 (live operators are available to answer your questions).

Sincerely,

Claims Administrator

NE Dairy Settlement
c/o Rust Consulting, Inc.
P.O. Box 24750
West Palm Beach, FL 33416


**IMPORTANT NOTICE ABOUT YOUR DAIRY FARM**

# EXHIBIT 3

**NE Dairy Class Action Settlement**

Home
Notice
Claim Form
Court Documents
Frequently Asked Questions
Contact Information

## WELCOME TO THE NE DAIRY SETTLEMENT WEBSITE

(last updated June 8, 2011)

**IF YOU ARE A DAIRY FARMER, WHETHER AN INDIVIDUAL, ENTITY OR MEMBER OF A COOPERATIVE, WHO PRODUCED RAW GRADE A MILK IN ORDER 1 AND POOLED RAW GRADE A MILK ON ORDER 1 DURING ANY TIME FROM JANUARY 1, 2002 TO MAY 23, 2011, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR LEGAL RIGHTS**

**For more detailed information, please review the Notice, Claim Form and other court documents on the links at the left.**

| IMPORTANT DATES AND DEADLINES | |
|---|---|
| Submit Claim Form: | Postmarked No Later Than August 23, 2011 |
| Request Exclusion: | Postmarked No Later Than June 27, 2011 |
| Make Objections: | Postmarked No Later Than June 27, 2011 |
| Approval Fairness Hearing: | July 18, 2011, at 9:30 a.m. |

### WHAT IS THE LAWSUIT ABOUT?

The Plaintiffs brought this lawsuit against Defendants, Dean Foods Co. ("Dean"), Dairy Farmers of America, Inc. ("DFA"), Dairy Marketing Services, LLC ("DMS"). The lawsuit claims that Defendants violated federal antitrust law by engaging in anticompetitive conduct in the purchase and sale of raw Grade A milk in Order 1 and that, as a result, the prices paid to dairy farmers in Order 1 for raw Grade A milk were lower than they would otherwise have been.

A $30 million Settlement with Dean has been reached. The Settlement provides a financial payment to certain dairy farmers in the Northeast who are members of the Dean Settlement Class. Dean denies that it did anything wrong. The other Defendants have also denied that they did anything wrong. The Court has not yet heard or resolved the merits of the Plaintiffs' claims, or determined whether the Plaintiffs' or Defendants' claims are true. The lawsuit will continued against DFA and DMS.

If Plaintiffs later reach a settlement agreement with DFA and/or DMS, you will receive a separate notice of that settlement, which will describe the terms of that settlement and your rights and options with respect to that settlement. If you are a member of the Dean Settlement Class, this does not necessarily mean you will be a member of any future settlement class. Whether you will be able to participate in any future settlements will depend on the specific terms of those settlements, which may be different than the terms of the Dean Settlement. If you exclude yourself from the Dean Settlement Class, this does not affect your ability to participate in any future settlements with DFA or DMS.

### WHO IS INCLUDED IN THE DEAN SETTLEMENT CLASS?

The Dean Settlement Class includes all dairy farmers, whether individuals, entities, or members of cooperatives, who produced raw Grade A milk in Federal Milk Order 1 **AND** pooled raw Grade A milk on Federal Milk Order 1 during any time from January 1, 2002 to May 23, 2011. This includes Connecticut, Massachusetts, New Hampshire, Vermont, Rhode Island, New Jersey, Delaware, and parts of New York, Pennsylvania, Maryland and Virginia.

You are **not** a Class Member if you are currently an officer or director of Dean, DFA or DMS or if the complaint alleges you participated in the conspiracy that is the subject of the lawsuit. The complaint may be viewed by clicking on the "Court Documents" link on the left.

### WHAT ARE THE TERMS OF THE SETTLEMENT?

The net Settlement Fund will be distributed to Class Members who file valid claims. The amount of money you may receive cannot be calculated at this time and your share will depend on several factors. These factors include, but may not be limited to: (a) the amount of raw Grade A milk you produced in and pooled on Order 1 from January 1, 2002 to May 23, 2011; (b) the number of valid claims that are received; and (c) the attorneys' fees, costs and expenses approved by the Court.

More details about the Dean Settlement are contained in the Settlement Agreement available on the "Court Documents" link on the left.

### WHAT ARE MY RIGHTS?

REMAIN IN THE CLASS: You are automatically a Class Member if you fit the Class definition above. You do not need to do anything to stay in the Class. If you remain in the Dean Settlement Class, you can't sue Dean, continue to sue, or be part of any other lawsuit against Dean regarding the legal claims in this case, and you will be bound by the decisions of the Court.

FILE A CLAIM FORM: If you are a Class Member and seek to obtain a share of the Dean Settlement, you must send in the Court-approved Claim Form included with the Notice. Read the instructions carefully, fill out the form, sign it, and mail it postmarked no later than August 23, 2011 to the Claims Administrator at the address listed below.

EXCLUDE YOURSELF FROM THE CLASS: If you decide not to participate in the Dean Settlement, you **must** mail your exclusion request letter postmarked no later than June 27, 2011 to the Claims Administrator at the address listed below. If you exclude yourself,you will retain any rights you may have to sue Dean regarding the issues in this Lawsuit, and you will not receive any potential benefit from the Dean Settlement. Follow the instructions contained in Question 16, page 6 of the Notice.

### WHAT IF I HAVE QUESTIONS?

Questions concerning the Dean Settlement discussed in this website are addressed in the Frequently Asked Questions (FAQs) available on this website or can be directed to the Claims Administrator, Rust Consulting, Inc., at the email, mailing address or toll-free telephone number listed below.

A more detailed description of the Dean Settlement and your rights as a Settlement Class member is contained in the Notice and FAQs available on the links on the left of this website. A complete description of the terms of the Dean Settlement is contained in the Dean Settlement Agreement available on the "Court Documents" link on this website.

| | |
|---|---|
| TELEPHONE: | 888-356-0258 |
| E-MAIL: | info@NEDairySettlement.com |
| ADDRESS: | NE Dairy Settlement<br>c/o Rust Consulting, Inc.<br>P.O. Box 24750<br>West Palm Beach, FL 33416 |

**If you change your address, you should immediately provide your correct address to the Claims Administrator at the email, mailing address or telephone number listed above.**

# EXHIBIT 4

Excl 1

RECEIVED
JUN 10 2011
By_____

6. June. 2011

Dear Friends,

    I am asking to be excluded from the Dean Settlement Class. We produced an estimated 7,700,000 lb of milk from Jan. 1, 2002 till May. 23 2011. As Christans we have no desire to sue Dean or anyone else in the future.

    Michael L. Nolt
    P.O. Box 364
    Talmage  PA  17580
    ph. (717) 656-0708

      sincerely,
      Michael L. Nolt

Michael and Rosene Nolt
P.O. Box 364
Talmage, PA  17580

LANCASTER PA 175

08 JUN 2011  PM 2 L

NE Dairy Settlement Exclusions
C/O Rust Consulting, Inc.
P.O. Box 24750
W. Palm Beach, FL 33416

33416#4750

Excl 2

Heyer Hills Farm
381 Huntville Rd
Fairfax, VT 05454
June 24, 2011

Rust Consulting, Inc.
PO Box 24750
West Palm Beach, FL 33416
Re: NE Dairy Settlement Exclusions

RECEIVED
JUN 27 2011
BY

This is to inform you we wish to be ex-
cluded from the Dean Settlement.
Total volume of milk from January 10th 2002
milk check to May 25th milk check 2011 was
18,046,492 lbs. As recorded in farm record books
from years involved.

Yours Truly
Marjorie L. Heyer
partner.

Heyer Hill Farm
381 Huntville Rd
Fairfax, VT 05454
1-802-849-6355

HEYER HILLS FARM
381 Huntville Road
Fairfax, VT 05454-9767

BURLINGTON VT 054

24 JAN 2011 PM 2 T

NE Dairy Settlement Exclusions
c/o Rust Consulting, Inc.
P.O. Box 34750
West Palm Beach,
FL 33416

Ex-1 3

June 25, 2011
2627 Co Hwy 33
Cooperstown
New York 13326

RECEIVED
JUN 3 0 2011
By_____

Dear Sir!

I - MICHAEL J. KRAHAM    OF ABOVE ADDRESS
WISH to BE EXCLUDED FROM NE DAIRY Settlement.
FED MILK MARKET ADMINISTRATION IS SENDING
ME THE EXACT TOTAL OF PRODUCTION. IT ISN'T HERE
YET. APPROXIMATE PRODUCTION IS LESS SLIGHTLY THAN
1000 POUNDS PER DAY to the BEST OF MY ABILITY
to Estimate.
    EXACT FIGURES WILL BE HERE SOON.
I CAN BE REACHED AT  607 - 547 - 8894

MICHAEL J KRAHAM

**K**

Mr. Michael J. Kraham
2627 County Highway 33
Cooperstown, NY 13326

7010 1670 0000 6591 9930

NE DAIRY SETTLEMENT EXCLUSIONS
c/o Rust Consulting, INC
P.O, Box 24750
WEST PALM BEACH, FLA
33416

UNITED STATES
POSTAL SERVICE

1000    33416

U.S. POSTAGE
PAID
COOPERSTOWN, NY
13326
JUN 27 '11
AMOUNT
**$5.59**
00026612-09



Excl 4

June 27, 2011

To whom it may concern:

   I would like to be excluded from the Dean Settlement Class.   My name is Daniel Ruigrok, 2935 st rte 22A, Hampton, NY 12837. My phone number is 518-282-9141.   My approximate total volume of milk produced and pooled between 1-1-2002 and 5-23-2011 was 17,912,381 pounds.   Again, I wish to be excluded from the class in the Dean Settlement.   Thank you.



Daniel P. Ruigrok

RECEIVED
JUN 3 0 2011
By_____



Dan Ruigrok
2935 State Route 22A
Hampton, NY 12837-1907

NE DAIRY SETTLEMENT EXCLUSI
℅ RUST CONSULTING INC
PO BOX 24750
WEST PALM BEACH    FL 33416

33416&4750