UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2011 AUG 15 PM 12:40
CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| ALICE H. ALLEN AND LAURENCE E. ALLEN, d/b/a Al-lens Farm, GARRET SITTS and RALPH SITTS, and JONATHAN and CLAUDIA HAAR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIRY FARMERS OF AMERICA, INC., DAIRY MARKETING SERVICES, LLC, and DEAN FOODS COMPANY,<br><br>Defendants. | Case No. 5:09-cv-230 |

### ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING CLAIMS AS TO DEFENDANT DEAN FOODS COMPANY

Plaintiffs Alice H. and Laurence E. Allen, Garret and Ralph Sitts, and Jonathan and Claudia Haar (collectively, Plaintiffs), acting on behalf of themselves and all members of a Settlement Class, and Defendant Dean Foods Company ("Dean") entered into a Settlement Agreement dated December 7, 2010 and amended on April 29 and May 16, 2011 (the "Settlement Agreement") to fully and finally resolve this proposed class action as to Dean. (Doc. 301-1)  On May 4, 2011, the Court issued an Order (the "Preliminary Approval Order") that, among other things, (1) preliminarily approved the proposed Settlement Agreement, (2) certified a class for purposes of the settlement only (the "Settlement Class"), and (3) approved the form of class notice. (Doc. 297)  Notice was provided to the Settlement Class pursuant to the Preliminary Approval Order (Doc. 327-3), and the Court held a fairness hearing on July 18, 2011.  On August 3, 2011, the Court issued an Order (the "Final

JUDGMENT ENTERED ON DOCKET
DATE: 8/15/2011

Approval Order") that, among other things, granted final approval to the Settlement Agreement. (Doc. 341)

Upon the joint motion of Plaintiffs and Dean, and pursuant to Rules 23, 54 and 58 of the Federal Rules of Civil Procedure, and having considered all objections filed of record, oral argument presented at the fairness hearing, and the complete record and files in this matter, IT IS NOW HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the claims of Plaintiffs and the Settlement Class, and over Dean.

2. Capitalized terms not defined in this Order and Final Judgment shall have the meanings defined in the Settlement Agreement.

3. In its Preliminary Approval Order, the Court certified the following Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All dairy farmers, whether individuals, entities or members of cooperatives, who produced raw Grade A milk in Order 1 and pooled raw Grade A milk in Order 1 during any time from January 1, 2002 to the Notice Date. Defendants' current officers and directors are excluded from the Settlement Class.

(Doc. 297 at 3, 12-16)

4. In its Final Approval Order, the Court found that the notices to the Settlement Class complied with Rule 23(c) and constituted, under the circumstances, the most effective and practicable notice of the Settlement Agreement and the Fairness Hearing, and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice. (Doc. 341 at 3-6)

5. The Court has finally approved the Settlement Agreement and its terms as fair, reasonable, and adequate, and in the best interest of the Settlement Class, within the meaning of Rule

23(e) of the Federal Rules of Civil Procedure (Doc. 341), and therefore directs consummation of the Settlement Agreement according to its terms.

6. Four Persons timely requested exclusion from the Settlement Class. These four Persons are: (i) Michael L. Nolt of Talmage, PA, (ii) Heyer Hills Farm of Fairfax, VT, (iii) Michael J. Kraham of Cooperstown, NY and (iv) Daniel P. Ruigrok of Hampton, NY. These four Persons are hereby excluded from the Settlement Class. Plaintiffs and each remaining member of the Settlement Class are bound by this Order and Final Judgment, and will remain forever bound.

7. The Actions are dismissed as to Dean, with prejudice and without costs.

8. All Releasing Parties are permanently barred and enjoined from instituting, commencing, or prosecuting any action asserting any Released Claim against the Released Parties, in any local, state, federal, or other court of any nation, or in any agency or other authority or arbitral or other forum wherever located. As set forth in Paragraph 1.13 of the Settlement Agreement, Released Claim does not include any claim that has been asserted in *In re Southeastern Milk Antitrust Litigation*, Master File No. 2:08-MD-1000, or *Sweetwater Valley Farm, Inc., et al. v. Dean Foods Co., et al.*, No. 2:07-CV-208.

9. Any Settlement Class Member who failed to object in the manner prescribed in the Settlement Agreement is deemed to have waived any objections to the Settlement Agreement and is hereby forever barred from making any such objections to the Settlement Agreement.

10. The escrow account established by the Parties, and into which Dean has deposited $30 million as the Settlement Fund, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code § 468B and the Treasury Regulations promulgated thereunder.

11. In no event shall Dean be obligated to pay anything in addition to the Settlement Fund created pursuant to the Settlement Agreement, including without limitation class notice costs, attorneys' fees, awards to the named Plaintiffs for their efforts on behalf of the Settlement Class, settlement administration costs, escrow costs, taxes, or any other cost or expense arising from or to be paid as part of the settlement. Plaintiffs and Settlement Class Counsel will be reimbursed and indemnified solely out of the Settlement Fund. Except as provided in Paragraph 10.6 of the Settlement Agreement, no payment shall be made out of the Settlement Fund prior to the Effective Date, and then only in accordance with the Court's Final Approval Order (Doc. 341), the Plan of Allocation approved in this Order and Final Judgment, or as otherwise approved by the Court.

12. As set forth in the Settlement Agreement, the Settlement Fund shall be reduced pro rata for each Person who timely and validly requested exclusion from the Settlement Class. The reduction for each opt-out shall be based on the percentage of that opt-out's raw Grade A milk sales in Order 1 relative to total raw Grade A milk sales by the Settlement Class in Order 1. The reduction in the Settlement Fund for opt-outs, including interest thereon, shall be reimbursed to Dean promptly after the Effective Date.

13. The Court approves the Plan of Allocation to Settlement Class Members described in Plaintiffs' Memorandum in Support of Motion for Final Approval of Settlement with Dean Foods Company (Doc. 327-1) as fair and reasonable. After the Effective Date, the net Settlement Fund shall be distributed to Settlement Class Members who filed timely and valid claims ("Approved Claimants") on a pro rata basis. An Approved Claimant's share of the net Settlement Fund shall be based on the dollar value of the Approved Claimant's total amount of raw Grade A milk produced in and pooled on Order 1 from January 1, 2002 to May 23, 2011 relative to the total dollar value of all

timely and valid claims made by Approved Claimants. In no event shall Dean have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration.

14. Settlement Class Counsel is authorized to pay from the Settlement Fund (a) the costs incurred in providing notice to potential Settlement Class members ($20,225.88), (b) any amount up to $10,000 for escrow agent costs, and (c) any taxes that must be paid on income earned on the Settlement Fund. Any other disbursement from the Settlement Fund shall be made only upon approval and order of the Court, and only after the Effective Date of the Settlement. At the conclusion of the claims process, Settlement Class Counsel shall submit to the Court (a) a report of all disbursements to date from the Settlement Fund and all income earned on the Settlement Fund to date, and (b) an application for review and final approval of the proposed distribution of the amounts remaining in the Settlement Fund, including (i) the amounts to be distributed for other expenses incurred in connection with completion of the claims process; (ii) the amounts to be reimbursed to Dean to account for opt-outs; and (iii) the amounts to be distributed to the Settlement Class members who submitted claims. No such final distribution shall take place prior to (a) Court approval of the final distribution and (b) the Effective Date of the Settlement.

15. This Order and Final Judgment, the Settlement Agreement, and/or any and all negotiations, documents, and discussions associated with it shall be without prejudice to the rights of any Party, and shall not be deemed or construed to be an admission or evidence of any kind, including without limitation of any violation of any statute or law or any liability or wrongdoing by Dean or an acknowledgment of defenses by Plaintiffs, or the truth of any of the claims or allegations

contained in the Complaint or any other pleading or the standing of any party to assert claims against Dean or defenses against the Plaintiffs, and evidence thereof shall not be discoverable or used directly or indirectly, by any Party or third party, in any way, whether in the Class Action or in any other action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, tribunal, administrative agency, regulatory body or other similar entity, provided, however, that nothing contained herein shall preclude use of the Settlement Agreement or this Order and Final Judgment in any proceeding to enforce the Settlement Agreement.

16. Without affecting the finality of this Order and Final Judgment, this Court retains jurisdiction over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement.

17. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure 54(b), the Court finds that there is no just reason for delay and hereby directs entry of this final judgment of dismissal as to Dean forthwith.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 15th day of August, 2011.

_____
Christina Reiss, Chief Judge
United States District Court