UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ALICE H. ALLEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAIRY FARMERS OF AMERICA, INC., and<br>DAIRY MARKETING SERVICES, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 5:09-CV-00230-cr<br>)<br>)<br>)<br>)<br>)<br>) |

**DAIRY FARMER SUBCLASSES' MOTION *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW TO PRECLUDE DEFENDANTS FROM ASSERTING <u>CAPPER-VOLSTEAD PROTECTION</u>**

The DFA/DMS and non-DFA/DMS Subclasses ("Plaintiffs") respectfully move for an Order *in limine* precluding Defendants, Dairy Farmers of America, Inc. ("DFA") and Dairy Marketing Services, LLC ("DMS"), or their witnesses, from asserting at trial that Defendants have Capper-Volstead protection.

**BACKGROUND**

Defendants asserted in their Answer that they are immune from antitrust liability because they are cooperatives and their actions allegedly are covered by the Capper-Volstead Act. *See* DFA/DMS Answer at 41, Dkt. 148. Consistent with this assertion, Defendants intend to offer numerous exhibits stating Defendants have Capper-Volstead protection, and Defendants presumably intend to offer live testimony making similar claims.[1]

Capper-Volstead protection, however, is an affirmative defense, the applicability of which depends on facts that first must be established at trial. *Alexander v. Nat'l Dairy Farmers*

---

[1] By way of example, Defendants' proposed trial exhibit nos. 2006, 2085, 2640, and 2959 assert Capper-Volstead protection. Likewise, Defendants plan to call DFA's chief legal counsel, David Geisler, as a live witness and Plaintiffs believe he may make conclusory statements regarding Capper-Volstead protection, just as he did when he testified on Defendants' behalf as a Rule 30(b)(6) witness.

*Org.*, 687 F.2d 1173, 1184 (8th Cir. 1982), *cert. denied*, 461 U.S. 937 (1983); *Allen v. Dairy Farmers of Am., Inc.*, 748 F. Supp. 2d 323, 345 (D. Vt. 2010) ("Capper-Volstead immunity as an affirmative defense to be established by a defendant seeking its protection."). As a result, Defendants and their witnesses should not be permitted to assert during trial that they have Capper-Volstead protection without first establishing they meet all of the Act's requirements.

## ARGUMENT

### I.   CAPPER-VOLSTEAD IS AN AFFIRMATIVE DEFENSE THAT DEFENDANTS MUST ESTABLISH BEFORE ASSERTING AT TRIAL

Defendants and their witnesses should be precluded from asserting that they have Capper-Volstead protection because "Capper-Volstead immunity [is] an affirmative defense to be established by a defendant seeking its protection." *Id.* The predicate for any assertion of Capper-Volstead protection, or any immunity it may provide, is establishing that an organization in fact qualifies for Capper Volstead protection.

In order to make a *prima facie* showing sufficient to assert Capper-Volstead protection, a cooperative (or marketing organization) must at a minimum establish that: (l) it is composed of members who are producers of agricultural products or that it is composed of cooperatives composed of such producers; (2) it is involved in the "processing, preparing for market, handling or marketing" of the agricultural products of its members; and (3) it is "operated for the mutual benefit of its members." 7 U.S.C. § 291; *see also Agritronics Corp. v Nat'l Dairy Herd Ass'n*, 914 F. Supp. 814, 823 (N.D.N.Y. 1996). Failure to prove **any** of these elements forecloses the applicability of Capper-Volstead protection. *See Nat'l Broiler Mktg. Ass'n v. U.S.,* 436 U.S. 816, 827-829 (1978) (holding that a marketing association was not entitled to Capper-Volstead protection if even one of its members did not satisfy the requirements of the Act); *see also Allen*,

748 F. Supp. 2d at 346 ("Capper-Volstead requires that all members of the cooperative be farmers and even one middleman is sufficient to destroy the Capper-Volstead immunity shield").

Defendants have not met their burden of proof to satisfy the prerequisites for Capper-Volstead protection. *See In re Mushroom Direct Purchaser Antitrust Litig.*, 621 F. Supp. 2d 274, 281 (E.D. Pa. 2009) (providing that party asserting Capper-Volstead immunity bears the burden of proof); *Allen*, 748 F. Supp. 2d at 345 (same). For example, Plaintiffs have proffered overwhelming evidence that Defendants and their conspirators entered into non-solicitation agreements, pursuant to which they refused to compete for farmer milk. *See, e.g.,* 3/17/14 Plaintiffs' Separate Concise Statement of Disputed Material Facts at 16-17, Dkt. 488. Such actions demonstrate that Defendants were not entities "operated for the mutual benefits of [their] members." In view of this and other disqualifying evidence Plaintiffs will establish at trial, Defendants and their witnesses should not be permitted to assert – without first establishing – that they are Capper-Volstead qualified and protected entities.

## II. CAPPER-VOLSTEAD DOES NOT APPLY TO THE CLAIMS OR CONDUCT ALLEGED IN THE COMPLAINT

Even if Defendants could establish Capper-Volstead eligibility, Defendants and their witnesses should be precluded from asserting they have Capper-Volstead protection because Capper-Volstead does not immunize the conduct alleged by Plaintiffs and demonstrated by the evidence.

*First*, Plaintiffs allege that Defendants conspired with non-exempt processors, such as Dean, NDH, and Hood, to suppress competition for the purchase of farmer milk. *See*, *e.g.*, Complaint at ¶¶ 231-286, Dkt. 286. There is no dispute that these processors are not cooperatives and cannot, under any circumstance, enjoy Capper-Volstead protection. And, the presence of these non-eligible processors strips the conspiring cooperatives of any Capper-

Volstead protection that they might otherwise enjoy. *See, e.g., Alexander*, 687 F .2d at 1182 (rejecting defendants' assertion of Capper-Volstead immunity in response to price-fixing allegations in the dairy industry because "[c]o-ops cannot ... conspire or combine with nonexempt entities to fix prices or control supply, even though such activities are lawful when engaged in by co-ops alone."). Accordingly, Capper-Volstead does not apply to the conspiracy alleged and Defendants and their witnesses should be precluded from testifying or asserting that their conduct is immune pursuant to Capper-Volstead. *See* 7 U.S.C. § 291; *see also U.S. v. Borden Co.*, 308 U.S. 188, 204-05 (1939) (denying Capper-Volstead protection where dairy cooperative conspired to fix prices with non-exempt entities).

*Second*, Capper-Volstead's immunity is limited in scope and does not apply to anticompetitive or predatory acts designed to stifle competition. *See Alexander*, 687 F.2d at 1183 ("[w]here such an unlawful intent is clear, overt acts in furtherance of the purpose are not immunized simply because they might also have other justifications or because they are merely 'anti-competitive' rather than 'predatory.'"). Plaintiffs allege a variety of predatory acts – and submitted evidence establishing those acts in summary judgment – including: (1) non-solicitation agreements; (2) secret rebates; (3) refusals to deal; and (4) the use of full supply agreements to force other cooperatives to join DMS and to compel independent farmers to market their milk through DMS, which was controlled by DFA. *See* 3/17/14 Plaintiffs' Separate Concise Statement of Disputed Material Facts at 8-48 (Dkt. 488). These are precisely the sort of acts that courts have deemed as predatory and outside the limited scope of Capper-Volstead protection. *See*, *e.g.*, *Md. & Va. Milk Prod. Ass'n v. U.S.*, 362 U.S. 458, 470-72 (1960) (denying Capper-Volstead protection where cooperative and processor agreed not to compete for ten years and further agreed that processor would assist in converting its independent producers to

4

cooperative members); *see also Bergjans Farm Dairy Co. v. Sanitary Milk Prod.*, 241 F. Supp. 476 (E.D. Mo. 1965) (secret rebates held predatory); *U.S. v. Coop. Theatres of Ohio, Inc.*, 845 F.2d 1367, 1371-73 (6th Cir. 1988) (finding a *per se* violation where conspirators entered into a "no-solicitation" agreement pursuant to which active solicitation was prohibited, but conspirators remained free to accept unsolicited business from each other's customers).

*Third*, as noted, Capper Volstead does not apply unless "associations are operated for the mutual benefit of members thereof." 7 U.S.C. § 291; *see also Alexander*, 687 F.2d at 1184; *Allen*, 748 F. Supp. 2d at 346. The activities that Plaintiffs challenge here – all of which were part of Defendants' conspiracy to suppress competition for the purchase of milk from farmers – cannot remotely be considered actions taken for the mutual benefit of farmers or Defendants' farmer members. As such, Capper-Volstead does not apply to the claims or conduct alleged or at issue at trial.

## CONCLUSION

For the foregoing reasons, Defendants and their witnesses should be precluded from asserting that they have Capper-Volstead protection.

Dated: May 30, 2014                                         Respectfully submitted,


/s/ Robert G. Abrams                                        /s/ Kit A. Pierson, Esq.
Robert G. Abrams, Esq.                                      Kit. A. Pierson, Esq.
Robert J. Brookhiser, Esq.                                  Benjamin D. Brown, Esq.
Gregory J. Commins, Jr., Esq.                               Brent W. Johnson, Esq.
Terry L. Sullivan, Esq.                                     Emmy L. Levens, Esq.
Danyll W. Foix, Esq.                                        Cohen Milstein Sellers & Toll, PLLC
Baker & Hostetler LLP                                       1100 New York Ave., N.W.
Washington Square, Suite 1100                               Suite 500, West Tower
1050 Connecticut Ave., N.W.                                 Washington, DC 20005
Washington, DC 20036                                        (202) 408-4600
202-862-1500                                                kpierson@cohenmilstein.com
rabrams@bakerlaw.com                                        bbrown@cohenmilstein.com

5

rbrookhiser@bakerlaw.com
gcommins@bakerlaw.com
tsullivan@bakerlaw.com
dfoix@bakerlaw.com
Emily J. Joselson, Esq.
Lisa B. Shelkrot, Esq.
Langrock Sperry & Wool, LLP
210 College St.
P.O. Box 721
Burlington, VT 05402-0721
(802) 864-0217
ejoselson@langrock.com
lshelkrot@langrock.com

*Counsel for Alice E. and Laurence E. Allen, Garret and Ralph Sitts, and the non-DFA/DMS Subclass*

bjohnson@cohenmilstein.com
elevens@cohenmilstein.com

David A. Balto, Esq.
The Law Offices of David A. Balto
1350 I St,, N.W., Suite 850
Washington, DC 20005
(202) 789-5424
david.balto@yahoo.com

Andrew D. Manitsky, Esq.
Gravel and Shea PC
76 St. Paul St., 7th Floor,
P.O. Box 369
Burlington, VT 05402
(802) 658-0220
amanitsky@gravelshea.com

*Counsel for Jonathan and Claudia Haar, Richard Swantak, and the DFA/DMS Subclass*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing DAIRY FARMER SUBCLASSES MOTION IN LIMINE AND INCORPORATE MEMORANDUM OF LAW TO PRECLUDE DEFENDANTS FROM ASSERTING CAPPER-VOLSTEAD PROTECTION was filed this 30th day of May, 2014, using the Court's CM/ECF system. Copies of this document will be served on all counsel of record via ECF.

                                      /s/ Evan M. Mannering
                                      Evan M. Mannering