# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ALICE H. ALLEN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DAIRY FARMERS OF AMERICA, INC., and )<br>DAIRY MARKETING SERVICES, LLC, )<br>)<br>Defendants. ) | Civil Action No. 5:09–CV–00230–cr |

### [PROPOSED] ORDER

Upon consideration of Dairy Farmer Subclasses' Expedited Motion for Preliminary Approval of Proposed Settlement with Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC ("Motion") (Dkt. ____), it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. The Court finds that the proposed settlement between the DFA/DMS Subclass and non-DFA/DMS Subclass, and Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC ("Settling Defendants"), as set forth in their Settlement Agreement attached as Exhibit A to the Motion, and subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Subclass.

3. The Court approves the form and content of the Notice of Proposed Settlement ("Notice") and Summary Notice of Proposed Settlement ("Summary Notice"), attached to the Motion as Exhibit B and C, respectively.

4. The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitute the best notice practicable under

the circumstances, are due and sufficient notice to all persons entitled thereto and comply fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

5. As soon as practicable after the date of this Order, the Notice shall be mailed by first class U.S. Mail, postage prepaid, to all potential members of the Subclass whose identities and locations are reasonably ascertainable, which may be satisfied by sending the Notice to the addresses of potential Subclass members compiled in the course of the Dean settlement and class notice, plus any additional identified potential Subclass members. In addition, the Summary Notice shall be published in the next available issues of *American Agriculturalist*, *Country Folks* (Eastern edition), *Farming: The Journal of Northeast Agriculture*, and *Progressive Dairyman* (Northeast edition). Subclass Counsel also shall post the Motion, the Settlement Agreement, the Notice, and this Order on the class action website maintained by the Claims Administrator.

6. No additional opt-out period is warranted or required by Rule 23(e)(4) of the Federal Rules of Civil Procedure.

7. The Court will convene a hearing (the "Fairness Hearing") on October 22, 2014 or the earliest date thereafter convenient for the Court to consider (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate to and in the best interests of the Subclasses, and whether Judgment should be entered dismissing the Released Claims on the merits and with prejudice; and (b) whether to approve any application by Subclass Counsel for an award of attorneys' fees, payment of costs and expenses, and incentive awards to the Subclass Representatives. Any Subclass Member who follows the procedure set forth in the Notice may appear and be heard at the Fairness Hearing. The Fairness Hearing may be continued without further notice to the Subclass.

8. Any person who timely requested exclusion from the Subclass may apply to the Court to be reinstated to the Subclass (opt back in) for the purpose of participating in the proposed settlement with Settling Defendants, provided such application is delivered to the Claims Administrator at least fourteen (14) days prior to the Fairness Hearing and otherwise complies with the requirements set forth in the Notice.

9. Any member of the Subclass who objects to the settlement with Settling Defendants must do so in writing. The objection must include the caption of this case, be signed, and be filed with the Court no later than fourteen (14) days prior to the Fairness Hearing and shall otherwise comply with the requirements set forth in the Notice. The objection must also be delivered to Subclass Counsel and counsel for Settling Defendants no later than fourteen (14) days prior to the Fairness Hearing. Any response to timely, completed objections must be filed with the Court and served no later than seven (7) days prior to the Fairness Hearing.

10. Any Subclass Member who wishes to be eligible for a payment as a result of the Settlement, including anyone seeking to opt back in, must file a claim no later than fourteen (14) days before the Fairness Hearing.

11. No later than seven (7) business days prior to the Fairness Hearing, Subclass Counsel shall file with the Court, and serve upon counsel for Settling Defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of the Summary Notice were made, showing that mailing and publication were made in accordance with this Order. Subclass Counsel shall also identify all requests to be reinstated to the Subclass in this filing.

12. Any Subclass Member who seeks to appear and be heard at the Fairness Hearing shall, no later than fourteen (14) business days prior to the Fairness Hearing, send a letter with that request to the Clerk of the Court, Subclass Counsel, and counsel for the Settling Defendants.

13. The Court approves the establishment of the Settlement Fund, as set forth in Section 8 of the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B-l. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the Settlement Fund. Subclass Counsel and their designees are authorized to use up to $100,000 of the Settlement Fund to give notice of the Settlement to Subclass members and for settlement administration costs, up to $10,000 of the Settlement fund for escrow agent costs, and such amount of the Settlement Fund as is required to pay taxes on income earned on the Settlement Fund, with prior notice to Settling Defendants. No other disbursements shall be made from the Settlement Fund prior to the Effective Date, as defined in the Settlement Agreement, and then only upon approval and order of the Court.

14. Rust Consulting, Inc. is appointed as Claims Administrator for purposes of notice and administration of the settlement with Settling Defendants. JPMorgan Chase Bank, National Association shall serve as the escrow agent in connection with the Settlement Fund described in Section 7 of the Settlement Agreement.

15. All proceedings against Settling Defendants, except those proceedings provided for or required by the Settlement Agreement, are STAYED until further order of the Court.

16. Subclass Members are preliminarily enjoined from the initiation, commencement or prosecution of any Released Claim against any of the Settling Defendants.

17. All capitalized terms used in this Order shall have the meanings set forth in the Settlement Agreement.

5

So ordered.

ENTER:

                                                UNITED STATES DISTRICT JUDGE