# EXHIBIT A

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

# If Your Farm Produced and Pooled Grade A Milk In Federal Milk Marketing Order 1 Since 2002

### You Could Get Money from a Class Action Settlement.
*A court authorized this notice.  You are not being sued.*

- A $50 million Settlement with Dairy Farmers of America, Inc. ("DFA") and Dairy Marketing Services LLC ("DMS") has been reached.  The Settlement provides financial payment to certain dairy farmers in the Northeast and results in changes to DFA's and DMS's business practices.

- This settlement resolves all claims against DFA and DMS in a lawsuit alleging they engaged in anticompetitive conduct within Federal Milk Marketing Order 1. If this settlement is approved, you will not be able to sue DFA and DMS, as well as their members, partners, and certain related entities, for the claims in this suit or claims related to the facts or circumstances in the Consolidated Amended Complaint (which can be found at www. NEDairySettlement.com).

- The average payment is estimated to be approximately $4,000, but this depends on the number of valid claims. You may receive a greater or lesser amount depending on how much milk you produced and pooled in Order 1. You must file a claim to get a payment from the Settlement.

- If you received this notice in the mail, records indicate that you produced milk in the Northeast between January 1, 2002 and the present and may be eligible to receive a payment from the settlement.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a cash payment. |
| **OPT-IN TO THE SETTLEMENT** | If you previously asked to be excluded from the Class, you may now ask the Court to reinstate you as a member of the Class for purposes of the settlement with the Settling Defendants. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment from the settlement.  ~~Give up your rights to sue DFA or DMS about the legal claims in this case.~~ |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**..................................................................................................Page 3

    1. Why was this notice issued?
    2. Why is this a class action?
    3. Who are the Defendants?
    4. What is this lawsuit about?
    5. Why is there a Settlement with DFA and DMS?

**WHO IS IN THE SETTLEMENT CLASS**........................................................................Page 4

    6. How do I know if I'm part of the Settlement?
    7. Are there any exceptions to being included?
    8. Are there any exceptions to being included?
    9. If I previously did not ask to be excluded from the Class, can I change my mind now?
    10. I'm still not sure if I'm included.

**SETTLEMENT BENEFITS**..............................................................................................Page 5

    11. What does the Settlement Provide?
    12. How much money can I get from the Settlement?
    13. What am I giving up ~~to stay in the Class~~ under the Settlement?

**HOW TO GET A PAYMENT**...........................................................................................Page 6

    14. How can I get a payment?
    15. When will I get my payment?
    16. Can I submit a claim even if I oppose the Settlement?

**THE LAWYERS REPRESENTING YOU**.......................................................................Page 7

    ~~16~~17. Do I have a lawyer in the case?
    ~~17~~18. How will the Plaintiffs' lawyers be paid?
    ~~18~~19. What are Incentive Fees for the Subclass Representatives?

**OBJECTING TO THE SETTLEMENT**...........................................................................Page 8

    ~~19~~20. How do I tell the Court that I don't like the Settlement?
    ~~20~~21. ~~What's the difference between objecting to the Settlement and excluding myself from the Settlement?~~ Can I receive a payment even if I object?

**THE COURT'S FAIRNESS HEARING**..........................................................................Page 9

    ~~21~~22. When and where will the Court decide whether to approve the Settlement?
    ~~22~~23. Do I have to come to the hearing?
    ~~23~~24. May I speak at the hearing?

**IF YOU DO NOTHING**..................................................................................................Page 9

    ~~24~~25. What happens if I do nothing at all?

**GETTING MORE INFORMATION**................................................................................Page 9

    ~~25~~26. How do I get more information?

## BASIC INFORMATION

### 1. Why was this notice issued?

A Court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to approve the settlement. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for those benefits, and how to get them.

Judge Christina Reiss, of the United States District Court for the District of Vermont, is currently overseeing this case. The case is known as *Allen v. Dairy Farmers of America, Inc.*, No. 5:09-CV-230. The people who sued are called the Plaintiffs and the people and companies they sued are called the Defendants (*see* Question 3 below).

This settlement is separate from a prior settlement with Dean Foods Company. Even if you previously participated in the Settlement with Dean Foods, you have separate legal rights and options in this settlement with DFA and DMS.

This Notice summarizes the settlement. To view the complete Settlement Agreement, visit www.NEDairySettlement.com.

### 2. Why is this a class action?

You previously received a notice informing you that this lawsuit has been "certified" as a Class Action. This means that the Court has found that the lawsuit meets the requirements for class actions and may proceed accordingly. The Court has certified two "subclasses" which are described below. If you are included in a Subclass, you have decisions to make now about whether to participate in this Settlement. This notice explains these decisions

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All these people are a class or class members, except for those who exclude themselves from the class.

In this case, the representative dairy farmers for the DFA/DMS subclass include: Jonathan Haar, Claudia Haar and Richard Swantak. The representative dairy farmers for the non-DFA/DMS subclass are Alice H. Allen, Laurence E. Allen, Garrett Sitts and Ralph Sitts.

### 3. Who are the Defendants?

This litigation is proceeding against two remaining Defendants, Dairy Farmers of America, Inc. ("DFA") and Dairy Marketing Services, LLC ("DMS"), involved in the marketing, sale, purchase, and processing of Grade A milk produced by dairy farmers in the Northeast.

### 4. What is this lawsuit about?

The lawsuit claims that Defendants (including previous Defendant Dean Foods and other co-conspirators) unlawfully conspired to monopolize and to eliminate competition for the marketing, sale, and purchase of raw Grade A milk in the Northeast and thereby suppressed prices lower than they would have been in a competitive market. This lawsuit seeks to stop Defendants from engaging in the alleged unlawful conduct, to prohibit practices found to be unlawful, and to recover damages for the illegally suppressed prices for raw Grade A milk. The Defendants deny that they did anything wrong or that they acted in a manner that harmed dairy farmers. There has not yet been a determination as to whether Plaintiffs' claims are correct or Defendants have done anything wrong.

| 5. Why is there a Settlement with DFA and DMS? |
|---|

The Court has not decided in favor of Plaintiffs or DFA and DMS. The Plaintiffs think they would win against DFA and DMS at a trial. DFA and DMS thinks the Plaintiffs would not win. But there will be no trial against DFA and DMS. Instead, Plaintiffs and DFA and DMS agreed to a settlement. That way, they avoid the cost of a trial, and Class Members will get the benefits of this Settlement.

The Court previously appointed Counsel to represent each Subclass in this case. Based on an extensive investigation of the facts and the law relevant to the lawsuit, Counsel think the Settlement is best for all Class Members. Most of the Subclass Representatives oppose the Settlement. The Subclass Representatives – as well as any other members of the Subclasses – will have an opportunity to express their views regarding the Settlement at the Fairness Hearing, *see* questions 22-24.

## WHO IS IN THE SETTLEMENT CLASS

| 6. How do I know if I'm part of the Settlement? |
|---|

If you are a member of either of the two Subclasses certified by the Court – and have not excluded yourself – then you are a part of the Settlement. The Court has certified two groups or Subclasses:

**DFA/DMS Member Subclass**

- All dairy farmers (individuals or entities) who produced and pooled raw Grade A milk in Order 1 during any time from January 1, 2002 to the present, who are members of DFA or otherwise sell milk through DMS.

**Non-DFA/DMS Member Subclass**

- All dairy farmers (individuals or entities), who produced and pooled raw Grade A milk in Order 1 during any time from January 1, 2002 to the present, and who are **not** members of DFA and do **not** sell milk through DMS.

If there are multiple owners of your dairy farm, please forward this Notice to all of the owners. If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send your correct address to the Notice Administrator at the address in Question 26.

| 7. Are there any exceptions to being included? |
|---|

You are **not** part of the Settlement if you excluded yourself from the Class in this litigation.

The following persons and entities are also excluded from the Settlement: the current and former officers and directors of DFA, DMS, Dean Foods, HP Hood LLC, National Dairy Holdings, Farmland Dairies LLC, Kraft, Dairylea Cooperative, Inc., St. Albans Cooperative Creamery, Inc., Agri-Mark, Inc., Land O'Lakes, Inc., and Maryland and Virginia Milk Producers Cooperative Association, Inc. These entities are alleged to have conspired with Defendants with regards to some of the alleged unlawful acts, but are not themselves Defendants in the lawsuit. If you sold milk to or were a member of one or more of these entities, you are still eligible to participate in the lawsuit unless you were an officer or director of the entity. If you hold some other position with any of these entities, but are not an officer or director, you are still eligible to participate in this lawsuit.

| 8. If I previously asked to be excluded from the Class, can I change my mind now? |
|---|

If you previously asked to be excluded from the Class in response to the Court's notice of class certification dated XXX, you may ask the Court to reinstate you as part of the Class for purposes of the

settlement with the Settling Defendants. You must deliver an application to NE Dairy Farm Class Reinstatements, c/o Rust Consulting, Inc., P.O. Box XXX, XXXX explaining your reasons for seeking reinstatement for purposes of the settlement with the Settling Defendants, so that it is **received** no later than [MM-DD-YY].

If you are reinstated, you may be eligible for a payment from the settlement with Settling Defendants, provided you file a claim form as described below in Question 14. Note that reinstatement for this settlement will not make you a part of any class for purposes of any claims you may have against any other Defendants. If you previously asked to be excluded from the Class and wish to pursue claims against any other Defendants, you must do so in a separate lawsuit. In evaluating whether to pursue any individual claim, you should consult your own attorney.

### 9. If I previously did not ask to be excluded from the Class, can I change my mind now?

You cannot exclude yourself from the Class at this time.

### 10. I'm still not sure if I'm included.

If you are still not sure whether you are included in the Settlement Class, you can ask for free help.

For more information, visit www.NEDairySettlement.com, or call 1-800-XXX-XXXX, or write to NE Dairy Settlement, PO Box XXXX, City, MN XXXXX.

## SETTLEMENT BENEFITS

### 11. What does the Settlement provide?

DFA and DMS have agreed to pay $50,000,000 into a Settlement Fund. After deducting attorneys' fees, plus costs, expenses, and incentive fees for the dairy farmers who brought the lawsuit (*see* Questions 18 and 19), the net Settlement Fund will be distributed to members of the Subclasses who file valid claims.

In addition to the $50 million Settlement Fund, DFA and DMS have agreed to change their business practices in the following ways:

- DFA and DMS will not enter any agreement to restrict solicitation of raw Grade A milk from farmers including any agreement that would limit the ability of any cooperative to approach farmers and offer them more favorable prices, services, or other terms.

- DFA and DMS agree not to oppose a request by Subclass Counsel to unseal and release certain of their previously confidential materials that were submitted to the Court during this case.

- DFA and DMS will not enter into any new full-supply agreements for the supply or sale of raw Grade A milk in Order 1 during the Settlement Term, although existing agreements may be renewed; and any new supply agreements of any type, or the renewal of existing full supply or other agreements, shall be presented, reviewed, and approved by the DFA and/or DMS Board of Directors prior to entering or renewing the agreements.

- Upon written request by any of their respective members in Order 1, DFA and DMS agree to disclose to that member a summary of the terms of any DFA or DMS agreement for the supply or sale of raw Grade A milk to customers in Order 1, to the extent the contracts so permit.

- Any cooperative member, affiliate, or associate of DFA or DMS in Order 1 may, during the Settlement Term, terminate its relationship with DFA or DMS upon no more than ninety (90) days written notice without penalty.

- DFA will prepare financial reports in accordance with generally accepted accounting principles and DFA will be audited by a nationally-recognized accounting firm.
- DFA senior management and Audit Committee members will affirmatively represent they are responsible for the preparation, integrity and accuracy of DFA's annual financial report.
- DFA will post on its member-only website an annual disclosure of all material related-party transactions, specifically broken out and identified by transaction.
- At its annual meeting, DFA will disclose to its delegates all material related-party transactions as well as DFA's financial results from its participation in joint ventures and off-balance sheet transactions, specifically broken out and identified by transaction.
- DFA will disclose the identity of the members of its board of directors and its committees and their generally applicable *per diem* payment rate compensation.
- DFA senior executive management and board members will execute annual conflict of interest certifications, which will be subject to review by DFA's Audit Committee and a report by the Committee at DFA's annual meeting.
- DFA's Northeast Area Council ("NEAC") will undertake a careful review of: (1) members' milk checks in order to determine whether changes in the milk checks are warranted to improve their clarity or transparency and (2) the election procedure by which Area Council members and delegates are chosen, including specifically whether the membership should be able to cast ballots by mail. Changes recommended by the NEAC will be implemented.

The Settlement Term expires on December 31, 2016. The Settlement Agreement, available at the website, contains more details about the settlement with DFA and DMS.

### 12. How much money can I get from the Settlement?

The amount of money you may receive cannot be calculated at this time. Your share will depend on the amount of raw Grade A milk you produced in and pooled on Order 1 from January 1, 2002 to [Notice Date MM-DD-YY] as well as the number of valid claims that are received and the attorneys' fees, incentive fees for the Subclass Representatives, costs, and expenses approved by the Court.

We don't know how many people will file claims. However, if 8,000 dairy farmers file a valid claim, the average payment per farmer is estimated to be $4,000. Your payment could be more or less than $4,000 depending on the amount of raw Grade A milk you produced and pooled on Order 1.

### 13. What am I giving up ~~to stay in the Class~~ under the Settlement?

In exchange for the Settlement Benefits explained above, you and other members of the Subclasses give up the right to continue this lawsuit against DFA or DMS.

You also give up the right to sue DFA and DMS, as well as their members and partners and certain related entities, for the claims in this suit or claims related to the facts or circumstances in the Consolidated Amended Complaint (which can be found at www.NEDairySettlement.com).

Giving up the right to sue DFA, DMS, their members and partners and certain related entities is called a "Release of Claims." The "Release of Claims" is described more fully in the Settlement Agreement. The Settlement Agreement is available at www.NEDairySettlement.com.

You should carefully review a full copy of the Release of Claims to make sure you understand what you are giving up. As stated above, the Release extends beyond DFA and DMS to certain related entities and extends beyond the legal claims in this lawsuit. You may seek legal advice if you have any questions regarding the Release of Claims. ~~If you remain in the Settlement Class, you can't sue DFA or DMS, continue to sue, or be part of any other lawsuit against DFA or DMS regarding the legal claims in this~~

~~case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" is described more fully in the Settlement Agreement and describes exactly the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement is available at .~~

## HOW TO GET A PAYMENT

**14. How can I get a payment?**

To ask for a payment, complete and submit a Claim Form. A Claim Form is enclosed with this Notice. Claim Forms are also available at www.NEDairySettlement.com or by calling 1-800-XXX-XXXX. Please read the instructions carefully, fill out the Claim Form, provide the required documentation and mail it postmarked no later than [MM-DD-YY], to:

> Northeast Dairy Farmer Settlement with DFA/DMS
> c/o Rust Consulting, Inc.
> P.O. Box 2958
> Faribault, MN 55021-2958

**15. When will I get my payment?**

Payments will be mailed to Class Members who send in valid Claim Forms on time, after the Court grants "final approval" to the Settlement and after any appeals are resolved. If the Court approves the Settlement after a hearing on [MM-DD-YY], there may be appeals. It's always uncertain when any appeals will be resolved, and resolving them can take time.

**1~~5~~6. Can I submit a claim even if I oppose the Proposed Settlement?**

Yes. You have the right to oppose the Settlement or any part of the Settlement even if you submit a claim. To learn more about your right to object to the Settlement, see questions 20 and 21.

## THE LAWYERS REPRESENTING YOU

**1~~6~~17. Do I have a lawyer in the case?**

Yes. The Court has appointed the following firms as counsel for the Subclasses:

| DFA/DMS MEMBER SUBCLASS | NON-DFA/DMS MEMBER SUBCLASS |
|---|---|
| Kit A. Pierson, Esq.<br>Benjamin D. Brown, Esq.<br>Brent W. Johnson, Esq.<br>Emmy L. Levens, Esq.<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Avenue, NW<br>Suite 500, West Tower<br>Washington, DC 20005<br>Tel: (202) 408-4600<br><br>Andrew D. Manitsky, Esq.<br>Gravel and Shea PC<br>76 St. Paul Street, 7th Floor, | Robert G. Abrams, Esq.<br>Gregory J. Commins, Jr., Esq.<br>Robert J. Brookhiser, Esq.<br>Baker Hostetler LLP<br>Washington Square, Suite 1100<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5304<br>Tel: (202) 861-1500<br><br>Emily J. Joselson, Esq.<br>Lisa B. Shelkrot, Esq.<br>Langrock Sperry & Wool, LLP<br>210 College Street, |

| | |
|---|---|
| PO Box 369<br>Burlington, VT 05402-0369<br>Tel: (802) 658-0220<br><br>Ian McGloughlin, Esq.<br>Shapiro Haber & Urmy LLP<br>53 State Street<br>Boston, MA 02109-2802<br>Tel: (617) 439-3939<br><br>David A. Balto<br>The Law Offices of David A, Balto<br>1350 I Street, N.W., Suite 850<br>Washington, DC 20005<br>Tel: (202)-789-5424 | PO Box 721<br>Burlington, VT 05402-0721<br>Tel: (802) 864-0217 |

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

### ~~17~~18. How will the Plaintiffs' lawyers be paid?

Subclass Counsel will ask the Court for attorneys' fees of $16.66 million or one-third the Settlement Fund plus the payment of costs and expenses incurred in connection with the case. Subclass Counsel's applications for attorneys' fees, costs, and expenses will be filed with the Court by [MM-DD-YY] and posted on the settlement website.

The Court may award less than these amounts. Payments approved by the Court will be made from the Settlement Fund.

### ~~18~~19. What are Incentive Fees for the Subclass Representatives?

Incentive fees provide money to the dairy farmers who brought this suit and have served as Subclass Representatives. These fees (sometimes referred to as plaintiff incentive awards) provide payments to the Subclass Representatives for their work in representing the interests of the Subclasses throughout the course of this litigation. The representatives for the DFA/DMS subclass are Jonathan Haar, Claudia Haar and Richard Swantak. The representatives for the non-DFA/DMS subclass are Alice H. Allen, Laurence E. Allen, Garrett Sitts and Ralph Sitts.

Subclass counsel will request incentive fees of $20,000 to each of the Subclass Representatives' farms. Applications for incentive payments will be filed along with Subclass Counsel's application for fees and expenses on [MM-DD-YY] and posted on the settlement website.

The Court may award less than these amounts. Payments approved by the Court will be made from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### ~~19~~20. How do I tell the Court that I don't like the Settlement?

If you are a Subclass Member, you can object to the Settlement or to Class Counsel's requests for fees, expenses, and incentive fees for the Subclass Representatives. To object, you must send a letter saying that you object. Your letter must also include the following:

8

- Your name, address, and telephone number,
- The name of the case (Allen v. Dairy Farmers of America, Inc., No. 5:09-CV-230-CR),
- A brief statement regarding your milk sales and any cooperative status or affiliation,
- The specific reasons you object to the Settlement, and
- Your signature.

Your objection, along with any supporting material you wish to submit, must be mailed and postmarked no later than [MM-DD-YY], to the following three addresses:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Court Address | Benjamin D. Brown, Esq.<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Avenue, NW<br>Suite 500, West Tower<br>Washington, DC 20005<br><br>Robert G. Abrams, Esq.<br>Baker Hostetler LLP<br>Washington Square, Suite 1100<br>1050 Connecticut Avenue, NW<br>Washington, DC  20036-5304 | Steven R. Kuney, Esq.<br>Williams & Connolly LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005 |

~~20. What's the difference between objecting to the Settlement and excluding myself from the Settlement?~~

~~Objecting is telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.~~

21. **Can I receive a payment even if I object?**

Yes.  You can submit a claim and receive your share of the Proposed Settlement even if you oppose the Settlement.  If you want to receive your share of the Proposed Settlement you must submit a claim by [MM-DD-YY].

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for attorneys' fees, expenses, and incentive payments for the Subclass Representatives. You may attend and you may ask to speak, but you don't have to.

~~24~~22.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing beginning at [time] on [MM-DD-YY] at the United States District Court for the District of Vermont, [address], in [courtroom].  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.NEDairySettlement.com.  At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them.  The Court may listen to people who asked to speak at the hearing. The Court may also decide how much to pay the lawyers for Plaintiffs and the Class.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

| ~~22~~23. Do I have to come to the hearing? |
|---|

No. Plaintiffs' lawyers will answer any questions Judge Reiss may have. But you are welcome to attend the hearing at your own expense. If you send a written objection, you do not have to come to the Court to discuss it. As long as you mailed your written objection on time, following the instructions in this Notice, the Court will consider it. You may also pay your own lawyer to attend, if you wish, but it's not necessary.

| ~~23~~24. May I speak at the hearing? |
|---|

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear at the Fairness Hearing." Be sure to include all of the information listed in Question 19. ~~You cannot speak at the hearing if you exclude yourself.~~

You must mail your Notice of Intention to Appear, postmarked no later than [MM-DD-YY], to the four addresses in question 20.

## IF YOU DO NOTHING

| ~~24~~25. What happens if I do nothing at all? |
|---|

If you do nothing, you will not get a payment from the Settlement.

In addition, your rights will be affected. As fully explained in the Release of Claims, under the terms of the Settlement all Subclass Members – regardless of whether you submit a claim, object, or do nothing – give up the right to sue DFA and DMS, as well as their members, partners, and certain related entities, for the claims in this suit or for claims related to the facts or circumstances in the Consolidated Amended Complaint (which can be found at www.NEDairySettlement.com). ~~Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against DFA or DMS about the legal issues in this case, ever again.~~

## GETTING MORE INFORMATION

| 25. How do I get more information? |
|---|

This notice summarizes the lawsuit. You can get more information and important court documents at www.NEDairySettlement.com or by calling 1-800-XXX-XXXX. You may also write with questions to: Northeast Dairy Farmer Settlement with DFA/DMS, PO Box XXXX, City, ST XXXXX.