# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| **ALICE H. ALLEN, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 5:09–CV–00230–cr |
| | ) |
| **DAIRY FARMERS OF AMERICA, INC., and** | ) |
| **DAIRY MARKETING SERVICES, LLC,** | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] JUDGMENT AND FINAL ORDER APPROVING
SETTLEMENT WITH DEFENDANTS DAIRY
FARMERS OF AMERICA, INC. AND DAIRY MARKETING SERVICES, LLC**

The Dairy Farmer Subclasses, through Subclass Counsel, entered into a settlement agreement with Defendants Dairy Farmers of America, Inc. ("DFA) and Dairy Marketing Services, LLC ("DMS") on July 1, 2014, to fully and finally resolve the Dairy Farmer Subclasses' claims against DFA and DMS. The Court entered an Order preliminarily approving the Settlement and approving the form and method of notice to the Subclasses on November 25, 2014 [ECF No. 582]. After the approved notice program was implemented, the Court held a fairness hearing on January 29, 2015. This matter is now before the Court on the Dairy Farmer Subclasses' Motion for Final Approval of the Settlement with Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC. Having considered the motion, the memorandum in support, the oral argument presented at the fairness hearing, and the complete record and files in this matter including the objections and letters in support submitted by members of the Dairy Farmer Subclasses,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.     The Court has jurisdiction over the subject matter of this litigation.

2.     Terms used in the Judgment and Final Order which are defined in the Settlement Agreement, unless otherwise defined therein, shall have the same meaning as used in the Settlement Agreement.

3.     The Settlement was attained following an extensive investigation of the facts and law, significant discovery, and significant motion practice.  The Settlement resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust claims and class actions.

4.     Due and adequate notice was provided, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to members of the Dairy Farmer Subclasses, notifying Subclass members of, *inter alia*, the pendency of the above-captioned actions and the proposed Settlement with DFA and DMS.  The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to 8,859 members of the Dairy Farmer Subclasses identified by the Administrator of Federal Milk Marketing Order 1 as well as notice published in four agricultural publications widely circulated in the Northeast – *American Agriculturalist*, *Country Folks* (Eastern edition), *Farming: The Journal of Northeast Agriculture*, *Progressive Dairymen* (Northeast Edition), and *Farmshine* – and on the Internet at www.NortheastDairyClass.com.  This notice fully complied in all respects with the requirements of Rule 23 and the Federal Rules of Civil Procedure and due process.

5.     The Settlement embodied in the DFA/DMS Settlement agreement is fair, reasonable, and adequate to the Dairy Farmer Subclasses within the meaning of Rule 23 of the Federal Rules of Civil Procedure.  The Settlement Agreement is hereby approved pursuant to

Rule 23(e) of the Federal Rules of Civil Procedure.

6. Except as provided by the Settlement Agreement, DFA and DMS shall have no obligation for attorneys' fees, costs, or expenses, including but not limited to expenses of administering and distributing the proceeds of this Settlement.

7. The Court grants Subclass Counsel the right to make withdrawals from the Escrow Fund for the payment of bills for costs and expenses reasonably incurred by the Settlement Administrator in connection with the administration of the Settlement Agreement (the "Administration Costs"), so long as the Administrative Costs incurred or contracted for are reasonable and necessary to carrying out the transactions contemplated by the Settlement Agreement.

8. The Plan of Allocation set forth in Dairy Farmer Subclasses' Memorandum in Support of their Motion for Final Approval of the Settlement with Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC is approved as fair and reasonable. As set forth in the Plan of Allocation, Net Settlement Funds will be distributed on a *pro rata* basis to approved Claimants.

9. Net Settlement Funds shall be distributed as soon as practicable after all of the following have occurred: (a) the Court has granted final approval of the proposed settlement; (b) the Court has ruled on Subclass Counsel's requests for an award of attorneys' fees, for reimbursement of litigation expenses, and for incentive awards for the Subclass Representatives; (c) the deadline for submitting claims (May 30, 2015) has passed; (d) the Claims Administrator has reviewed all claim forms and determined the amounts recommended to be paid to claimants; and (e) the time for appeal of the final approval determination has passed or the approval is affirmed on appeal.

10. Without affecting the finality of this Judgment and Final Order in any way, this Court hereby retains continuing jurisdiction for the purposes of, *inter alia*, implementing and enforcing the DFA/DMS Settlement Agreement and entering orders regarding the disbursement of the Settlement proceeds to the Dairy Farmer Subclasses.

**IT IS SO ORDERED** this _____ day of _____, 2015.

_____
HONORABLE CHRISTINA REISS
DISTRICT COURT, DISTRICT OF VERMONT