U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 MAR 26 PM 4:58

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

ALICE H. ALLEN, et al., )
)
   Plaintiffs, )
)
v. ) Civil Action No. 5:09-CV-00230-cr
)
DAIRY FARMERS OF AMERICA, INC., and )
DAIRY MARKETING SERVICES, LLC, )
)
   Defendants. )

### DECLARATION OF JONATHAN HAAR IN SUPPORT OF CLASS REPRESNTATIVES' MOTION FOR NEW COUNSEL

Pursuant to 28 U.S.C. § 1746, I, Jonathan Haar, declare under penalty of perjury that the following facts are true and correct to the best of my knowledge and belief.

1. I am a person over eighteen years of age and I have personal knowledge of the facts stated in this declaration.

2. While we as class representatives have not yet procured new counsel, it is not because of lack of interest. Several firms express a desire to help, however with the proposed settlement still on the table and the lodestar being what it is, they recognize there is no room monetarily for them. As a result they are unwilling to offend their colleagues at this point.

3. Counsel would not have missed the issues highlighted at the Fairness Hearing on January 29th, 2015, had they utilized input from class representatives.

4. The Class Representatives' Motion for New Counsel and the supporting memorandum puts forth no new information regarding the case. All of our issues are presented in the complaint (Revised Consolidated Amended Complaint and Jury

1

Demand, dated October 15th, 2010, which lists Alice H. Allen and Laurence E. Allen d/b/a Al-lens Farm, *Vince Neville*, Garret Sitts and Ralph Sitts, Jonathan and Claudia Haar and *Donna Hall* on behalf of themselves and all others similarly situated) [emphasis added].

5. The stakes in the instant case are extraordinarily high, impacting not only the largest industry in the region but also the rural communities which are dependent on that industry.

6. We as named plaintiffs are regularly being contacted by fellow farmers who have been told (solicitations via phone calls and letters) that the settlement has gone through and that they need to get in their claim forms. Some pursuing organizations claim to be working with DFA.

7. As the court has recognized, "business as usual" is not working for class action plaintiffs.

8. I have spoken to farmers in the S.E. who inform me that the S.E. Settlement provided no meaningful injunctive relief and no increase in transparency.

9. At the time of the Complaint, counsel recognized the risk to objectors: Section G page 5 "Because of their market position DFA and DMS need not direct these threats or engage in retaliation against all farmers to maintain its monopoly/monopsony. The *fact* that DFA and DMS have the ability to do so and have demonstrated their willingness to exercise this power – gives them significant power in the marketplace and strengthens their positions...." [emphasis added].

10. There remain significant differences between Class Representatives' statements of facts in our Motion and Memorandum and counsel's statements in rebuttal. Rather than redressing every issue, I will point out two items.

2

(1) Reliability. We can provide admissible evidence and witnesses to our claims. One of numerous examples: At mediation, Mr. Michael Marks took notice of Mr. Neville, Claudia, and I sitting around the little table just outside the room where our counsel was meeting with the door closed. This by itself is irrelevant. This coupled with the fact that Mr. Kit Pierson, Esq., had just asked us to leave so that plaintiff counsel could discuss how low to settle makes it "more probable" that counsel have worked against the interests of the class – a fact which is "of consequence" in deciding our motion. Fed. R. Evid. 401. (2) Motivation. Our farm personally stands to lose over $21,000.00[1], or better than half our annual net income, should the court rule as we request.

11. We have a case that can succeed at trial. This belief is informed, in addition to other issues, by our counsel's own testimony at both Baker and Cohen. That testimony was before this settlement was on the table and they started vigorously assaulting this case in their own self-interest.

12. On a personal note, the direction our counsel has taken brings us no joy.

13. I declare under the penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed in Madison County, New York on March 25th, 2015.

_____
Jonathan Haar

---

[1] For our farm, this includes the $20,000.00 Plaintiff incentive and the settlement claim (which even objectors must make in order to recover). The Dean Settlement was worth ≈$800.00 to our farm. The Proposed DFA/DMS Settlement would assumedly be worth at least $1,000.00.

3