U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2015 MAY 29 PM 3: 57
CLERK
BY
DEPUTY CLERK

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ALICE H. ALLEN AND LAURENCE E. ALLEN, D/B/A AL-LENS FARM, GARRET SITTS AND RALPH SITTS, VINCE NEVILLE AND JONATHAN HAAR AND CLAUDIA HAAR, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, *Plaintiffs* VS. DAIRY FARMERS OF AMERICA, INC., DAIRY MARKETING SERVICES, LLC AND DEAN FOODS COMPANY, *Defendants* | CIVIL ACTION DOCKET NO. 5:09-CV-00230 |

## MOTION FOR APPOINTMENT OF ADDITIONAL REPRESENTATIVE PARTY AND ADDITIONAL SUBCLASS COUNSEL UNDER F.R.C.P 23

Now come Stephen H. Taylor and Darrel J. Aubertine, by and through Daniel Smith, Esq. and Richard T. Cassidy, Esq, of Hoff Curtis, P.C., and move this Court, pursuant to F.R.C.P. 23, to be appointed as additional Representative Parties for the non-DFA Subclass in the above-captioned litigation, and to appoint Mr. Smith and Mr. Cassidy as additional Subclass Counsel for the non-DFA Subclass.

The grounds for this Motion are as set forth in the Memorandum, below.

## MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF ADDITIONAL REPRESENTATIVE PARTY AND ADDITIONAL SUBCLASS COUNSEL UNDER F.R.C.P 23.

## I. Background

### A. Mr. Taylor and Mr. Aubertine Are Members of the Certified Non-DFA Subclass.

This Court has certified two subclasses for this litigation:



1. All dairy farmers, whether individuals or entities, who produced and pooled raw Grade A milk in Order 1 during any time from January 1, 2002 to the present, who are members of DFA or otherwise sell milk through DMS ("DFA/DMS subclass"); and

2. All dairy farmers, whether individuals or entities, who produced and pooled raw Grade A milk in Order 1 during any time from January 1, 2002 to the present, who are not members of DFA and do not otherwise sell milk through DMS ("non-DFA/DMS subclass").

(Doc. 435 at 3-4).

Mr. Taylor and his late wife, Gretchen, established "Taylor Farm" in 1970, in Meriden New Hampshire, and began their dairy operation in 1976. Mr. Taylor's sons and grandchildren now participate with him in operating the farming operation on the same site, as "Taylor Brothers Farm". Mr. Taylor has been an active Member of Agrimark, Inc. since the Cooperative's formation, in 1980. As identified in the Amended Complaint, Agrimark, Inc. is a dairy cooperative that markets milk throughout the Northeast Order. "Taylor Farm"/"Taylor Brothers Farm", has produced and shipped milk continuously to Agrimark since Mr. Taylor became a member, in 1980. Mr. Taylor's farming operation is thus an "entity" that "produced and pooled raw Grade A milk in Order 1", throughout the time period denominated for both certified subclasses.

As a Cooperative Member of Agrimark, Inc. Mr. Taylor is not a Member of DFA. Nor does he "otherwise sell milk through DMS". Accordingly, his farming operation is a member of the second Subclass certified by this Court.

Mr. Aubertine operated a farm in Cape Vincent, New York from 1971 – October, 14, 2002. He was a member of Cape Vincent Milk Producers Cooperative, which was affiliated also with Northco and Allied Cooperatives. Through Cape Vincent Cooperative, his farm



HOFF CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

"produced and pooled raw Grade A milk in Order 1" during the beginning of the denominated time for the certified classes, or from January 1, 2002 – October 14, 2002. Mr. Aubertine was not a Member of DFA during the denominated time period nor "otherwise [sold] milk through DMS". Accordingly, his farming operation is also a member of the second Subclass certified by this Court

### B. Mr. Taylor and Mr. Aubertine Are Well-Qualified to Serve Effectively as Named Representatives for their Subclass.

As described, Mr. Taylor has continuously operated a family dairy operation for almost 40 years. Mr. Taylor has both managed the farm and been involved in all phases of its operation, from milking to field work.

When he first began the dairy operation on Taylor Farm, Mr. Taylor was a Member and Board Officer of Northern Farms Cooperative. With formation of Agrimark, Inc., Northern Farms Cooperative was dissolved, along with many other smaller dairy cooperatives in the region, and Mr. Taylor became an original Member of Agrimark, Inc. Since that time, Mr. Taylor has had similar first-hand knowledge of and experience with the additional consolidation of dairy cooperatives and processing firms regionally and nationally, which has resulted in the current market structure, conduct and performance of the Northeast dairy industry at issue in the instant litigation.

Mr. Taylor served as the Commissioner of Agriculture for the State of New Hampshire for twenty-five years, from 1982-2007. While serving as Commissioner, Mr. Taylor was involved in the development of dairy policy at the state and federal levels as well as governmental oversight of the Northeast dairy marketplace. This work included his leading



HOFF
CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

involvement with Mr. Smith in the establishment and implementation of the Northeast Interstate Dairy Compact.

Mr. Aubertine operated his family dairy farm for over for forty years, and was also involved in all phases of the farming operation. His farm was a multi-generation dairy farm. Mr. Aubertine was elected to the New York State Assembly in 2002, and sold his cows at that time. He served in the Assembly until 2008, when he was elected to the New York State Senate. He served as Chair of the New York State Senate Agriculture Committee from 2009-2010. He also served as Commissioner of the New York Department of Agriculture and Markets from January, 2011 – October, 2013.

Like Mr. Taylor, Mr. Aubertine combines long-time, first hand dairy farming experience with senior governmental service. In Mr. Aubertine's case, he represented a major dairy industry region of and also served as the Commissioner of Agriculture for the leading dairy state in the region, and one of the top dairy states, nationally. Mr. Aubertine thus also has substantial experience in the development of governmental dairy policy and regulatory oversight of the Northeast dairy industry, at issue in this litigation.

Mr. Taylor and Mr. Aubertine have both closely followed the instant case. Among other pertinent documents, they have reviewed the substance of the original complaint, this Court's Summary Judgment decision, the proposed settlement and the Court's rejection of the proposed settlement. Mr. Taylor and Mr. Aubertine have also reviewed the Motion to replace Subclass Counsel and the filings by the parties with regard to this Motion.

**C. The Apparent Breakdown in Communication Between the Representative Parties and Class Counsel is Compromising Representation of the Interests of Mr. Taylor and Mr. Aubertine's Subclass.**

HOFF
CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

Mr. Taylor and Mr. Aubertine are concerned that the currently fractured relationship between the Named Representatives and Subclass Counsel is compromising representation of the interests of their Subclass. As found by this Court, an apparent breakdown in communication compromised the "procedural" fairness" of the recently proposed settlement. The extent of the rift is further manifest in the respective filings by the parties with regard to Plaintiffs' Motion to Replace Counsel, now before the Court.

The Court's *Opinion and Order Denying Without Prejudice Motion for Final Approval of Proposed Settlement* enumerated the substantial, material disagreement between the Named Representatives and Subclass Counsel with regard to the proposed settlement. The Court described a litany of both procedural and substantive objections raised by the Named Representatives at the Fairness Hearing concerning Counsel's representation of them during the settlement process. The Court also described Subclass Counsel's dismissive disagreement with the Named Representatives' positions, observing in summary that "[a]t the Fairness Hearing and in their written submissions, Subclass Counsel responded to Subclass Representatives' contentions, asserting they were ill-advised and unfounded."

Docket 625 at 8.

Based on its review of the disagreement, the Court concluded:

> Because the factual issues between Subclass Counsel and the remaining Subclass Representatives regarding the manner in which the Proposed Settlement was reached remain unresolved and are integral to a procedural fairness analysis, the court cannot make a finding of procedural fairness at this time.



Doc. 625 at 11.

The degree of the rift between the Representative Parties and Subclass Counsel is even more apparent in their respective filings in the *Class Representatives Motion for New Counsel*.

P.O. Box 1124
Burlington, Vermont
05402-1124

On the one hand, the Representative Parties describe Lead Counsel as a "tyrant". Motion at 2. For their part, Subclass Counsel summarily respond that "there is no basis" for the Motion. Reply at 12.

The Court's Settlement Denial Order and the parties' filings' in the Motion for New Counsel both identify the core matter of dispute between Subclass Counsel and the Representative Parties as the proper balance to be pursued between monetary and equitable relief. Counsel contend that the monetary relief proposed in the settlement is substantial and indeed, "historic". For their part, the Representative Parties insist on the need for more enduring equitable relief as the primary objective, and downplay monetary return. Subclass Counsel respond by summarily dismissing these requests for greater equitable relief as being unreasonable.

It is clear that Subclass Counsel and the Representative Parties are far apart in their respective positions on this core issue. At best, Counsel and the Representatives are talking past each other. At worst, they are no longer talking at all, and are at stalemate.

**D. Effective Communication Between the Representative Parties and Class Counsel is a Material Requirement for Continued Prosecution of Antitrust Claims, Particularly in a Case Where the Class Members' Interests Are So Directly Implicated.**

To be clear, Mr. Taylor and Mr. Aubertine are not challenging Subclass Counsels' ability to continue to represent their Subclass. Both the Court and Counsel have articulated the critical function of Class Counsel in making key tactical decisions at each turn in the litigation. These tactical decisions depend on experienced legal counsel. Quite properly, this Court has described the substantial capability and experience of Class Counsel as class-action antitrust litigators to carry out these critical tasks. Moreover, as the Court also indicated, Counsel has


HOFF
CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

engaged in exhaustive discovery and negotiations, and are fully informed about the case. Docket No. at 11.

At the same time, as the Court accounted for in the *Settlement Denial Order*, the Subclass Representatives also have an "important" role to play in the litigation. The Court observed that the Representatives

> play an important role in this litigation and have a fiduciary obligation to represent the class's interests. See Martens v. Thomann, 273 F.3d 159, 173 n.lO (2d Cir. 2001) (noting that class representatives "have fiduciary duties towards the other members of the class") (citing, in part, Deposit Guar. Nat 'I Bank v. Roper, 445 U.S. 326, 331 (1980) (recognizing "the responsibility of named plaintiffs to represent the collective interests of the putative class"); Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1077 (2d Cir. 1995) ("Both class representatives and class counsel have responsibilities to absent members of the class.")); see also McDowall v. Cogan, 216 F.R.D. 46,49 n.3 (E.D.N.Y. 2003) ("A named plaintiff acts as a fiduciary to the unnamed class members.").

Mr. Taylor and Mr. Aubertine are concerned that the breakdown in communications is both compromising the effectiveness of Counsel's representation and precluding the Named Representatives from discharging their fiduciary duty to the Subclass. While no doubt expert counsel, Subclass Counsel must still be able to rely on constant communication with the Named Representative dairy farmers to make their tactical decisions with regard to the cooperative marketing and payment practices at issue in this case. These practices go to the heart of the daily operations and long-term viability of all dairy farms included in the two certified Subclasses. All decisions made with regard to the ultimate resolution of these critical issues to all dairy farmers must depend in significant part on input from the Named Representatives for the Subclasses.

For their part, the Named Representatives are being foreclosed from discharging their fiduciary duty to the Subclass if they are no longer able to communicate with Subclass Counsel.



P.O. Box 1124
Burlington, Vermont
05402-1124

Mr. Taylor and Mr. Aubertine are most concerned that the breakdown in communications may be compromising further opportunity for settlement in the case. From their perspective, on the eve of trial, Defendants had agreed to a Proposed Settlement that offered substantial concession in the form of monetary relief, and at least some significant movement in terms of equitable relief. Defendants' willingness to so settle remains a good sign for the prospects of a case settlement that could provide substantial remedial relief so as to enable the long-term economic sustainability for the region's dairy farmers. If the current stalemate is not resolved, however the continued disagreement between Subclass Counsel and the Named Representatives regarding the appropriate balance of monetary and equitable relief – rather disagreement between the parties about these issues - could well prevent the Plaintiffs from being able to take advantage of Defendants' willingness to settle.

### E. Mr. Taylor and Mr. Aubertine's Participation Would Provide Substantial Opportunity to Break the Stalemate and Restore Effective Communication Between Subclass Counsel and the Named Representatives.

Mr. Taylor and Mr. Aubertine's participation would provide fresh yet experienced voices and perspective for further pre-trial settlement discussions, and trial, if necessary. Given their in-depth knowledge and varied experience, Mr. Taylor and Mr. Aubertine are well-positioned to restore effective communications between Subclass Counsel and the Named Representatives. Both are veterans of all manner of the types of discussions, encounters, and confrontations that typify interaction and dispute resolution in the dairy industry.

As long-time working dairy farmers, they will be able to speak with credibility to the existing Named Representatives in order to identify remedial relief that will at once enhance the viability of northeast dairy operations and still be realistically achievable. They also have more



P.O. Box 1124
Burlington, Vermont
05402-1124

than the necessary communications skills necessary to convey this information to Subclass Counsel. With their combined status as current Class Members and stature and experience in governmental service, Mr. Taylor and Mr. Aubertine are also perhaps uniquely positioned to work with the representatives of DFA and the other cooperative Defendants to find common ground and resolution of this case. If settlement proves unachievable, also by virtue of their long-standing governmental service, they are also positioned to promote effective communication between the existing Named Representatives and Class Counsel during trial.

## II. F.R.C.P. 23 Authorizes the Court to Appoint Mr. Taylor and Mr. Aubertine as Additional Named Representatives, and Mr. Smith and Mr. Cassidy as Additional Independent Subclass Counsel.

### A. F.R.C.P. 23 Allows Joinder of Additional Named Representatives.

As a prerequisite for pursuit of a class action lawsuit, under Rule 23(a)(4), the Court is required to ensure that "the representative parties will fairly and adequately protect the interests of the class". After class certification and designation of Representative Parties, the Court is authorized to impose conditions on the named Representative Parties under Rule 23(d)(1)(c).

Case law and commentary indicate that Rule 23 provides the Court with broad latitude to ensure the Named Representatives continue to "fairly and adequately protect the interests of the class" so as to perform their required fiduciary duty. This includes the ordering of "joinder of additional representatives". See Wright and Miller, Federal Practice and Procedure, § 1765, n45 (page 337); Moore, Federal Procedure, § 12:160 (page 224).

Accordingly, the Court is authorized by Rule to order joinder of Mr. Taylor and Mr. Aubertine as an additional Named Representatives.



HOFF CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

## B. F.R.C.P. 23 Allows the Addition of Class Counsel.

Rule 23(g) requires the Court to appoint competent Class Counsel, after Class certification. Case law and commentary indicates the Court also has broad latitude to appoint additional Subclass Counsel, as required. See Wright and Miller, Federal Practice and Procedure, § 1765, n46 (page 340); Moore, Federal Procedure, § 12:162 (page 226).

Mr. Smith and Mr. Cassidy combine to well satisfy the criteria for Class counsel under Rule 23(g). Mr. Smith has 28 years of specialized experience in the law of milk market regulation. He played the leading role in the nine-year effort by the six New England States to adopt and gain Congressional authorization of the Northeast Interstate Dairy Compact. He also served as the Northeast Dairy Compact Commission's founding Executive Director. Mr. Smith has also represented a number of states in efforts to devise single-state milk pricing regulations, and has practiced in federal Milk Market Order regulatory hearings across the country.

Mr. Cassidy is an experienced litigator, having practiced nearly 35 years, and is well known to this Court.

## III. Mr. Taylor and Mr. Aubertine's Participation as an Additional Named Representative, with Mr. Smith and Mr. Cassidy as Additional Subclass Counsel, Would Promote The Interests of Mr. Taylor and Mr. Aubertine's Fellow Subclass Members Without Detriment to Either Subclass.

The involvement of Mr. Taylor and Mr. Aubertine would not cause any detriment to the interests of members of the two certified Subclasses. Mr. Taylor and Mr. Aubertine are fully aware of their responsibility to represent the interests of their Subclass as a whole, and their governmental service make them well qualified to so represent their Subclass as a whole, or beyond their own, personal interest.


HOFF
CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

Further, Mr. Taylor and Mr. Aubertine are not interested in upending the relationship between the Named Representatives and Subclass Counsel. They recognize the strengths Counsel bring to the case, and desire to work collaboratively with them in pursuit of an effective resolution of the case, either by settlement or at trial.

In sum, by virtue of their varied, combined experience, and their prior collaboration in devising the Dairy Compact Commission, Mr. Taylor and Mr. Aubertine would be a particularly constructive, tandem, addition to the instant litigation.

## Conclusion

Mr. Taylor and Mr. Aubertine view this case as a very real opportunity to achieve significant remedial relief for the current marketing conditions in the northeast dairy industry so as to promote the long-term sustainability of the region's dairy farmers. The Court's joinder of them as Additional Named Representatives, and Mr. Smith and Mr. Cassidy as Additional Counsel, would provide a means for continuation of the case toward this end, without either the continuing strain of the current distressed relationship between Subclass Counsel and the Named Representatives, or the profound dislocation that would result from Subclass Counsel's replacement.

For the reasons set forth in this Motion and Memorandum, Mr. Taylor and Mr. Aubertine respectfully Move this Court to appoint them as Additional Named Representatives for the Non-DFA Subclass, and to Appoint Mr. Smith and Mr. Cassidy as additional Subclass Counsel for the Non-DFA Subclass.


HOFF
CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

It is noted that the consent of Subclass Counsel to this Motion has been sought but not yet obtained.

Dated at Montpelier, Vermont this 29th day of June, 2015.

STEPHEN G. TAYLOR

BY: /s/Daniel Smith  *Dan Smith, by M.M.S.*
DANIEL SMITH

BY: /s/ Richard T. Cassidy  *Richard T. Cassidy, by M.M.S.*
RICHARD T. CASSIDY



P.O. Box 1124
Burlington, Vermont
05402-1124