UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

ALICE H. ALLEN AND LAURENCE E. ALLEN, )
D/B/A AL-LENS FARM, )
GARRET SITTS AND RALPH SITTS, )
VINCE NEVILLE AND ) CIVIL ACTION
JONATHAN HAAR AND CLAUDIA HAAR, )
ON BEHALF OF THEMSELVES AND )
 ALL OTHERS SIMILARLY SITUATED, ) DOCKET NO. 5:09-CV-00230
                                         *Plaintiffs* )
  VS. )
                                          )
DAIRY FARMERS OF AMERICA, INC., )
DAIRY MARKETING SERVICES, LLC AND )
DEAN FOODS COMPANY, )
                                         *Defendants* )

## MOTION TO INTERVENE UNDER F.R.C.P 24

Now come Stephen G. Taylor and Darrel J. Aubertine, by and through their attorneys, Daniel Smith, Esq. and Richard T. Cassidy, Esq., and move to intervene in the above-captioned case under F.R.C.P. 24. Pursuant to the Rule, Mr. Taylor and Mr. Aubertine move to intervene as a matter of right and, in the alternative, for permissive intervention. This *Motion* is filed in connection with the prior *Motion for Appointment of Additional Representative Parties and Additional Subclass Counsel Under F.R.C.P. 23.* (Docket No. 653).

In support of their *Motion to Intervene*, Mr. Taylor and Mr. Aubertine present the following *Memorandum of Law* below.

## MEMORANDUM OF LAW

### Introduction

By companion *Motion* (Docket No. 653), Mr. Taylor and Mr. Aubertine have moved this Court to add them as additional Named Representatives for the DFA/DMS Subclass and to add Mr. Smith and Mr. Cassidy as additional Subclass Counsel. The *Motion* was prompted by the



P.O. Box 1124
Burlington, Vermont
05402-1124

reasoning of the Court's denial of the proposed settlement, which described a substantial procedural and substantive disagreement between Class Counsel and most of the Named Representatives about the propriety of the proposed settlement. In addition to the breakdown in communication alluded to by the Court's decision, the Motion also describes the still-widening rift evidenced by the Named Representatives' *Motion to Replace Counsel* and the hearing proceedings associated with that Motion.

Based on this schism, the *Motion* raises concern about the combined adequacy of the representation, going forward, by the Named Representatives and by Subclass Counsel under F.R.C.P. 23(a)(4) and (g). The *Motion* expresses concern about the adequacy of representation for the required further settlement discussions following the Court's denial of the proposed settlement and about the potential effectiveness of trial conduct, should settlement prove unfeasible.

The *Motion* suggests that the miscommunication underlying this combined inadequacy of representation is likely mutual rather than attributable to Subclass Counsel or the Named Representatives, alone. Subclass Counsel vigorously insists the monetary relief the proposed settlement would provide is "historic" and refuses to acknowledge, if not disparages, the possibility of obtaining additional remedial relief as insisted upon the Named Representatives. At the same time, the Named Representatives vociferously dispute the value of the monetary relief to the point of condemnation of Subclass Counsel's efforts.



For their part, Mr. Taylor and Mr. Aubertine agree with the Named Representatives that the settlement is insufficient. They believe the remedial relief is the controlling concern and must be enhanced to the degree possible and also that the release included in the proposed settlement is too broad. Yet more importantly for purposes of their *Motion*, and the interests of

P.O. Box 1124
Burlington, Vermont
05402-1124

their Subclass, they believe the impasse over the issues that has lead to this inadequate settlement is not merely a resolvable disagreement over litigation tactics that can continue to be countenanced by either their Subclass Members or this Court. Rather, the failure of communication must be understood as a combined failure in adequate representation of their interests and those of their Subclass by the Named Representatives and designated Subclass Counsel, and addressed by this Court in its guardianship role under F.R.C.P. 23.

At the same time, the Motion is premised on the determination that this shared failure of adequate representation is not best addressed by replacement, in either case. Rather, Mr. Taylor and Mr. Aubertine have moved to participate as additional Named Representatives, with additional counsel to re-establish communication between the present Subclass Counsel and Named Representatives, and to assist them with resolving the impasse and improve the settlement, or to participate at trial, if necessary.

As devised to meet the particular imperatives of this case, Mr. Taylor and Mr. Aubertine's Motion is directly aligned with the purpose and intent of F.R.C.P. 23.

> Intervention under Rule 23 is intended to ensure that every class member is given such an opportunity to be heard and participated directly. This is especially important in the class-action context because the members of the class will be bound by the judgment, except when the action is brought under Rule 23(b)(3) and the member has opted out of the action as provided in Rule 23(c)(2)(B).

7B C,Wright, AMiller & Mary Kay Kane, *Federal Practice & Procedure* § 1799, at 242 (3d ed. 2005). Intervention enables Class Members to protect the interests of their fellow Class Members, as well as their ability to be protect themselves directly against a binding judgment, without resort only to subsequent, collateral attack by appeal. *Id.*

F.R.C.P. 24 provides the formal procedure for adding Mr. Taylor and Mr. Aubertine as additional named representatives. Where, as here, inadequate representation by their Class'



HOFF CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

3

Named Representatives has been demonstrated, parties are entitled to intervention as of right. In the alternative, the Court may also exercise its discretion to allow permissive intervention, as there would be no undue delay or prejudice to the interests of the Class. See 7B Wright, Miller & Kane, *Federal Practice & Procedure* § 1799, at 242-46.

Given the problem with the combined inadequacy of their Subclass representation, Mr. Taylor and Mr. Aubertine also seek the inclusion of Mr. Smith and Mr. Cassidy as additional sub-class counsels. Mr. Smith's and Mr. Cassidy's additional inclusion as sub-class counsel is beyond the reach of F.R.C.P. 24, which relates only to the addition of class representatives. This second *Motion to Intervene* is thereby filed as a companion to their underlying, basic *Motion* filed under F.R.C.P. 23, which provides for inclusion of additional counsel under F.R.C.P. 23(g). And, again, both *Motion*s seek joinder, not replacement, in both instances.

In summary, as contemplated by combined operation of F.R.C.P. 23 and 24, Mr. Taylor and Mr. Aubertine have timely moved both to promote the interests of their Subclass in response to a problem with the current representation of their interests and those of their Subclass, in a manner that is without undue delay or prejudice to the litigation and the interests of all other plaintiffs in the case.

### I. Mr. Taylor and Mr. Aubertine Are Entitled to Intervene As a Matter Of Right Under F.R.C.P. 24(a).

F.R.C.P. 24(a)(2) provides for Intervention of Right as follows:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

*******

(2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that the disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.



P.O. Box 1124
Burlington, Vermont
05402-1124

F.R.C.P. 24(a)(2). "To show an interest in the pending action, Acadia must demonstrate that its interest is 'direct, substantial, and legally protectable.'" *Peerless Insurance Co. v. Ordway Electric and MacHine, Inc.* No. 2:14-cv-190, (D. Vt, Jan. 26, 2015). In their *Declarations* accompanying the *Motion*, Mr. Taylor and Mr. Aubertine have described, and Subclass does not dispute, their membership in the certified Non-DFA/DMS Subclass. Accordingly, they claim "an interest relating to the...transaction that is the subject of the action." F.R.C.P. 24(a)(2).

Subclass Counsel's *Response to Mr. Taylor and Mr. Aubertine's Motion* asserts that the *Motion* did not properly raise the issue of "adequate" representation.

It is true that parties seeking intervention must "(3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128-29 (2d Cir. 2001).

However both Mr. Taylor and Mr. Aubertine's bases for meeting these Rule 24(a) prongs have been well addressed in the companion *Motion*, and *Reply to Subclass' Response*, which describe at length the reasoning whereby the interests of Mr. Taylor and Mr. Aubertine are not being "adequately represented by existing parties" within the further reach of F.R.C.P. 24(a). This argument, relating to the bitter deterioration in communication between Named Representatives and Subclass Counsel, and their ongoing procedural substantive dispute about the propriety of the proposed settlement, is hereby incorporated by reference.

By virtue of this inadequate representation, Mr. Taylor and Mr. Aubertine are entitled to intervention by right.

II. **In the Alternative, Mr. Taylor and Mr. Aubertine Are Entitled to Permissive Intervention under F.R.C.P. 24(b).**



HOFF
CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

F.R.C.P. 24(b) provides for permissive intervention as follows:

> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

F.R.C.P. 24(b).

> In the exercise of its discretion, the court considers 'the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented,' as well as 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *H.L. Hayden Co. of N. Y, Inc. v. Siemens Med. Sys., Inc.,* 797 F.2d 85, 89 (2d Cir. 1986)

*Peerless Insurance Co.,* No. 2:14-cv-190, (D. Vt, Jan. 26, 2015).

Again, being undisputed Members of the certified Non-DFA/DMS Subclass, Mr. Taylor and Mr. Aubertine both have direct and clear interests equal to other members of the class and therefore necessarily meet the requirement that their claim "have a question of law or fact in common" with the main action. F. R. C. P. 24(b)(1)(B). The issue raised under this subdivision is thus whether their intervention would unduly delay or prejudice the case or the rights of other parties.

The proposed intervention of Mr. Taylor and Mr. Aubertine, and the companion involvement of Mr. Smith and Mr. Cassidy, is carefully devised to prevent undue delay and prejudice while also "significantly contribut[ing] to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."


HOFF CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

As set forth in their *Declarations*, Mr. Taylor and Mr. Aubertine have a lifetime of experience in the dairy industry and substantial professional experience with addressing issues having a complex record. Mr. Taylor has personally been raising and dairying cattle since 1970 and also has served as New Hampshire Commissioner of Agriculture "for twenty-five years, from 1982 to 2007." *Declaration of Stephen H. Taylor,* at ¶ 2, 6. In addition to his decades-long experience as New Hampshire Commissioner of Agriculture, Mr. Taylor "was twice chairman of the Northeastern Association State Departments of Agriculture and in 1992-1993 was president of the National Association of State Departments of Agriculture." *Id.* In that capacity, during his tenure, "dairy policy at the regional and national levels was a constant focus of debate. I was frequently called upon to mediate differing points of view and seek consensus on positions the organizations would assume." *Id.*

Mr. Aubertine likewise is almost uniquely capable of bridging the gap between personal farming and policy making experience. Also a dairy farmer for over thirty years, Mr. Aubertine served first in 2002 as a New York State Assemblyman appointed to the Assembly standing Committee on Agriculture, after which he won election to the New York State Senate, where he was Chairman of the standing Senate Committee on Agriculture. *Declaration of Darryl J. Aubertine,* ¶ 1, 3 – 4. After three years tenure as Chair of that committee, Mr. Aubertine was appointed Commissioner of the New York State Department of Agriculture and Markets, which he only left to become Assistant Deputy Comptroller for External Affairs. *Id.,* at ¶ 5, 6.

Their dual professional expertises – as both farmers and as top-level agricultural commissioners and policy-makers – allow them to become familiar with the pertinent facts of the record in this case so as to be able to participate in further settlement discussions without delay, thus avoiding "undu[e] delay or prejudice [to] the adjudication of the rights of the


HOFF CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

original parties." *Green Moutnain Chrysler Plymouth Dodge Jeep v. Crombie*, Case No. 2:05-CV-302, Case No. 2:05-CV-304 (*Opinion and Order*, J. Sessions, D. Vt, Mar. 23, 2007). Their combined personal and professional experience in fact makes them ideally suited to assist with resolving the impasse between Named Representatives and Subclass Counsel and thereby expedite, rather than delay, the case. The same capabilities would also assist with rather than burden the conduct of trial, should that become necessary.

For the same reasons, their participation should promote the beneficial conduct of settlement proceedings and trial, if necessary, rather than cause prejudice. Mr. Taylor and Mr. Aubertine are seasoned participants in the complex negotiations that attend the contentious disagreements that more often than not confront the dairy industry. Over his long tenure as New Hampshire Commissioner of Agriculture, Mr. Taylor has confronted many associated issues to those raised by this case. As the New York Commissioner, Mr. Aubertine was at the epicenter of the operation of one of the leading dairy states in the nation. In short, they are most capable of resolving the vexing issues currently confronting this case rather than causing prejudice to it, and would be similarly well-suited to making positive contributions to the prosecution of trial, should settlement not prove possible.

Dated at Montpelier, Vermont, this 1st day of July, 2015.

/s/ Daniel Smith
Daniel Smith, Esq.

/s/ Richard T. Cassidy
Richard T. Cassidy, Esq.

HOFF CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124



P.O. Box 1124
Burlington, Vermont
05402-1124