UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

ALICE H. ALLEN AND LAURENCE E. ALLEN, )
d/b/a Al-Lens Farm, )
GARRET SITTS, RALPH SITTS, )
JONATHAN HAAR AND CLAUDIA HAAR, )
And RICHARD SWANTAK, on behalf ) CIVIL ACTION
of themselves and all others similarly situated, )
) DOCKET NO. 5:09-CV-00230
*Plaintiffs* )
VS. )
)
DAIRY FARMERS OF AMERICA, INC., and )
DAIRY MARKETING SERVICES, LLC, )
*Defendants* )

### MOTION TO RECONSIDER ORDER DENYING MOTION FOR APPOINTMENT OF ADDITIONAL SUBCLASS COUNSEL [DOC. 682]

Stephen H. Taylor and Darrel J. Aubertine ("Movants") move this Court to reconsider its Order denying their Motion for appointment of additional Subclass Counsel under Fed. R. Civ Proc. 23. Movants also request the Court to revise its further Order requiring them to advise the Court within twenty (20) days as to their position on the revised proposed settlement.

The Movants' propose that the Court authorize Movants' involvement and that of their chosen counsel, Daniel Smith and Richard Cassidy, for the limited purpose of renewed settlement discussions.

**Memorandum In Support of Motion**

Under Fed. R. Civ Proc. 23(d)(1)(C), the Court may condition the involvement of Representative Parties and their Counsel. The Movants request the Court to appoint Mr. Smith and Mr. Cassidy Subclass Co-Counsel under such conditions as explained below.

In their accompanying Joint Declaration, Movants discuss why they are requesting the Court reconsider its decision with regard to the additional involvement of Mr. Smith and Mr.



P.O. Box 1124
Burlington, Vermont
05402-1124

Cassidy.[1] Movants' *Declaration* also advises the Court that they feel unable to proceed as additional Named Representatives without the involvement of Mr. Smith and Mr. Cassidy.[2]

### I. The Inclusion of Mr. Smith and Mr. Cassidy as Additional Subclass Counsel Will Not Increase the Attorneys Fees in the Case.

The Court's stated that it denied the Motion to add Additional Subclass Counsel, in part, out of concern that "their addition to this lawsuit will inevitably cause the Dairy Farmers Subclasses to incur additional attorney's fees and costs in litigating this case."[3]

The involvement of Mr. Smith and Mr. Cassidy, however, would not result in increased fees or costs. In part, their involvement is intended to reduce the overall amount of the award of attorneys' fees in this case. Their fees would be modest, in any event.

Attorney's fees are required to be reasonable in amount.[4] If the current class counsel are unable to bring the case to a successful resolution without further assistance — which appears to be the case — the total fee earned by counsel should be divided, not expanded. Any fee that might be awarded to additional Subclass Counsel should only come out of the contingency fee portion of the overall fee award to Class Counsel.

As reflected in the Court's Order denying the proposed settlement, there is a sentiment in the farm community, which Mr. Taylor and Mr. Aubertine share, that the proposed settlement's over-emphasis on monetary relief is linked to fees to Class Counsel that are too high.[5] In part, Movants' sought intervention to address this issue.

In contrast to the Dean settlement, the effort of the attorneys in fashioning this settlement will bring no new money to claimant farmers, only a reallocation of existing funds among the



---

1. Joint Declaration ¶¶ 10 – 18.
2. Id. ¶ 17.
3. Order (Doc. # 682) at 14.
4. Rules of Professional Conduct 1.5. FEES
5. Order Denying Proposed Settlement (Doc. 642),

P.O. Box 1124
Burlington, Vermont
05402-1124

claimants. Any additional monetary relief that farmers might now receive can only come from current or future DFA and/or DMS profits. This also means that a substantial number of farmers will, in effect, be both financing the settlement and also paying the attorney fees out of any monetary relief that they might receive, because they have ownership interests in the Defendant entities. This means that settlement may shift money among farmers who are class members, but it will not increase the total amount of money in the class members' collective pockets. In fact — due to the effect of attorney's fees and costs — it will reduce the total amount of money in the member's collective pockets. Under such circumstances, although the amount of the proposed settlement — $50,000,000 — may sound impressive, it is a modest success at best, and there is a strong basis for significantly reducing the attorneys' portion of the monetary award.

A proposal to reduce the attorneys' fees would be part (but only one part) of the bargaining position Movants' would take with DFA/DMS. A reduction in the Class attorneys' fees that would come from the monetary settlement, providing more funds to be retained by farmers, may provide more negotiating leverage in dealing with DFA/DMS.[6] Current Class Counsel might understandably be unwilling to aggressively pursue this position, however.

That Proposed Additional Class Counsel's fees are likely modest is supported by the narrow, complimentary role they propose to play going forward. Rather than to supplant current Counsel, their proposed role would be to:

    1) quickly become conversant in greater detail as to the status of Subclass and Movants' bargaining position, both independently and with direction from Class Counsel;

    2) provide independent guidance to Movants' as they



---

6. Use of the leverage for bargaining created by this somewhat unusual posture is one reason Movants' seek involvement now, rather than resorting only to the Fairness proceedings to make the point. A demand for greater transparency in how the settlement fund costs would be generated and allocated among the Defendants would also be part of their bargaining demand. (Mr. Taylor's milk is transported by DMS; the settlement is silent on the point.)

P.O. Box 1124
Burlington, Vermont
05402-1124

        a) communicate with other Subclass Members; and

        b) devise their more developed bargaining position, (a significant part of this process would include discussion with the dissenting Named Representatives in an attempt to address their stated concerns, to the degree possible); and

    3) participate in what may be expected to be a relatively short, collective, renegotiation with Class Counsel and Defendants DFA/DMS of the terms of the proposed settlement.

Given that the parties have already engaged in intensive settlement negotiations, additional Counsel's involvement in the current case would be comparatively modest and would necessarily be short-term, if intensive, and would not result in any event in increased attorney's fees to the Class.

## II. The Court May Impose Suitable Conditions on Existing and Additional Representatives under F.R.C.P. 23(d)(1)(C) so as to Minimize Disruption in Subclass Counsel's Representation.

Movants recognize the Court's further concern about disruption that might be caused to the case by their involvement. As represented in the prior filings, the involvement of Mr. Smith and Mr. Cassidy is expressly intended to be complimentary rather than to supplant in any way Subclass Counsel's representation of the Subclass. Rather than "force Subclass Counsel to work with new attorneys at the court's direction,"[7] Mr. Smith and Mr. Cassidy believe they may work with Subclass Counsel with only minimal, if specific, direction from the Court, imposed under F.R.C.P. 23(d)(1)(C). Reasonably devised, this direction would preclude their involvement from being the unwarranted "drastic step" the Court, and all counsel, wish to avoid.



P.O. Box 1124
Burlington, Vermont
05402-1124

---

7. *Order* (Doc. # 682) at 14

As indicated in their filings, Movants believe progress to resolution is possible if they were to be included in one, intensive, round of further settlement discussions.

The proposed conditions to devise this process for such limited involvement are set forth below. In sum, Mr. Smith and Mr. Cassidy would prepare to negotiate with Defendants DFA/DMS, and then to engage in a single, limited, round of negotiations with parties. If such negotiations prove fruitful, the proposed settlement would be revised accordingly. If the negotiations do not result in significant alteration, Movants could then either determine to support the proposed settlement or to provide the Court an informed, dissenting assessment of its fairness and the need to progress to trial.

To facilitate this process, Movants propose the Court impose the following, limited conditions under F.R.C.P. 23(d)(1)(C):

1. Authorize the intervention of Movants and the companion addition of Mr. Smith and Mr. Cassidy as Subclass Counsel for the limited purpose of pursuing renegotiation of the proposed settlement.

2. Memorialize Movants' commitment that the involvement of Mr. Smith and Mr. Cassidy is to be complimentary, only, and not to supplant Subclass Counsel's primary authority.

3. Direct existing Subclass Counsel to assist Movants and additional Subclass Counsel as required.

4. Impose a reasonable time limitation for the process, that further:

   a. Requires resubmission of a revised proposed settlement by the established end-date; or



HOFF
CURTIS

P.O. Box 1124
Burlington, Vermont
05402-1124

b. Requires submission of a report back by Movants as to their position by such date certain.

### III. Mr. Taylor and Mr. Aubertine Believe Subclass Counsel Cannot Adequately Represent Them Alone, Without Additional, Independent Subclass Counsel.

In support of this Motion for Reconsideration, Movants provide a Joint Declaration that describes their belief that they cannot proceed as Additional Named Representatives without the appointment and involvement of Mr. Smith and Mr. Cassidy as additional Subclass Counsel.[8]

In summary, Movants are concerned that current Counsel's "aggressive opposition to our involvement to date" and "their insistence that the proposed settlement is the only available option" impossibly strains the relationship between Movants and current Counsel.[9] As represented, they do not believe Subclass Counsel can provide the guidance required for them to inform the Court as to their position on the revised settlement,[10] which is adverse to Subclass Counsel's strong position in favor.[11] Similarly, they cannot see how Subclass Counsel can provide non-biased guidance for communication and review of the revised, proposed settlement with other Class members.[12] And, in particular, they cannot see how Subclass Counsel can assist their communication with the dissenting Named Representatives, given the again fractured state of their relationship.[13]

Further, Movants believe that Mr. Smith's involvement is critical for their team approach, as Movants believe that current Counsel's lack of technical milk market knowledge has been a critical impediment for the prosecution of this case, including the current impasse in settlement



---

[8] *Joint Declaration* ¶ 17.
[9] *Id.* ¶ 18.
[10] *Id.* ¶ 22.
[11] *Id.* ¶ 21.
12 In this regard, for example, it is less than clear whether Class Members have been reasonably informed as to the Court's denial of the prior proposed settlement, and the reasoning for such denial.
[13] *Joint Declaration* ¶ 19 - 20.

P.O. Box 1124
Burlington, Vermont
05402-1124

proceedings.[14] These are but a few of the immediate concerns they believe must, and can be, addressed by the Court allowing Mr. Smith and Mr. Cassidy to serve as Class Co-Counsel under the order proposed above.[15]

### Conclusion

Movants believe that they will not be able to proceed as additional Named Representatives without Mr. Smith's and Mr. Cassidy's appointments as additional Subclass Counsel. Mr. Smith and Mr. Cassidy's involvement is not expected to increase attorneys fees for the Class and may well result in a lowering of those fees for the class. Furthermore, the Movants request the Court condition the involvement of Mr. Smith and Mr. Cassidy so that the benefits of Movants involvement may be ensured without burden on the Court, Subclass Counsel, or all other parties.

For these reasons, Movants respectfully this Court to reconsider the Court's Order that granted only their Motions for appointment of additional Named Representative Parties and denied the companion Motion for appointment of additional Subclass Counsel under F.R.C.P. 23. Movants also respectfully request the Court to revise the Court's further Order requiring them to advise the Court within twenty (20) days of the Court's Order as to their position on the revised proposed settlement. Movants further respectfully propose that the Court authorize Movants' involvement, and that of Mr. Smith and Mr. Cassidy, for the limited purpose of a renewed settlement discussion, with such conditions on their collective involvement imposed under F.R.C.P. 23(d)(1)(C) as the Court sees fit to impose.

Dated at Montpelier, Vermont this 26th day of August, 2015.

STEPHEN H. TAYLOR and DARREL J. AUBERTINE

---

[14] *Id.* ¶ 11 – 15.
[15] *Id.* ¶ 23.

BY: /s/Daniel Smith
Daniel Smith, Esq.

Dated at Burlington, Vermont this 26th day of August, 2015.

BY: /s/Richard T. Cassidy
Richard T. Cassidy, Esq.
Counsels for Stephen G. Taylor and
Darrel J. Aubertine



P.O. Box 1124
Burlington, Vermont
05402-1124