U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2015 OCT 23 PM 3: 35

CLERK

BY_____
DEPUTY CLERK

ALICE H. ALLEN, LAURANCE E. ALLEN,      )
d/b/a Al-lens Farm, GARRET SITTS, RALPH )
SITTS, JONATHAN HAAR, CLAUDIA HAAR,     )
and RICHARD SWANTAK, on behalf of       )
themselves and all others similarly situated, )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )   Case No. 5:09-cv-230
                                        )
DAIRY FARMERS OF AMERICA, INC., and     )
DAIRY MARKETING SERVICES, LLC,          )
                                        )
                Defendants.             )

**ENTRY ORDER DENYING DFA/DMS SUBCLASS REPRESENTATIVES'
RENEWED MOTION FOR NEW COUNSEL AND GRANTING IN PART AND
DENYING IN PART DFA/DMS SUBCLASS COUNSEL'S MOTION FOR
APPOINTMENT OF ADDITIONAL SUBCLASS REPRESENTATIVES AND
REMOVAL OF CURRENT SUBCLASS REPRESENTATIVES**
(Docs. 683 & 701)

Pending before the court is a renewed motion to appoint new counsel for the DFA/DMS Subclass, submitted by the current DFA/DMS Subclass representatives and two of the non-DFA/DMS Subclass representatives, Ralph Sitts and Garret Sitts (collectively, "Petitioning Subclass Representatives"). (Doc. 683.) Also pending before the court is a motion to appoint Peter Southway, Marilyn Southway, Reynard Hunt, and Robert Fulper as additional subclass representatives for the DFA/DMS Subclass and to remove current DFA/DMS Subclass representatives Jonathan Haar, Claudia Haar, and Richard Swantak, submitted by DFA/DMS Subclass Counsel ("Subclass Counsel"). (Doc. 701.) These motions were taken under advisement on September 29, 2015.

I. **Procedural Background.**

This class action arises out of allegations that Defendants Dairy Farmers of America, Inc. ("DFA"), and Dairy Marketing Services, LLC ("DMS") and their alleged co-conspirators engaged in a conspiracy at the processor and cooperative levels to control the supply of raw Grade A milk in Order 1, which had the effect of suppressing certain premiums paid to dairy farmers for their milk. In November 2012, the court certified the following subclasses:

1. All dairy farmers, whether individuals or entities, who produced and pooled raw Grade A milk in Order 1 during any time from January 1, 2002 to the present, who are members of DFA or otherwise sell milk through DMS ("DFA/DMS Subclass"); and

2. All dairy farmers, whether individuals or entities, who produced and pooled raw Grade A milk in Order 1 during any time from January 1, 2002 to the present, who are not members of DFA and do not otherwise sell milk through DMS ("non-DFA/DMS Subclass").

The court approved the appointment of Cohen Milstein Sellers & Toll PLLC to represent the DFA/DMS Subclass and Baker & Hostetler LLP to represent the non-DFA/DMS Subclass.[1] At the request of Plaintiffs' counsel, the court appointed Jonathan Haar, Claudia Haar, and Richard Swantak as Subclass Representatives of the DFA/DMS Subclass and Alice Allen, Laurance Allen, Ralph Sitts, and Garret Sitts as Subclass Representatives of the non-DFA/DMS Subclass.

On August 11, 2015, the court permitted Stephen Taylor and Darrel Aubertine to intervene as additional non-DFA/DMS Subclass representatives without objection. Daniel Smith, Esq. and Richard T. Cassidy, Esq. were appointed as additional subclass counsel on September 23, 2015, also without objection.

On June 30, 2015, the court denied Petitioning Subclass Representatives' initial motion to appoint new counsel. The court observed that "removal of class counsel at this

---

[1] Additional attorneys have entered their appearance, including David A. Balto, Esq. and Andrew Manitsky, Esq. for the DFA/DMS Subclass, and Emily J. Joselson, Esq. and Lisa B. Shelkrot, Esq. for the non-DFA/DMS Subclass.

2

late stage in the proceedings and in this complicated case would constitute an extraordinary remedy reserved for actual misconduct for which no alternative remedy is either feasible or prudent." (Doc. 667 at 8.)

## II. Whether to Grant Petitioning Subclass Representatives' Renewed Motion for Appointment of New Subclass Counsel.

Petitioning Subclass Representatives assert that "if our subclasses of Northeast dairy producers are to secure any meaningful relief, these lawyers need to go." (Doc. 683 at 2.) In support of their request, they claim that Subclass Counsel "collu[ded]" with opposing counsel, "directly shar[ed]" subclass representatives' litigation strategy with opposing counsel, and "collaborat[ed]" with Defendants to reach a settlement proposal that disfavored their subclass. (Doc. 683 at 2-4.) They also claim that Subclass Counsel "pursu[ed] litigation objectives favorable to [counsels'] interests while abandoning those desired by the class." *Id.* at 7. Finally, Petitioning Subclass Representatives claim that Subclass Counsel committed "actual misconduct" by making misrepresentations to the court and other class representatives on multiple occasions. *Id.* at 16. Counsel for both subclasses opposes this motion.

Class counsel may be removed if a conflict of interest arises in the representation of the class or subclass, if counsel has "undermined the rights of the class at large[,]" or if counsel has "engaged in any improper conduct[.]" *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995). However, traditional principles governing disqualification of attorneys on grounds of conflict of interest "should not be mechanically applied to the problems that arise in the settlement of class action litigation." *In re Agent Orange Prod. Liab. Litig.*, 800 F.2d 14, 19 (2d Cir. 1986). As a result, conflicts do not necessitate removal unless class representatives and class counsel are unable to faithfully satisfy their "responsibilities to absent members of the class." *Maywalt*, 67 F.3d at 1077.

Petitioning Subclass Representatives assert that Subclass Counsel undermined the rights of the class at large by prioritizing money damages over injunctive relief. In particular, they contend that the manner in which Subclass Counsel has shared settlement

3

information, including Subclass Counsel's summaries of opposing counsels' views on the DFA/DMS Subclass's demands, undermines the interests of the class as a whole. While they correctly note that clients typically control litigation objectives, the nature of class action litigation means that "[i]t is almost always the attorneys who make the litigation decisions, determine strategy, and negotiate settlement terms." *Malchman v. Davis*, 588 F. Supp. 1047, 1058 (S.D.N.Y. 1984); *see also Kincade v. Gen. Tire and Rubber Co.*, 635 F.2d 501, 508 (5th Cir. 1981) ("because the class itself often speaks in several voices [], it may be impossible for the class attorney to do more than act in what he believes to be the best interests of the class as a whole") (internal quotation marks omitted). Settlement information, in turn, must be transmitted to clients, and there was nothing wrongful in Subclass Counsel's decision to convey the subclass representatives' settlement demands to opposing counsel and to convey opposing counsel's responses thereto. *See In re Ivan F. Boesky Sec. Litig.*, 948 F.2d 1358, 1365 (2d Cir. 1991) ("[l]ead counsel is expected in the ordinary course to keep . . . members of the class[] informed about negotiations").

With regard to Petitioning Subclass Representatives' claim that Subclass Counsel engaged in actual misconduct that authorizes their discharge, other than reiterating claims that were previously the subject of an evidentiary hearing, they proffer no evidence of actual misconduct that warrants an evidentiary hearing at this time. Petitioning Subclass Representatives' renewed motion for the appointment of new DFA/DMS Subclass counsel is therefore DENIED.

### III. Whether to Grant Subclass Counsel's Motion to Appoint Additional Class Representatives.

Subclass Counsel proposes appointing Peter Southway, Marilyn Southway, Reynard Hunt, and Robert Fulper (collectively, "Proposed Subclass Representatives") as DFA/DMS Subclass representatives pursuant to Fed. R. Civ. P. 23. In the alternative, Subclass Counsel seeks permissive intervention of Proposed Subclass Representatives under Fed. R. Civ. P. 24(b). This portion of Subclass Counsel's motion is unopposed.

Subclass Counsel argues that appointment of additional subclass representatives will benefit the subclass by adding more "voices and perspectives to aid the Court in

4

guarding the rights of all Subclass members in settlement or at trial." (Doc. 701-1 at 2.) Subclass Counsel notes that Proposed Subclass Representatives have substantial experience in the dairy industry, and that DMS marketed their milk during the relevant time period.

The court has a "duty to act as a fiduciary who must serve as a guardian of the rights of absent class members[.]" *In re Bank of Am. Corp. Sec., Der, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 134 (2d Cir. 2014) (internal quotation marks omitted). It therefore may appoint additional class representatives under Rule 23 "to aid the lead plaintiff in representing a class." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004); *see also* Fed. R. Civ. P. 23(d)(1)(B) (explaining that courts have discretion to make orders that facilitate the fair proceeding of a class action, including orders that allow class members to intervene).

Appointed class representatives must meet the adequacy requirements of Rule 23(a). They "must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks omitted). The court must also consider whether class representatives possess "interests antagonistic to the interests of other class members[,]" but such antagonistic interests must be "fundamental" to defeat their inclusion as class representatives. *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006) (internal quotation marks omitted).

Here, Proposed Subclass Representatives are within the DFA/DMS Subclass and claim to have been injured by the alleged suppression of milk prices in the Northeast, a claim and request for damages common to the DFA/DMS Subclass members. *See Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010) (holding that Rule 23(a) is satisfied when a representative class member has a claim that "arises from the same course of events [as the rest of the class] . . . and makes similar legal arguments [as the rest of the class] to prove the defendant's liability"). Proposed Subclass Representatives have represented that they will work with Subclass Counsel and the class members to advance the best interests of the DFA/DMS Subclass. There is no reason to believe that appointment of

5

Proposed Subclass Representatives would cause undue delay or would result in "fundamental[ly]" antagonistic interests to the rest of the subclass. *See Denney*, 443 F.3d at 268. Because the court finds that Proposed Subclass Representatives will "fairly and adequately protect" the interests of the DFA/DMS Subclass, *see* Fed. R. Civ. P. 23(a)(4); 23(d)(1)(B), Subclass Counsel's motion for additional representatives is GRANTED.

## IV. Whether to Grant Subclass Counsel's Motion to Remove Current Class Representatives.

Subclass Counsel also proposes removing the current DFA/DMS Subclass representatives, Jonathan Haar, Claudia Haar, and Richard Swantak (collectively, "Current Subclass Representatives"). Subclass Counsel claims that Current Subclass Representatives engaged in conduct inconsistent with their role as subclass representatives and have undermined the best interests of the absent subclass members. In particular, Subclass Counsel asserts that Current Subclass Representatives have allegedly rendered the attorney-client relationship unworkable, have disclosed confidential communications, and have made allegedly baseless claims about Subclass Counsel. In addition, Subclass Counsel argues that Current Subclass Representatives "have their own theories of what the facts should show, and how discovery and expert analysis should now proceed, which are unsupported by the record and contrary to the best interests of the DFA/DMS Subclass." (Doc. 701-1 at 11.)

In certain circumstances, the court may replace inadequate class representatives with new representatives.[2] *See Olden v. Gardner*, 294 F. App'x 210, 220 (6th Cir. 2008) (holding that "the law allows class representatives to be replaced when events occurring after class certification have rendered them inadequate"). In support of removing Current Subclass Representatives, Subclass Counsel relies on *Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922 (E.D. Mich. 2007), wherein the court held that "[i]f the named class representatives object to a settlement recommended by class counsel that the court

---

[2] In their motion, Subclass Counsel uses the term "substitution," however "substitution" generally refers to instances "when a class representative's claim becomes moot after the class is certified." *Oetting v. Norton*, 795 F.3d 886, 892 (8th Cir. 2015).

otherwise finds in the better interests of the class as a whole, then class counsel cannot continue to represent that party and the class representatives ought to be replaced." *Id.* at 938. This case is readily distinguishable because this court did not determine whether the previously proposed settlement was in the best interest of the DFA/DMS Subclass as a whole, and all parties agree that renewed settlement negotiations are feasible and advisable.

In the event that settlement negotiations prove unsuccessful, and the case is set for trial, Subclass Counsel may renew their motion if the attorney-client relationship is, at that time, unworkable. While divergent opinions and perspectives are often helpful and productive during settlement negotiations, if the case proceeds to trial it will be undoubtedly in the best interests of the class as a whole if Subclass Counsel and the subclass representatives work together effectively and present a unified front. At this juncture, because Current Subclass Representatives adequately represent the DFA/DMS Subclass and remain committed to vigorously pursuing its interests, their removal is not warranted. The motion for replacement of class representatives is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the court DENIES Petitioning Subclass Representatives' renewed motion for new counsel (Doc. 683). The court GRANTS Subclass Counsel's motion for appointment of additional representative parties (Doc. 701), and ORDERS that Peter Southway, Marilyn Southway, Reynard Hunt, and Robert Fulper be added as subclass representatives for the DFA/DMS Subclass. The court DENIES their motion for the removal of existing DFA/DMS Subclass representatives Jonathan Haar, Claudia Haar, and Richard Swantak (Doc. 701).
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 23rd day of October, 2015.

Christina Reiss, Chief Judge
United States District Court

7