U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JAN -4 PM 3: 04

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ALICE H. ALLEN, LAURANCE E. ALLEN, )
d/b/a Al-lens Farm, GARRET SITTS, RALPH )
SITTS, JONATHAN HAAR, CLAUDIA HAAR, )
RICHARD SWANTAK, PETER SOUTHWAY, )
MARILYN SOUTHWAY, REYNARD HUNT, )
ROBERT FULPER, STEPHEN H. TAYLOR, )
and DARREL J. AUBERTINE, on behalf of )
themselves and all others similarly situated, )
)
Plaintiffs, )
)
v. ) Case No. 5:09-cv-230
)
DAIRY FARMERS OF AMERICA, INC. and )
DAIRY MARKETING SERVICES, LLC, )
)
Defendants. )

# ENTRY ORDER DENYING DFA-MEMBER SUBCLASS REPRESENTATIVES' MOTION TO DEFER DEADLINE FOR MOTION FOR RECONSIDERATION OF 707 ENTRY ORDER
(Doc. 708)

Pending before the court is a motion filed by DFA/DMS Subclass representatives Jonathan Haar and Claudia Haar ("the Haars") to defer the deadline for filing a motion to reconsider the court's October 23, 2015 Order (Doc. 707) (hereinafter "the Order"). *See* Doc. 707 (denying the DFA/DMS Subclass Representatives' Renewed Motion for New Counsel and granting in part and denying in part the DFA/DMS Subclass Counsel's Motion for Appointment of Additional Subclass Representatives and Removal of Current Subclass Representatives). In support of their motion, the Haars submitted a statement *in*

*camera*.[1] DFA/DMS Subclass Counsel has not seen the *in camera* filing but nonetheless opposes the pending motion.

Pursuant to L.R. 7(c), parties have fourteen days to file a motion to reconsider a court order. Because the court issued the Order on October 23, 2015, the parties had until November 6, 2015 to file a motion to reconsider, which the parties did not file. The Haars did not file the pending motion with the court until December 7, 2015, and do not provide a reason for their delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (providing that "the court may, *for good cause*, extend the time[] . . . on motion made after the time has expired if the party failed to act because of excusable neglect") (emphasis supplied). Because the Haars failed to provide "good cause" for their untimely filing, the pending motion is DENIED.

Even if the court considered the arguments for reconsideration set forth in the pending motion, the Haars have failed to provide a sufficient rationale for reconsidering the Order. In the Second Circuit, the standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

---

[1] An *in camera* filing is permissible "when, and to the extent, circumstances warrant secrecy." *In re N.Y. Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 n.4 (2d Cir. 2009). Such circumstances exist where a party seeks to protect confidential information, privileged information, or the name of a party in "sensitive situations[.]" *Id.* The Haars have not presented any argument or evidence that demonstrates the need for secrecy in this instance. An *ex parte* communication with the court is generally not permissible and must be shared with counsel for both parties. *See* Fed. R. Civ. P. 5(a)(1)(D) (requiring parties to serve "every party" with their "written motion[s]," unless the motions "may be heard *ex parte*"); *see also Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 76 (2d Cir. 2009) (noting the "legal system's preference for open court proceedings").

2

Although the Haars continue to assert concerns regarding their counsel, they point out that they are content with the representation provided by many of the attorneys representing their interests. In light of the functioning relationship between the DFA/DMS Subclass and the vast majority of their attorneys, there is no "need to correct a clear error or prevent manifest justice." *Id.*; *see also Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077 (2d Cir. 1995) (holding that conflicts do not necessitate removal unless class representatives and class counsel are unable to faithfully satisfy their "responsibilities to absent members of the class"). Counsel's decisions as to what roles each attorney should take in the litigation are tactical decisions with which the court is not permitted to interfere. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (noting that counsel must have "wide latitude" in "making tactical decisions"). The court therefore does not designate which attorney, among several, should lead settlement negotiations.

To the extent the Haars argue that they were unaware of the evidentiary rules when initially presenting their motion for new counsel, their argument is unsupported by the record. Over the course of its two-day evidentiary hearing, the court repeatedly advised the petitioning subclass representatives that they needed to present evidence, not arguments, if they wanted the court to rely on certain facts. *See* Doc. 651 at 64-65 (the court explaining that "arguments . . . are not evidence because they are not sworn" and Mr. Haar confirming "[t]hat [the court's explanation regarding evidence] makes sense"); *id.* at 127 (the court explaining that "[i]f you are sworn, it's evidence" and "[i]f you make arguments, . . . [the court] consider[s] them, but they don't have evidentiary value" and Mrs. Haar responding that "[she] would like to make arguments"); *id.* at 132 (the court explaining that it does not advise the parties regarding which evidence to present, and Mrs. Haar thanking the court "for that education"); *id.* at 297 (the court explaining that it "won't be asking [DFA/DMS Subclass representatives] to present any kind of evidence" because it is "up to [them] to make that decision" and Mr. Haar confirming that the court's explanation "makes sense"); Doc. 658 at 16 (the court explaining to Mr. Haar that he was not "providing evidence because [he was] not under oath[,]" and Mr. Haar

3

responding that he "[u]nderstood" the court's explanation); *id.* at 107 (the court explaining to Mrs. Haar that she was "not under oath and [her] statements [were] not evidence" and Mrs. Haar stating "[o]kay"); *id.* at 148-49 (the court noting that it had already "explained . . . the difference between argument and evidence" and Mr. Haar stating "[o]kay").

Accordingly, even were the court to consider the Haars' untimely motion for reconsideration, reconsideration would not be warranted. *See Shrader*, 70 F.3d at 257 (holding that motions to reconsider "will generally be denied" unless the moving party raises matters "that might reasonably be expected to alter the conclusion reached by the court").

## CONCLUSION

For the foregoing reasons, the court DENIES DFA-Member Subclass Representatives' Motion to Defer Deadline for Motion for Reconsideration of 707 Entry Order (Doc. 708).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 4th day of January, 2016.

Christina Reiss, Chief Judge
United States District Court

4