U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

2016 MAY -9  AM 11: 36

CLERK

BY___LAW___
DEPUTY CLERK

| | |
|---|---|
| ALICE H. ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 5:09-CV-00230-cr |
| ) | |
| DAIRY FARMERS OF AMERICA, INC., and ) | |
| DAIRY MARKETING SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

**DFA SUBCLASS REPRESENTATIVES' MOTION FOR LEAVE TO FILE MOTION TO FILE THE CLASS MEMBERS' IN-CAMERA DECLARATIONS AND LETTERS FORWARDED TO THE COURT APRIL 29th, THE CLASS MEMBERS' IN-CAMERA DECLARATION AND LETTER FORWARDED TO THE COURT MAY 3rd, AND THE CLASS MEMBERS' OUT-OF-CAMERA LETTERS FORWARDED TO THE COURT MAY 3rd.**

We apologize that our earlier filings on behalf of our fellow dairy producers were found unacceptable by the Court, given that they were filed as a Notice rather than a Motion and furthermore were unaccompanied by a motion for leave to file. Our mistaken impression regarding the requirement of leave to file for certain individual filings stemmed from the three attached motions filed by Former Commissioners of Agriculture Messrs. Aubertine and Taylor. These motions did not contain a request for leave to file, and the third was filed in an individual capacity even though the former Commissioners were then represented by BakerHostetler. All three motions were docketed without question. Similarly, we were unaware of the requirement that such a filing must be titled "Motion" because, over this past week alone, over 30 such filings – filed by individuals rather than counsel – appear on the docket with the title "Notice."

To correct these errors in accordance with the Court's instructions, provided when we called on Thursday to inquire why our filings had not appeared on the docket,

we now move for Leave to File the class members' in-camera declarations and letters forwarded to the Court April 29th, the class members' in-camera declaration and letter forwarded to the Court May 3rd, and the class members' out-of-camera letters forwarded to the Court May 3rd (the "Referenced Declarations"). We request that the Court grant this motion for the following reasons.

First, the Referenced Declarations provide key information about the reaction of the class in regard to the proposed settlement and the approaching fairness hearing. We understand that Defendants are not lawfully permitted to contact, let alone coerce, class members in order to secure a settlement:

> "Manual for Complex Litigation§ 21.33 (4th ed.) ("Defendants' attorneys, and defendants acting in collaboration with their attorneys, may only communicate through class counsel with class members on matters regarding the litigation."); *see also Hammond v. City of Junction City, Kan.,* 167 F. Supp. 2d 1271, 1274 (D. Kan. 2001) (excluding evidence gathered during ex parte contact when plaintiff's attorney interviewed an employee of defendant). These cases generally impose limitations on *a defendant's* communications with class members, or putative class members. *See Impervious Paint Indus., Inc. v. Ashland Oil,* 508 F. Supp. 720, 722 (W.D. Ky. 1981) (granting plaintiffs' motion for an injunction to prevent one defendant from contacting class members and encouraging them to opt out and finding that defendant and its attorneys were not entitled to First Amendment protection for communications that violated the Rules of Professional Conduct); *see also Tedesco v. Mishkin,* 629 F. Supp. 1474, 1487 (S.D.N.Y. 1986) (concluding defendant's attorney violated the Rules of Professional Conduct by communicating with class members after certification of the class and prohibiting defendant from "further communications with class members so as to discourage their participation in th[e] action or to induce class members to 'opt out' of the class")."

Opinion and Order, Docket # 695.

The Referenced Declarations show that, well beyond mere contact, Defendants have subjected the class to coercion and extortion by using milk inspectors and DFA

supervisors to pressure farmers into supporting the settlement. Since inspectors control whether or not farmers can continue shipping milk, and therefore control these farmers' entire livelihood, this is criminal extortion under federal law.

Regardless of the criminal implications of defendants' conduct, evidence of this conduct is highly relevant to the Court's evaluation of the "reaction of the class" from *Grinnell*. In the current situation, the fact that there are not five, nor fifty, nor even five hundred letters in support of the proposed settlement, but rather ***well over one thousand***, the vast majority of which are the same form letter, is highly significant.

It is evident from the state of the Court's docket that these letters have been collected, and the Referenced Declarations show both which party has been collecting them and how this party has been doing so. The information presented in the Referenced Declarations is invaluable to a court exercising its role in assessing a proposed settlement. *See* Christopher R. Leslie, *The Significance of Silence: Collective Action Problems and Class Action Settlements*, 59 Fla. L. Rev. 71, 72 (2007) ("One of the primary reasons judges approve fundamentally flawed settlements in class action litigation is because judges consistently misread the response of the class to the proposed settlement.").

Second, the essential Referenced Declarations were timely filed. The Court's Order granting preliminary approval specified that class members who wish to provide input before the Fairness Hearing must send their filings no later than 14 days in advance. Docket # 718. Since the Hearing is scheduled for May 13th, that places April 29th as the mailing date. The attached postal slip accounts for the Referenced Declarations forwarded to the Court on April 29th.

Third, justice so requires, for two reasons. The first reason, as recognized by the authorities on the matter, is that a class cannot protect itself on its own. In evaluating a proposed settlement, courts "***must*** adopt the role of a ***skeptical client***." Manual for Complex Litigation, Section 21.61 (emphasis added). This role is most critical where there is a danger of collusion. The Federal Practice Manual explains: "Because of the ***increased possibilities of collusion***, settlement classes are subject to a ***more*** searching scrutiny." Section 9 (emphasis added).

The inability of class members to control either defendants or class counsel makes the role of the Court irreplaceable in any class action. In a case where the record displays that collusive activity, far from being a mere "possibility," has been such a contested issue that the Court itself felt compelled to address the dispute on the record at multiple proceedings, justice simply cannot allow relevant information to be swept under the carpet. In the current situation, where a farmer filed on the docket stating "*My DFA/DMS field person asked me to fill this out and sign it. I think it should be illegal for him to do this*" and class counsel did not lift a finger in response, the inference of collusion is too strong to be ignored. This is a major reason why nearly 200 farmers, including three class representatives, chose to opt out and file their own lawsuit.

The second reason, as expressed by the Honorable Judge McDermott, is that "The courtroom is the citizen's venue for justice." The dairy producers who were threatened with the loss of their livelihood if they refused to sign Defendants' letters have turned to the venue of this Court to ensure that the truth comes out. These farmers are faced not with the loss of a claim, but the loss of their family farms and livelihoods.

These are people of great courage who have taken great risks to share the truth with the Court.

These dairy farmers, like us, are not lawyers. Nor should they be forced to sort through one-sided procedural hurdles while political appointees get a free pass. This concern is particularly relevant where, as in this motion, the essential materials were timely filed. It would not be right to disregard highly relevant evidence that the class is being subjected to coercion and collusion when that evidence is timely filed. For example, compare Docket # 711 ("The Haars did not file the pending motion with the court until December 7, 2015, and do not provide a reason for their delay... Because the Haars failed to provide "good cause" for their untimely filing, the pending motion is DENIED. Even if the court considered the arguments for reconsideration set forth in the pending motion, the Haars have failed to provide a sufficient rationale for reconsidering the Order.") to the information on the attached page from the filing and its postal records, which are also attached and show that the motion was in fact timely mailed November 5th and timely received the next day.

For these farmers and those around them, there are few clearer examples of actions which would "seriously undermine the public reputation of judicial proceedings" than for this Court to allow Defendants to subject them to criminal conduct while denying them even the opportunity to be heard. *See, e.g., Suffolk Cty. v. Sec'y of Interior*, 562 F.2d 1368, 1387 (2d Cir. 1977) ("Although faced with this extensive consideration... the district court nonetheless brushed the data aside as too brief, as "mere window dressing," and as offering reasons for rejection with which the court disagreed... This was clear error.").

Respectfully submitted,

Jonathan Haar                          May 6th, 2016        Claudia Haar    5/6/16

Jonathan Haar                                          Claudia Haar

1495 Paddock Rd.                                       1495 Paddock Rd.

West Edmeston, NY 13485                                West Edmeston, NY 13485

(315) 855-4465                                         (315) 855-4465

haarvest@frontier.com                                  haarvest@frontier.com


## CERTIFICATE OF SERVICE

I, Jonathan Haar, hereby certify that on May ___6th___, 2016, I served a copy of this

motion and attachments to counsel of record by certified mail.


Jonathan Haar

Jonathan Haar