U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JUN 16 AM 10: 14

CLERK

BY_____/s/_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ALICE H. ALLEN, LAURANCE E. ALLEN, d/b/a Al-lens Farm, GARRET SITTS, RALPH SITTS, JONATHAN HAAR, CLAUDIA HAAR, RICHARD SWANTAK, PETER SOUTHWAY, MARILYN SOUTHWAY, REYNARD HUNT, ROBERT FULPER, STEPHEN H. TAYLOR, and DARREL J. AUBERTINE, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>DAIRY FARMERS OF AMERICA, INC. and DAIRY MARKETING SERVICES, LLC,<br><br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 5:09-cv-230<br>)<br>)<br>)<br>)<br>)<br>) |

### ENTRY ORDER GRANTING SUBCLASS COUNSEL'S MOTION FOR AN ORDER ALLOCATING UP TO $250,000 OF THE DECEMBER 2015 SETTLEMENT FUND FOR THE CASE SETTLEMENT ADMINISTRATOR
(Doc. 2076)

Pending before the court is Subclass Counsel's motion for an Order allocating up to $250,000 of the December 2015 Settlement fund for Rust Consulting, Inc. ("Rust Consulting"), the case settlement administrator (Doc. 2076).[1] In support of its motion, Subclass Counsel submits a declaration of Matthew B. Potter, an Executive Vice President for Rust Consulting, which describes the work that Rust Consulting has completed in this case.

On July 1, 2014, the parties reached a settlement agreement (the "2014 Settlement"). The court granted preliminary approval of that settlement, and Rust Consulting thereafter provided settlement notice and administration. Rust Consulting

---

[1] The other matters raised in Doc. 2076 have been addressed by the court in its Opinion and Order Granting Motion for Final Approval of December 2015 Proposed Settlement (Doc. 2093).

incurred $173,791.46 in fees and expenses as a result of handling the notice and administration of the 2014 Settlement. However, it has not yet received payment for those services because the court ultimately denied without prejudice the motion for final approval of the 2014 Settlement.

On December 22, 2015, the parties reached a new settlement agreement (the "December 2015 Settlement"). The court subsequently granted preliminary approval of that settlement,[2] and Rust Consulting was again employed to provide settlement notice and administration. Consistent with the court's preliminary approval of the December 2015 Settlement, class members who had submitted claims to Rust Consulting in connection with the December 2014 Settlement were automatically considered claimants for purposes of the December 2015 Settlement unless they opted out. The December 2015 Settlement has since received final approval from the court. In its work related to the December 2015 Settlement, Rust Consulting has incurred $49,365.88 in fees and expenses.

In total, as of April 30, 2016, Rust Consulting has thus incurred $223,157.34 in fees and expenses. Subclass Counsel summarizes the activities giving rise to Rust Consulting's fees and expenses as follows:

> preparing three sets of settlement notices disseminated to the Subclasses; preparing and placing additional settlement notices in several dairy-related publications; preparing and maintaining a website for the Subclasses (www.northeastdairyclass.com); receiving, reviewing, confirming, and compiling settlement claims information for nearly 8,000 claimants;

---

[2] In its Order Granting Dairy Farmer Subclasses' Motion for Preliminary Approval of December 2015 Settlement with Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC, the court authorized Subclass Counsel and their Designees to use "up to $100,000 of the Settlement Fund to give notice of the 2015 Settlement Agreement to Subclass members and for settlement administration costs[.]" (Doc. 718 at 10) (footnote omitted). The court noted that although the December 2015 Settlement provided that "up to $250,000" could be used for such purposes, the Proposed Order submitted by Subclass Counsel provided for only $100,000 to be so expended. *Id.* at 10 n.3 (internal quotation marks omitted). Subclass Counsel represent that the discrepancy between the December 2015 Settlement and its Proposed Order was inadvertent. They point out that "Subclass members received a copy of the Agreement which included the $250,000 allocation[,]" and that the notice provided to class members did not reference the amount of funds that could be used for settlement administration. (Doc. 2076-1 at 50.)

2

> following up with claimants to cure deficient submissions; identifying and resolving duplication or discrepancies with claims submitted in response to the 2014 and 2015 settlement notices; auditing and investigating claims; responding to thousands of telephone calls, emails, and letters received from dairy farmers; and providing overall project management for the claims administration processes.

(Doc. 2076-1 at 50.) Rust Consulting represents that it may incur additional fees and expenses as it provides ongoing administration services related to the December 2015 Settlement.

The December 2015 Settlement provides: "Prior to the Effective Date, [] up to $250,000 of the Settlement Fund may be used to give notice of the Settlement to Subclass members and for settlement administration costs[.]" (Doc. 2076-2 at 39.)[3] This provision comports with the typical practice in common fund cases to award administration costs from the settlement fund. *See Parker v. Time Warner Entm't Co.*, 631 F. Supp. 2d 242, 273 (E.D.N.Y. 2009) (explaining that "[o]rdinarily in common fund cases, . . . the cost of administration of the settlement" is paid from the common fund).

The fees and expenses that have been incurred by Rust Consulting were contemplated by the December 2015 Settlement, are typical in light of the size and nature of this case, and are not claimed in bad faith.[4] Although most of its expenses arose in its

---

[3] "Effective Date" refers to the earliest date on which all of the following have occurred:

> (a) No party has timely availed itself of any right to terminate this Agreement[;] . . .
>
> (b) The Court has entered the Judgment, following notice to the Subclasses and the Fairness Hearing, finally approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Actions with prejudice as to all Subclass Members, and without costs; and
>
> (c) The time for appeal or to seek permission to appeal from the Judgment has expired or, if appealed, approval of this Agreement and the Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

(Doc. 2076-2 at 12-13.)

[4] *See, e.g., In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 526 (3d Cir. 2004) (affirming final approval of a settlement that awarded costs of notice and administration, including costs

work related to the 2014 Settlement, that work was essential to the administration of the December 2015 Settlement and should therefore be presently compensated. To the extent that Rust Consulting incurs additional reasonable expenses prior to the Effective Date, it should receive payment for those expenses, provided it does not receive more than $250,000 in total payment for its case settlement administration of this case. *See* Doc. 2076-2 at 39.

## CONCLUSION

For the foregoing reasons, the court GRANTS Subclass Counsel's motion for an Order allocating up to $250,000 for payment to Rust Consulting for settlement notice and administration fees and expenses (Doc. 2076).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of June, 2016.

Christina Reiss, Chief Judge
United States District Court

---

incurred by "a nationally recognized settlement administrator . . . [that] published notices targeted at . . . class-members; set up a call-center to receive telephone inquiries; prepared, printed, and distributed notice packets for consumers . . . who responded to the notice; and designed and developed a website for class members to review and access information about the settlement"); *McBean v. City of New York*, 233 F.R.D. 377, 381 (S.D.N.Y. 2006) (granting final approval of a common fund settlement that provided for the payment of "prior and ongoing administration of the proposed settlement, including mailing and publishing the class notice, distributing the awards to class members, and paying class counsel ongoing administration fees").

4