UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ALICE H. ALLEN, et al.,                )<br>                                                         )<br>     Plaintiffs,                              )<br>                                                         )<br>     v.                                            )  Civil Action No. 5:09–CV–00230–cr<br>                                                         )<br>DAIRY FARMERS OF AMERICA, INC., and   )<br>DAIRY MARKETING SERVICES, LLC,     )<br>                                                         )<br>     Defendants.                            )  | |

UNOPPOSED MOTION FOR AN ORDER IDENTIFYING SUBCLASS
EXCLUSIONS AND OPT-INS, DISMISSING THE CLASS ACTION CLAIMS
AS TO DEFENDANTS, DIRECTING ENTRY OF FINAL JUDGMENT, AND
APPROVING THE SETTLEMENT ALLOCATION PLAN

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and consistent with the terms of the finally-approved December 2015 Settlement Agreement, the Dairy Farmer Subclasses, through the undersigned Subclass Counsel, respectfully request that the Court grant the attached Proposed Order that, among other things, identifies the farmers who opted into or out of the Subclasses as allowed by the Court, dismisses the claims of the Dairy Farmer Subclass members against Defendants with prejudice and without payment of fees or costs, directs that the final judgment of dismissal as to Defendants be entered forthwith, and approves the plan of allocation set forth in the Memorandum in Support of the Motion for Final Approval of the Settlement.

In support of this Motion, the Subclasses show the following:

1. On November 19, 2011, the Court certified a class consisting of two Subclasses:

   a. All dairy farmers, whether individuals or entities, who produced and pooled raw Grade A milk in Order 1 during any time from January 1, 2002 to the present, who are members of DF A or otherwise sell milk through Dairy Marketing Services ("DFA/DMS Subclass")

      b. All dairy farmers, whether individuals or entities, who produced and pooled raw Grade A milk in Order 1 during any time from January 1, 2002 to the present, who are not members of DFA and do not otherwise sell milk through Dairy Marketing Services ("non-DFA/DMS Subclass").

Each Subclass excludes officers and directors of Defendants and alleged co-conspirators. *See* Dkt. No. 435. The Court ordered that farmers, upon request, be excluded from the Subclasses. *See id.* at 12 ("To the extent dairy farmers do not wish to participate in this lawsuit, they will not be forced to do so.") The deadline for requesting exclusion from the litigation was April 30, 2013. *See, e.g.*, Dkt. No. 440 at 6.

    2.    The Court approved the Subclasses' plan for providing notice of class certification on January 7, 2013. *See* Dkt. No. 441; *see also* Dkt. No. 439. Rust Consulting, which assisted with the notice of certification plan, received and maintained mail received from farmers. *See* Ex. B, 7/15/16 Potter Decl. at ¶ 3. In response to the notice, Rust received timely letters from 936 farmers who requested to be excluded from the litigation. *See id*. at ¶ 4. The names of the farmers who requested exclusion are listed in Exhibit B-1 and also are appended to the Proposed Order for the purpose of recording those with rights with respect to the Settlement.

    3.    The Dairy Farmer Subclasses, through the undersigned Subclass Counsel, and Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC (collectively "Settling Defendants") entered into a settlement agreement on December 22, 2015 ("December 2015 Settlement). *See* Dkt. No. 2076-2.

    4.    The Court entered an Order preliminarily approving the December 2015 Settlement on February 8, 2016. *See* Dkt. No. 718. This Order approved the plan, as modified by the Court, for providing notice of the December 2015 Settlement. *See id*. at 5. This Order permitted any member of a Subclass who did not previously opt out, but wished to be excluded from the 2015 Settlement, to opt out by letter to the Claims Administrator postmarked by April

22, 2016.  *See id*. at 8-9.  This Order also allowed any person who timely requested exclusion from a Subclass to opt back in by letter to the Claims Administrator (Rust) postmarked by April 22, 2016.  *See id*. at 9.

5.  Rust, along with the Market Administrator for Federal Milk Marketing Order 1, thereafter effectuated notice of the December 2015 Settlement according to the Court's instructions.  As explained in the Declaration of Matthew Potter previously submitted to the Court, the approved notice was mailed directly to 8,859 Order 1 farms by an independent vendor selected by the Market Administrator.  *See* Dkt. 2076-7 at ¶ 21.  To supplement this directly-mailed notice, notice also was published in four publications prominent in the dairy farming community in the Northeast, and on the settlement website maintained by Rust.  *See id.* at ¶ 6.  This notice program more than meets the standard under the law.  *See, e.g., Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

6.  Rust Consulting, which assisted with the notice of settlement, received and maintained mail received from farmers.  *See* Ex. B, 7/15/16 Potter Decl. at ¶ 3.  In response to the settlement notice, Rust received timely letters from 167 farmers requesting to be excluded from the December 2015 Settlement.  *See id*. at ¶ 5.  The names of the farmers who requested exclusion from the Settlement are listed in Exhibit B-2.  Rust also received a timely letter from a farmer who requested to opt back in, and this farmer is identified in Exhibit B-3.  *See id*. at ¶ 6.  The names of farmers who opt out and opted in are appended to the Proposed Order.

7.  Following a May 13, 2016 Fairness Hearing, the Court issued an Order on June 7, 2016 finding the December 2015 Settlement to be substantively fair, reasonable, and adequate

under Fed. R. Civ. P. 23(e)(2) and granting final approval of the Settlement. *See* Dkt. No. 2093 at 11-12.

8. Having finally approved the December 2015 Settlement, the Subclasses seek entry of an Order consistent with the terms of the Settlement. It requires the Subclasses to seek an Order that, among other things:

   a. Determines that the notice of settlement to the Subclasses constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice

   b. Bars and enjoins institution, commencement, or prosecution, by any of the Releasing Parties, of any action asserting any Released Claim against the Released Parties

   c. Provides that any Subclass Member who fails to object in accordance with the Court's procedures be deemed to have waived any objections to the Settlement or the Agreement

   d. Excludes from the Subclasses any Person who timely requested exclusion

   e. Provides that any Person who timely requested to opt back into the Subclasses shall be reinstated to the Subclasses, as if they had not been excluded, for purpose of participating in the Settlement

*See* Dkt. No. 2076-2 at § 4.2.

9. Also, with final approval of the December 2015 Settlement, the Subclasses seek dismissal with prejudice of the Subclass member claims against Defendants which are released by the Settlement and entry of final judgment as to Defendants. The terms of the December 2015 Settlement require a request for dismissal of the Action with prejudice and without payment of fees or costs by the Settling Defendants and entry of a final judgment. *See* Dkt. No. 2076-2 at ¶ 4.1. The requested dismissal and entry of judgment also may avoid delay in the resolution of the appeal of final approval. *See, e.g.*, Fed. R. Civ. App. P. 4(a)(2).

10. In addition, the Subclasses seek approval of the plan of allocation of the settlement proceeds that was set forth in the Memorandum in Support of the Motion for Final

Approval of the Settlement. *See* Dkt. No. 2076-1 at 47-48. It proposed distributing settlement funds to eligible Subclass members on a *pro rata* basis, determined by dividing (a) the dollar value of the claimant's total amount of raw Grade A milk produced and pooled in Order 1 from January 1, 2002 to December 31, 2014 by (b) the total dollar value of all claims made by all Subclass members of that Class. The Court approved the same *pro rata* distribution in connection with the Dean Foods settlement. *See* 8/15/11 Order at ¶ 13, Dkt. No. 345. This distribution meets the standard under the law because it is inherently fair and reasonably to distribute funds to eligible class members in direct proportion to their eligible sales of milk at issue in the litigation. *See, e.g., In re Top Tankers, Inc. Sec. Litig.*, 2008 U.S. Dist. LEXIS 58106, at *34 (S.D.N.Y. July 31, 2008) (explaining the standard for approval of a plan of allocation is "fair and adequate."); *In re Lloyd's Am. Tr. Fund Litig.*, 2002 U.S. Dist. LEXIS 22663, at *53 (S.D.N.Y. Nov. 26, 2002) ("pro rata allocations…are not only reasonable and rational, but appear to be the fairest method of allocating the settlement benefits.").[1]

11.    Counsel for the Subclasses conferred with Counsel for Defendants and confirmed they do not oppose this Motion.

THEREFORE, for the foregoing reasons, the Subclasses respectfully request that the Court enter the Proposed Order attached as Exhibit A.

Dated August 1, 2016

---

[1] The Subclasses note that, per the December 2015 Settlement, distribution of the monetary payment by Defendants cannot occur until after the expiration of the time for appeal of the final approval has passed or the approval is affirmed on appeal and such affirmance has become no longer subject to further appeal or review. *See* Dkt. No. 2076-2 at ¶¶ 5.1 and 8.4. The Subclasses seek approval of the allocation plan now, however, so that funds can be distributed after appeals without additional delay.

Respectfully submitted,

*/s/ Robert G. Abrams*
Robert G. Abrams, Esq.
Robert J. Brookhiser, Esq.
Gregory J. Commins, Jr., Esq.
Terry L. Sullivan, Esq.
Danyll W. Foix, Esq.
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, DC 20036
Tel:  (202) 862-1500
rabrams@bakerlaw.com
rbrookhiser@bakerlaw.com
gcommins@bakerlaw.com
tsullivan@bakerlaw.com
dfoix@bakerlaw.com

Daniel Smith, Esq.
16 State St.
PO Box 801
Montpelier, VT 05601
Tel:  (802) 229-6661
dmsith@gmavt.com

Richard T. Cassidy, Esq.
Hoff Curtis, P.C.
100 Main St.
Burlington, VT 05401
Tel:  (802) 316-4962
rcassidy@hoffcurtis.com

Emily J. Joselson, Esq.
Lisa B. Shelkrot, Esq.
Langrock Sperry & Wool, LLP
210 College St.
P.O. Box 721
Burlington, VT 05402
Tel:  (802) 864-0217
ejoselson@langrock.com
lshelkrot@langrock.com

*Counsel for the non-DFA/DMS Subclass*

*/s/ Brent W. Johnson*
Kit A. Pierson, Esq.
Benjamin D. Brown, Esq.
Brent W. Johnson, Esq.
Emmy L. Levens, Esq.
Cohen Milstein Sellers & Toll, PLLC
1100 New York Ave., N.W.
Suite 500, West Tower
Washington, DC 20005
Tel:  (202) 408-4600
kpierson@cohenmilstein.com
bbrown@cohenmilstein.com
bjohnson@cohenmilstein.com
elevens@cohenmilstein.com

David A. Balto, Esq.
The Law Offices of David A. Balto
1350 I St,, N.W., Suite 850
Washington, DC 20005
Tel:  (202) 789-5424
david.balto@yahoo.com

Andrew D. Manitsky, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.,
76 St. Paul St., Suite 400
Burlington, VT 05402
Tel:  (802) 860-1500
amanitsky@lynnlawvt.com

*Counsel for the DFA/DMS Subclass*

## CERTIFICATE OF SERVICE

I certify that on the 1st day of August, 2016, a true and correct copy of the foregoing **UNOPPOSED MOTION FOR AN ORDER IDENTIFYING SUBCLASS EXCLUSIONS AND OPT-INS, DISMISSING THE CLASS ACTION CLAIMS AS TO DEFENDANTS, DIRECTING ENTRY OF FINAL JUDGMENT, AND APPROVING THE SETTLEMENT ALLOCATION PLAN** was served by operation of the electronic filing system of the U.S. District Court for the District of Vermont upon all counsel who have consented to receive notice of filings in the matters styled *Allen, et al. v. Dairy Farmers of America, et al.*, Case No. 5:09-cv-00230-cr.

>                   */s/ Robert G. Abrams*
>                   Robert G. Abrams