UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ALICE H. ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 5:09–CV–00230–cr |
| ) | |
| DAIRY FARMERS OF AMERICA, INC., and ) | |
| DAIRY MARKETING SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

### ORDER IDENTIFYING SUBCLASS EXCLUSIONS AND OPT-INS, DISMISSING THE CLASS ACTION CLAIMS AS TO DEFENDANTS, DIRECTING ENTRY OF FINAL JUDGMENT, AND APPROVING THE SETTLEMENT ALLOCATION PLAN

The Dairy Farmer Subclasses, through Subclass Counsel, entered into a December 22, 2015 settlement agreement ("December 2015 Settlement") with Defendants Dairy Farmers of America, Inc. ("DFA) and Dairy Marketing Services, LLC ("DMS"), to fully and finally resolve the Subclass members' claims against DFA and DMS. The Court entered an Order preliminarily approving the Settlement and approving the form and method of notice of the settlement to the Subclasses on February 8, 2016. [Doc. 718]. After the approved notice program was effectuated, the Court held a fairness hearing on May 13, 2016. The Court entered an Order granting final approval of the Settlement on June 7, 2016. [Doc. 2093].

This matter is now before the Court on the Subclasses' Unopposed Motion for an Order Identifying Subclass Exclusions and Opt-ins, Dismissing the Class Action Claims as to Defendants, Directing Entry of Final Judgment, and Approving the Settlement Allocation Plan. Having considered the Motion, the Subclasses' memoranda in support of final approval of the December 2015 Settlement, statements presented at the Fairness Hearing, and the complete

record and files in this matter including the objections and letters in support submitted by members of the Subclasses,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter of this litigation.

2. Capitalized terms in this Order which are defined in the December 2015 Settlement, unless otherwise defined therein, shall have the same meaning as in the Settlement.

3. Due and adequate notice of the December 2015 Settlement was provided, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to members of the Dairy Farmer Subclasses, notifying Subclass members of, *inter alia*, the pendency of the above-captioned actions and the proposed Settlement with DFA and DMS. The notice provided was the best notice practicable under the circumstances and included individual notice by first class mail to 8,859 members of the Dairy Farmer Subclasses identified by the Administrator of Federal Milk Marketing Order 1 as well as notice published in four agricultural publications widely circulated in the Northeast – *American Agriculturalist*, *Country Folks* (Eastern edition), *Farming: The Journal of Northeast Agriculture*, *Progressive Dairymen* (Northeast Edition), and *Farmshine* – and on the class action Internet website at www.NortheastDairyClass.com. This notice fully complied in all respects with the requirements of Rule 23 and the Federal Rules of Civil Procedure and due process.

4. The Court has finally approved the December 2015 Settlement and its terms as fair, reasonable, and adequate, and in the best interest of the Settlement Class, within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure [Doc. 2093], and therefore directs consummation of the Settlement according to its terms.

5. Any person who timely submitted a request to be excluded from the class certified for litigation against DFA and DMS in accordance with the procedures outlined in the Court-approved notice of certification shall be excluded from the Subclasses, shall not receive any monetary payments that may result from the December 2015 Settlement, shall not be bound by any Court orders or jury verdicts in this case, and shall retain their individual right to sue Defendants on their own regarding the issues in this case, or not to pursue these legal claims if that is their choice. The names of farmers who timely submitted a request for exclusion from the class are listed in Appendix 1 to this Order.

6. Any person who timely submitted a Request for Exclusion from the December 2015 Settlement in accordance with the procedures outlined in the Court-approved notice of settlement shall be excluded from the Subclasses, shall have no rights with respect to the Settlement, and shall receive no payments as provided in the Settlement. The names of farmers who timely submitted a Request for Exclusion are listed in Appendix 2 to this Order.

7. Any person who previously requested exclusion from the Subclasses but who timely submitted a Request for Reinstatement in accordance with the procedures outlined in the Court-approved notice of settlement shall be reinstated to the Subclasses, as if they had not been excluded, for purpose of participating in the Settlement. The names of farmers who timely submitted a Request for Reinstatement are listed in Appendix 3 to this Order.

8. Those Subclass Members who failed to object to the December 2015 Settlement in accordance with the procedures outlined in the Court-approved notice are hereby deemed to have waived any objections to the Settlement or the Settlement Agreement and are barred from making such objections in the future.

9. The Actions as to DFA and DMS are dismissed with prejudice.

10. Except as provided by the December 2015 Settlement, DFA and DMS shall have no obligation for attorneys' fees, costs, or expenses, including but not limited to expenses of administering and distributing the proceeds of this Settlement.

11. The Releasing Parties shall be permanently barred and enjoined from instituting, commencing, or prosecuting any action asserting any Released Claim against the Released Parties, in any local, state, federal, or other court or tribunal of any nation, or in any agency or other authority or arbitral or other forum wherever located.

12. The Plan of Allocation set forth in Dairy Farmer Subclasses' Memorandum in Support of their Motion for Final Approval of the Settlement with Defendants Dairy Farmers of America, Inc. and Dairy Marketing Services, LLC is approved as fair and reasonable. As set forth in the Plan of Allocation, Net Settlement Funds will be distributed on a *pro rata* basis to approved Claimants.

13. The escrow account established by the Parties, and into which DFA and DMS have deposited $50 million as the Settlement Fund, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code § 468B and the Treasury Regulations promulgated thereunder.

14. The Net Settlement Funds shall be distributed as soon as practicable after all of the following have occurred: (a) the Court has granted final approval of the proposed settlement; (b) the Court has ruled on Subclass Counsel's requests for an award of attorneys' fees, for reimbursement of litigation expenses, and for incentive awards for the Subclass Representatives and any appeal or any further determination by the Court regarding fees, expenses, or incentive awards has passed or is affirmed on appeal; (c) the deadline for submitting claims has passed; (d) the Claims Administrator has reviewed all claim forms and determined the amounts

recommended to be paid to claimants; and (e) the time for appeal of the final approval determination has passed or the approval is affirmed on appeal. Without affecting the finality of this Judgment and Final Order in any way, this Court hereby retains continuing jurisdiction for the purposes of, *inter alia*, implementing and enforcing the DFA/DMS Settlement Agreement and entering orders regarding the disbursement of the Settlement proceeds to the Dairy Farmer Subclasses.

15. Without affecting the finality of this Order and Final Judgment, this Court retains jurisdiction over the implementation, enforcement, and performance of the December 2015 Settlement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to the Settlement or the applicability of the Settlement Agreement.

16. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and hereby directs entry of this final judgment of dismissal as to DFA and DMS with. This Order shall constitute a final order of dismissal.

**IT IS SO ORDERED** this 19th day of August, 2016.

HONORABLE CHRISTINA REISS
DISTRICT COURT, DISTRICT OF VERMONT