MANDATE

19-179
*Allen v. Dairy Farmers of America, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of February, two thousand twenty.

Present:  ROSEMARY S. POOLER,
  GERARD E. LYNCH,
  STEVEN J. MENASHI,
   *Circuit Judges*.
_____

ALICE H. ALLEN, on behalf of herself and all others similarly
situated, DBA AL-LENS FARMS, LAURANCE E. ALLEN,
on behalf of himself and all others similarly situated,
DBA AL-LENS FARMS, JONATHAN HAAR, on behalf of
himself and all others similarly situated, CLAUDIA HAAR,
on behalf of herself and all others similarly situated,
PETER SOUTHWAY, MARILYN SOUTHWAY,
REYNARD HUNT, ROBERT FULPER,

  *Plaintiffs-Appellees*,

GARRET SITTS, RALPH SITTS, on behalf of himself and all others similarly situated, VINCE NEVILLE, on behalf of himself and all others similarly situated, DONNA HALL, on behalf of herself and all others similarly situated, RICHARD SWANTAK,

  *Plaintiffs*,
 v.  19-179

STEPHEN H. TAYLOR, DARREL J. AUBERTINE,

  *Intervenors-Appellants*,

1

MANDATE ISSUED ON 05/04/2020

RICHARD THOMAS CASSIDY, DANIEL SMITH,

        *Appellants,*

        v.

DAIRY FARMERS OF AMERICA, INC., DAIRY MARKETING SERVICES, LLC, DEAN FOODS COMPANY, HP HOOD LLC,

        *Defendants*.

_____

| | |
|---|---|
| Appearing for Appellants: | Daniel Smith (Richard T. Cassidy, *on the brief),* South Burlington, VT. |
| Appearing for Appellees: | Danyll W. Foix, Baker & Hostetler LLP (Gregory J. Commins, Jr., *on the brief*), Washington, D.C. |
| | Brent W. Johnson, Cohen Milstein Sellers & Toll, PLLC, (Kit A. Pierson, *on the brief*), Washington, D.C. |
| Appearing for Appellees Claudia and Jonathan Haar: | Jonathan Haar, pro se, W. Edmeston, N.Y. |

Appeal from the United States District Court for the District of Vermont (Reiss, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants Richard T. Cassidy and Daniel Smith, attorneys who were appointed as additional class counsel in this antitrust class action, appeal from the district court's December 2018 award of $110,000 in attorneys' fees, which was later modified by a March 2019 order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

An exception to the rule that each party pays its own attorneys' fees applies when an attorney succeeds in creating a common fund to compensate class members; in such circumstances, "the attorneys whose efforts created the fund are entitled to a reasonable fee—set by the court—to be taken from the fund." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). The district court's fee award is reviewed for abuse of discretion, taking into account the district court's greater familiarity with counsel's contributions to the case. *Id.* at 47-48.

Courts have used two methods to calculate attorneys' fees: the lodestar method and the percentage-of-recovery method. *See id.* at 47. "Whatever method is used, the reasonableness of a common fund fee award is governed by the so-called *Goldberger* factors: (1) counsel's time and labor; (2) the litigation's complexities and magnitude; (3) the litigation risks; (4) quality of

representation; (5) the relationship of the requested fee to the settlement; and (6) considerations of public policy." *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007).

Appellants argue that the lodestar method should have been used only as a "cross-check" on their claimed percentage of the settlement award, and that the minimal records they submitted were adequate for this purpose. That argument misunderstands this Court's precedent. It is up to the district court, rather than counsel, to choose whether to use the lodestar or percentage methods. *Goldberger* stated that district courts are encouraged to use the lodestar as a "cross-check" in cases in which they award fees based on a percentage of the settlement award in order to avoid a windfall for class counsel. 209 F.3d at 50. In that situation, counsel's time records need not be as detailed as in a lodestar-only method. *See id.* However, we have held that it is within a district court's discretion to use the lodestar method alone, as the district court did in this case. *See id.* (declining to reject the lodestar method); *see also McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417–19 (2d Cir. 2010) (discussing lodestar and percentage methods and holding that district court did not abuse its discretion in using the lodestar method).

Appellants also argue that the district court erroneously reduced their lodestar to 366 hours. However, this was not an abuse of discretion given that Smith and Cassidy did not submit time records and included non-compensable work in their lodestar calculations. *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (reasoning that "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done," and the court should exclude hours that are "excessive, redundant, or otherwise unnecessary" (internal quotation marks and citation omitted)). It was within the district court's discretion to reduce the claimed number of hours based on what it considered to be reasonable, especially given the lack of time records. *See id.*

Appellants' next argument that they were not compensated for their settlement work fails because the district court explicitly included this category of work in its lodestar amount. And Appellants' argument that they should have been awarded fees for their work during the 2016 attorneys' fee litigation and appeal is meritless. This Court has held that attorneys are not entitled to compensation for time spent on fee litigation in common fund cases, the rationale being that "the fund, created for the benefit of a group or class, which already has been diminished by an award of fees, should not be further diminished by an additional award for work performed in fee applications." *Savoie v. Merchants Bank*, 166 F.3d 456, 461 (2d Cir. 1999) (citation omitted).

Finally, Appellants argue that the district court failed to consider the reasonableness of its award and misapplied the *Goldberger* factors, in particular, their contributions to the settlement. The district court acknowledged the contributions Appellants made to the settlement process and did not abuse its discretion in awarding fees, reasoning that Appellants' role in the settlement process was limited because they were appointed late in that process. Here, the district court had already awarded a total of $7 million in attorneys' fees for the various lawyers who had worked on the case. The law firms who had participated in the case, with the exception of appellants Cassidy and Smith, had agreed on a plan of distribution of that award as among themselves. The remaining issue beofe the district court, and now before us, was what portion of the award should go to them.

Jonathan and Claudia Haar, class representatives who previously unsuccessfully appealed the settlement, *see Haar v. Allen*, 687 F. App'x 93 (2d Cir. 2017), also filed a pro se appellees' brief in this appeal, although they did not participate in the attorneys' fee litigation in district court and did not appeal the fee award order. The Haars' failure to appeal the district court's order precludes them from challenging it in this Court. *See Pac. Capital Bank, N.A. v. Connecticut*, 542 F.3d 341, 349 (2d Cir. 2008) ("[W]ithout cross-appealing, [an appellee] may not advance a theory that challenges some aspect of the lower court's judgment.").

We have considered the remainder of appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit